1   Yaw-Jiun (Gene) Wu (# 228240)
      gwu@frct.com
2   Melissa M. Coyle (# 232775)
      mcoyle@afrct.com
3   ANGLIN, FLEWELLING, RASMUSSEN,
      CAMPBELL & TRYTTEN LLP
4   199 S. Los Robles Avenue, Suite 600
5   Pasadena, California  91101-2459
    Tel: (626) 535-1900 | Fax: (626) 577-7764
6
7   Attorneys for Defendant
    WELLS FARGO BANK, N.A., successor
8   by merger to Wells Fargo Bank Southwest,
    N.A., f/k/a Wachovia Mortgage, FSB and
9   World Savings Bank, FSB ("Wells Fargo")
    (erroneously sued as "Wells Fargo Bank,
10  National Association, a national bank")

11                    UNITED STATES DISTRICT COURT

12                    CENTRAL DISTRICT OF CALIFORNIA

13

14  TITO AGUIRRE, an individual;            CASE NO.: 2:15-cv-01816

15          Plaintiff,

16      v.                                  **NOTICE OF REMOVAL BY
                                            DEFENDANT WELLS FARGO
17  WELLS FARGO BANK NATIONAL               BANK, N.A., PURSUANT TO 28
    ASSOCIATION, a national bank;           U.S.C. 28 §§ 1441(b) & 1331
18  NDEX WEST, LLC, a Texas Limited         [FEDERAL QUESTION] AND,
    Liability Company; and all persons or   ALTERNATIVELY, § 1332
19  entities unknown claiming any legal or  [DIVERSITY JURISDICTION]**
    equitable right, title, estate, lien or
20  interest in the property described in this
    complaint adverse to Plaintiff's title
21  thereto; and DOES 1 through 25,
    inclusive,
22
23          Defendants.

24

25

26

27

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**TO PLAINTIFF, HIS COUNSEL OF RECORD, THE CLERK OF THE ABOVE-ENTITLED COURT AND THE HONORABLE UNITED STATES DISTRICT JUDGE, AS ASSIGNED:**

**PLEASE TAKE NOTICE** that defendant WELLS FARGO BANK, N.A., successor by merger to Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB and World Savings Bank, FSB ("Wells Fargo") (erroneously sued as "Wells Fargo Bank, National Association, a national bank") hereby provides this Notice of Removal pursuant to U.S.C. §§ 1441(b) & 1331, based on federal question jurisdiction.  As an alternative basis, Notice of Removal is also given based on diversity of citizenship, pursuant to 28 U.S.C. § 1332.  The action is hereby removed to this Court from the state court, as more particularly set forth below.

**1.    THE STATE COURT ACTION.**

On January 28, 2015, plaintiff commenced an action entitled as captioned above, in the Superior Court of the State of California, County of Los Angeles, Case KC067406 (the "State Court Action").  Defendant Wells Fargo did not appear in the State Court Action.  Defendant NDeX West, LLC appeared in the State Court Action only to file its Declaration of Non-Monetary Status ("DNMS") on March 6, 2015 (attached as part of Exhibit B).  A copy of the Complaint is attached hereto as Exhibit A.  Attached collectively hereto as Exhibit B are all other documents in Wells Fargo's possession from the State Court Action.

**2.    JURISDICTION.**

    **A.    FEDERAL QUESTION.**

        **i.    Legal Standard for Removal Under Federal Question Jurisdiction.**

Cases filed in state court may be removed to federal district court where the district courts have original subject matter jurisdiction over the case.  28 U.S.C.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  § 1441(a). District courts "have original jurisdiction of all civil actions arising

2  under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331.

3  "The existence of federal question jurisdiction is ordinarily determined from

4  the face of the complaint." *Sparta Surgical Corp. v. National Ass'n of Sec.*

5  *Dealers, Inc.*, 159 F.3d 1209, 1211 (9th Cir. 1998). Under the well-pleaded

6  complaint rule, a defendant may remove a case to federal court if "the plaintiff's

7  complaint establishes that the case 'arises under' federal law." *Franchise Tax Bd.*

8  *v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983) (emphasis

9  omitted); *see also Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (stating

10 that federal jurisdiction is appropriate when it is presented on the face of

11 plaintiff's well-pleaded complaint); *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th

12 Cir. 1996) (same).

13 A case "arises under" federal law when the complaint "establishes either

14 that federal law creates the cause of action or that the plaintiff's right to relief

15 necessarily depends on resolution of a substantial question of federal law."

16 *Franchise Tax Bd.*, 463 U.S. at 27-28. It is well-established that a single claim

17 over which federal question jurisdiction exists is sufficient for removal. *Exxon*

18 *Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 563 (2005); *City of Chicago*

19 *v. International College of Surgeons*, 522 U.S. 156, 164-66 (1997).

20 Further, district courts have supplemental jurisdiction over related claims.

21 28 U.S.C. § 1367(a) (providing in pertinent part that "in any civil action of which

22 the district courts have original jurisdiction, the district courts shall have

23 supplemental jurisdiction over all other claims that are so related to claims in the

24 action within such original jurisdiction that they form part of the same case or

25 controversy under Article III of the United States Constitution").

26 **ii.** **Plaintiff's Complaint Alleges Federal Law Violations.**

27 This Court has jurisdiction of this case under 28 U.S.C. § 1331 because the

28 action contains allegations of Wells Fargo's purported violation of federal

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

legislation: 12 C.F.R. §1026.36(c) (3)  - and seeks relief thereunder.  In fact, plaintiff bases two entire causes of action solely on Wells Fargo's purported violation of the aforementioned federal statutes.

This Court has jurisdiction of this case under 28 U.S.C. § 1331 because the action contains allegations of Wells Fargo's purported violation of federal legislation: 15 U.S.C. §1692  - the Fair Debt Collection Practices Act, commonly known as "FDCPA" and 15 U.S.C. §1601 and its implementing Regulation Z, 12 C.F.R. § 1026.36(c) – the Truth in Lending Act, commonly known as "TILA" - and seeks relief thereunder.  In fact, plaintiff bases two entire cause of action solely on Wells Fargo's purported violation of the aforementioned federal statutes.

The purported ninth cause of action is expressly about Wells Fargo's alleged violation of TILA.  Plaintiff alleges that "Wells Fargo failed to timely apply the reinstatement amount that Plaintiff attempted to pay to Wells Fargo so that Plaintiff was unable to reinstate the Loan Agreement and bring his loan account out of default." (Comp. ¶115)

The purported tenth cause of action is expressly about Wells Fargo's alleged violation of the FDCPA.  Here, plaintiff claims that Wells Fargo continuously called to collect the debt subsequent to its refusal to allow him to correct his default. (Comp. ¶125)

Thus, federal law applies and claims arising under the laws of the United States, or "Federal questions," are presented, which gives this Court jurisdiction under 28 U.S.C. § 1331 and makes the State Court Action removable to this Court under 28 U.S.C. § 1441(a) and (b).

**3.     DIVERSITY OF CITIZENSHIP.**

**A.     Complete Diversity.**

This Court has jurisdiction of this case under 28 U.S.C. § 1332 because Plaintiff's citizenship and that of Wells Fargo Bank, N.A., is entirely diverse and the amount in controversy exceeds $75,000.00.

i.   **Plaintiff's Citizenship.**

Plaintiff is a California citizen, based on domicile, as he pleads ownership and residency of his home, located at 638 Molinar Avenue, La Puente, California, County of Los Angeles – *i.e.,* the subject property in this action ("Property"). (Comp. ¶¶3, 14).

Further evidence of plaintiff's domicile can be found in the Voluntary Petition for Chapter 7 Bankruptcy, which plaintiff filed in the U.S. Bankruptcy Court for the Central District of California, Case No. 2:14-bk-12319-RN.  (*See* Exhibit C hereto [pertinent portion of the bankruptcy petition].)  In his bankruptcy petition filed on February 6, 2014, plaintiff listed the subject property as his primary address and stated under penalty of perjury that he "has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date . . ." of the petition.  (*Id.* at p. 1–2).

Upon information and belief, plaintiffs in this action reside in California with the intention to remain indefinitely.  "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return."  See e.g., *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. Cal. 2001); *Heinz v. Havelock*, 757 F. Supp. 1076, 1079 (C.D. Cal. 1991) (residence and property ownership is a factor in domicile for diversity jurisdiction); *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("Residence alone is not the equivalent of citizenship, **but the place of residence is prima facie <u>the domicile</u>**."). (emphasis added).

ii.   **Defendant Wells Fargo Bank, N.A. is a Citizen of South Dakota.**

Effective December 31, 2007, World Savings Bank, FSB, changed its name to Wachovia Mortgage, FSB.  (<u>Exh. D</u> [Nov. 19, 2007 OTS Letter].)  Effective November 1, 2009, Wachovia Mortgage, FSB, was converted to Wells Fargo Bank Southwest, N.A., and merged into Wells Fargo Bank, N.A.  (<u>Exh. E</u> [Nov. 1, 2009

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  OCC Certification Letter].)  The citizenship of the surviving entity from a merger,

2  here Wells Fargo Bank, N.A., is used to determine citizenship.  *Meadows v.*

3  *Bicrodyne Corp.*, 785 F.2d 670, 672 (9th Cir. 1986) (using citizenship of surviving

4  entity for diversity).

5  Pursuant to 28 U.S.C. § 1348, defendant Wells Fargo Bank, N.A., as a

6  national banking association, is a citizen of the state where it is "located."  In 2006,

7  the United States Supreme Court, after a thorough examination of the historical

8  versions of § 1348 and the existing case law, held that "a national bank, for § 1348

9  purposes, is a citizen of the State in which its main office, as set forth in its articles

10  of incorporation, is located."  *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306-307

11  (2006).

12  Wells Fargo, with its main office located in Sioux Falls, South Dakota, is a

13  citizen of South Dakota.  Attached hereto as <u>Exhibit F</u> are true and correct copies

14  of the FDIC Profile and the Articles of Association for Wells Fargo Bank, National

15  Association, as issued by the Office of the Comptroller of the Currency,

16  Administrator of National Banks, reflecting that Wells Fargo (at Article II, § 1) has

17  its main office in Sioux Falls, South Dakota.  *Rouse, et al. v. Wachovia Mortgage*,

18  *FSB*, 2014 U.S. App. LEXIS 5704, at *22 (9th Cir. Mar. 27, 2014) (certified for

19  publication) ("under § 1348, a national banking association is a citizen only of the

20  state in which its main office is located."); *Wells Fargo Bank, N.A. v. WMR e-PIN,*

21  *LLC*, 653 F.3d 702, 710 (8th Cir. Sept. 2, 2011);  *Mireles v. Wells Fargo Bank*

22  *N.A.*, 845 F. Supp. 2d 1034, 1059-61 (C.D. Cal. 2012); *DeLeon v. Wells Fargo*

23  *Bank, N.A.*, 729 F. Supp. 2d 1119, 1124 (N.D. Cal. 2010); *Nguyen v. Wells Fargo*

24  *Bank, N.A.*, 749 F. Supp. 2d 1022, 1028 (N.D. Cal. 2010) ("Wells Fargo is a citizen

25  of South Dakota for purposes of diversity.").

26  ### iii.   <u>Defendant NDeX West, LLC's Citizenship.</u>

27  NDeX West is a Delaware LLC ("NDeX"), with its main office in Addison,

28  Texas.  NDeX is 100% owned by BDF Holdings, LP ("BDF LP"), a Delaware

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1   limited partnership.  BDF LP has one general partner, BDF Holdings GP, LLC

2   ("BDF LLC") and two limited partner groups or classes.  BDF LLC is a Delaware

3   limited liability corporation, which is 100% owned by Barrett Daffin Frappier

4   Turner & Engel, LLP, a Texas LLP, whose partners are all individual residents and

5   citizens of Texas.  BDF LP's two limited partner groups or classes are comprised

6   of 7 individuals, all of whom are residents of Texas, and 3 closely-held entities, all

7   of which are citizens of Texas or New Hampshire.  An LLC is treated like a

8   partnership for diversity purposes.  Thus, the Court looks solely at the citizenship

9   of each member or partner of the LLC.  *Carden v. Arkoma Assocs.*, 494 U.S. 185,

10  192-196 (1990); *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899

11  (9th Cir. 1990).  Accordingly, NDeX is a citizen of Delaware, Texas and New

12  Hampshire.  *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899

13  (9th Cir. 2006) (holding that a limited liability company is a citizen of every state

14  where its members are citizens).

15       However, even if NDeX was not a diverse party, "fraudulently joined

16  defendants will not defeat removal on diversity grounds."  *Ritchey v. Upjohn Drug*

17  *Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998).  The citizenship of a fraudulently joined

18  defendant is ignored for purposes of diversity.  *Morris v. Princess Cruises, Inc.*,

19  236 F. 3d 1061, 1067 (9th Cir. 2001).  Fraudulent joinder is conclusive where it is

20  demonstrated that "there is no possibility that the plaintiff will be able to establish

21  a cause of action in State court against the alleged sham defendant."  *Good v.*

22  *Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998).  When

23  testing the applicability of federal diversity jurisdiction, however, the Court is not

24  limited to the four corners of the pleadings.  *West America Corp. v. Vaughan-*

25  *Bassett Furniture Co., Inc.*, 765 F.2d 932, 936 (9th Cir. 1985); *Charlin v. Allstate*

26  *Ins. Co.*, 19 F. Supp. 2d 1137, 1140 (C.D. Cal. 1998) (to ascertain whether a

27  joinder is fraudulent, this Court may "look beyond the pleadings").

28       In the present case, NDeX West is a nominal party that replaced Golden

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

West Savings Association Service Company, the original trustee as named in the deed of trust encumbering the property at issue.  Moreover, NDeX appeared in the State Court Action by filing its Declaration of Non-Monetary Status ("DNMS") on March 6, 2015.  NDeX has no financial interest in the subject property and its involvement with the non-judicial foreclosure is strictly within its ministerial role as the substituted trustee under the deed of trust, which is protected under California law.  *Cabriales v. Aurora Loan Servs*., No. C 10-161, 2010 U.S. Dist. LEXIS 24726, *6-7 (N.D. Cal. Mar. 2, 2010).  "A defendant is a nominal party where his role is limited to that of a stakeholder."  *Hewitt v. Stanton*, 798 F.2d 1230, 1233 (9th Cir. 1986).  ).

In addition, actions related to the foreclosure filings and trustee's sale are privileged, preventing a claim for damages against the trustee.  Cal. Civ. Code § 2924(d) (incorporating Cal. Civ. Code § 47(c)).  This privilege bars any tort claim arising out of the statutorily-required mailing, publication, and delivery of notices in non-judicial foreclosure, and the performance of statutory non-judicial procedures, absent a showing of malice.  *Kachlon v. Markowitz*, 168 Cal. App. 4th 316, 339 (2008).  Plaintiff's complaint pleads no allegations that tie NDeX to the alleged wrongdoing, outside of NDeX's recordation of foreclosure notices as the trustee of record.  Accordingly, NDeX is a nominal party and should not be considered for purposes of diversity.

### iv.   **Summary of Diversity of Citizenship**

As established by the above facts, complete diversity of citizenship exists under 28 U.S.C. § 1332(a), in that plaintiff is a California citizen and Wells Fargo is a citizen of South Dakota.  Defendant NDeX is to be disregarded as a nominal, fraudulently-joined party; however, even if it *were* to be considered in the diversity analysis, it is a citizen of Delaware and Texas.

/ / /

/ / /

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**B.  AMOUNT IN CONTROVERSY**.

Generally, "[t]he amount in controversy is determined from the allegations or prayer of the complaint." *Schwarzer, Tashima & Wagstaffe*, *Fed. Civ. Proc. Before Trial* (2009), ¶2:450 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938), which held that an inability to recover an amount adequate to give the court jurisdiction does not oust the court of jurisdiction). Moreover, "'[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation.' 'If the primary purpose of a lawsuit is to enjoin a bank from selling or transferring property, then the property is the object of the litigation.'" *Reyes v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 113821, at *12-*13 (N.D. Cal. June 29, 2010).

Moreover, where a Complaint seeks to invalidate a loan secured by a deed of trust, the amount in controversy is the loan amount. *Nguyen v. Wells Fargo Bank, N.A.*, 749 F. Supp. 2d 1022, 1028-1029 (N.D. Cal. 2010). In *Nguyen*, plaintiff sought to quiet title by cancelling the deed of trust and note on the property and sought rescission of the $712,000.00 loan. The court held the loan amount, among other things, satisfied the amount in controversy requirement. *Id*. Similarly, in *Taguinod v. World Savs. Bank*, 755 F. Supp. 2d 1064 (C.D. Cal. 2010), the court held the amount in controversy requirement was established because the complaint sought rescission of a loan, the amount of which was shown by the attachment of the promissory note to the removal notice. *Id. at* 1068-1069.

In May 2006, plaintiff obtained a $301,000.00 mortgage loan from World Savings Bank, FSB (Wells Fargo's predecessor in interest), which was memorialized by a promissory note and secured by the Property. (*See* Comp. Exhibit A [Ex. C Deed of Trust].) In the Complaint, plaintiff admits he obtained the loan. (Comp. ¶14). Plaintiff admits to financial difficulty in making his monthly mortgage payments and as a result, he sought mortgage assistance from

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    Wells Fargo. (Comp. ¶15.)

2         Plaintiff brings this lawsuit alleging that although he was provided a

3    reinstatement quote and was told if he made the payment in the allotted time frame,

4    his loan would be reinstated. (Comp. ¶24.) Plaintiff claims he timely made the

5    payment; however, Wells Fargo rejected his payment. (Comp. ¶25.)

6         Plaintiff also alleges violations of Cal. Civ. Code §2923.5 claiming he never

7    received a written statement that he could request documents related to his loan.

8    (Comp. ¶39); Wells Fargo never contacted him by phone to discuss foreclosure

9    alternatives (Comp. ¶40) and Wells Fargo never made any follow-up phone calls.

10   (Comp. ¶41.)

11        Plaintiff further asserts that he was under review for loss mitigation options

12   from July 29, 2010 through August 22, 2014 and during this time Wells Fargo

13   improperly charged him for the statutorily forbidden late fees accrued during the

14   period of loss mitigation attempts and late fees were added onto his unpaid

15   principal balance. (Comp. ¶45.)

16        Plaintiff also brings claims for breach of contract wherein the deed of trust

17   requires Wells Fargo to apply each of the payments due under the loan agreement

18   (Comp. ¶50) and Wells Fargo refused his payments (Comp. ¶54); breach of the

19   implied covenant of good faith and fair dealing wherein Wells Fargo failed to

20   accept the reinstatement payment and proceeded with foreclosure of his property

21   (Comp. ¶72), promissory estoppel for Wells Fargo's refusal to accept his

22   reinstatement payment pursuant to the amount stated in the reinstatement quote

23   (Comp. ¶¶76-79) and violations of Business and Professions Code §17200 for

24   engaging in unfair and fraudulent business practices.  (Comp. ¶¶94-112.)

25        In addition, plaintiff alleges violations of and the Truth in Lending Act for

26   Wells Fargo's failure to timely apply the reinstatement amount that Plaintiff

27   attempted to pay (¶115) and the Fair Debt Collection Practices Act whereby Wells

28   Fargo continuously called to collect the debt subsequent to its refusal to allow him

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1  to correct his default. (¶125.)

2  Based thereon, plaintiff seeks to quiet title and a judicial determination that

3  he is entitled to title in the property and injunctive relief. (Comp. ¶¶42, 131, 133,

4  142; Prayer, ¶¶1-2).  Plaintiff also seeks compensatory, special and punitive

5  damages and pre and post-judgment interest (Prayer, ¶¶3-5, 8).

6  Should plaintiff prevail in this action, he would retain title to the Property

7  without any encumbrances, and permanently enjoin Wells Fargo from taking any

8  action under its secured interest in the Property -- which would result in a loss of,

9  at a minimum, the original principal loan amount of $301,000.00.  Consequently,

10  as in *Nguyen and Taguinod*, the loan amount which plaintiff seeks to extinguish

11  and the value of the Property clearly exceed the $75,000.00 amount in controversy

12  threshold.

13  **4.   TIMELINESS.**

14  This Notice is timely, pursuant to 28 U.S.C. § 1446(b), because Wells Fargo

15  received service of process (*i.e.*, the summons and complaint in the State Court

16  Action) via personal service, on February 10, 2015.   Defendant Wells Fargo has

17  not appeared in the State Court Action.  *Destfino v. Reiswig, et al.,* 630 F.3d 952,

18  956 (9th Cir. Cal. 2011) ("we hold that each defendant is entitled to thirty days to

19  exercise his removal rights after being served").

20  Counsel for the nominal and fraudulently-joined party, NDeX confirms that

21  it also received service of process, via personal service on February 10, 2015 and

22  appeared in the State Court Action on March 6, 2015 to file its DNMS (*See* Exh.

23  B).  Wells Fargo is not required to obtain NDeX's consent to removal because it is

24  a fraudulently-joined defendant.  *Emrich v. Touche Ross & Co.*, 846 F.2d 1190,

25  1193 (9th Cir. 1988) (general requirement of consent does not apply to "nominal,

26  unknown or fraudulently joined parties").  Nonetheless, NDeX consents to the

27  removal of this action and has executed a Consent to Removal of Action which is

28  being filed concurrently herewith.

As no doe defendants have been identified or served at this time, no joinder of unserved defendants is required to perfect removal of the State Court Action. *Salveson v. Western States Bankcard Ass'n.,* 730 F.2d 1423, 1429 (9th Cir. 1984).

**5.**    **INTRADISTRICT ASSIGNMENT.**

This case is being removed to the Central District, Western Division of this Court because the existing State Court Action is pending in the Los Angeles County.

**6.**    **OTHER PERTINENT INFORMATION.**

A.    Pursuant to 28 U.S.C. § 1446(a), defendant Wells Fargo files this Notice in the District Court of the United States for the district and division within which the State Court Action is pending.

B.    Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice and its attachments will promptly be served on plaintiff's counsel in the State Court Action, and notice thereof will be filed with the clerk of the Los Angeles County Superior Court.

WHEREFORE, Defendant Wells Fargo hereby removes Los Angeles County Superior Court Case No. KC067406 to the United States District Court for the Central District of California, Western Division.

Respectfully submitted,

Dated:  March 12, 2015          ANGLIN, FLEWELLING, RASMUSSEN, CAMPBELL & TRYTTEN LLP

By:    */s/ Melissa M. Coyle*
          Melissa M. Coyle
          mcoyle@afrct.com
Attorneys for Defendant
WELLS FARGO BANK, N.A., successor by merger to Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB and World Savings Bank, FSB ("Wells Fargo")

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

EXHIBIT A

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JAN 28 2015

Sherri R. Carter, Executive Officer/Clerk
By Jacqueline Gonzalez, Deputy

CONSUMER LITIGATION LAW CENTER, APC
September J. Katje, Esq., State Bar No. 227896
sk@consumerlitigationlawcenter.com
Jeffrey J. Ogorek, Esq. State Bar No. 285927
jjo@consumerlitigationlawcenter.com
100 North Citrus Ave., Suite 408
West Covina, California 91791
Phone: (800) 787-5616 || Fax: (888) 909-7947

Attorneys for Plaintiff TITO AGUIRRE

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

TITO AGUIRRE, an individual,

        Plaintiff,

    v.

WELLS FARGO BANK, NATIONAL
ASSOCIATION, a National Bank; NDEX
WEST, LLC, a Texas Limited Liability
Company; and all persons or entities
unknown claiming any legal or equitable
right, title, estate, lien or interest in the
property described in this complaint adverse
to Plaintiff's title thereto; and DOES 1
through 25, inclusive,

        Defendants.

Case No.: KC067406

Verified Complaint For:

1. Fraud in Loan Servicing
2. Failure to Engage in Loss Mitigation (Cal. *Civ. Code* § 2923.5)
3. Misapplication of Late Fees During Loan Modification Review (Cal. *Civ. Code* § 2924.11)
4. Breach of Contract
5. Breach of Implied Covenant of Good Faith and Fair Dealing
6. Promissory Estoppel
7. Negligence in Loan Servicing
8. Violation of Cal. *Bus. & Prof. Code* § 17200, et seq. in Loan Servicing
9. Violation of Truth in Lending Act (12 C.F.R. § 1026.36(c))
10. Violation of Fair Debt Collection Practices Act (15 U. S. *Code* § 1962d)
11. Quiet Title
12. Declaratory Relief

And Demand For Jury Trial

Unlimited Jurisdiction

CASE ASSIGNED FOR
ALL PURPOSES TO
JUDGE ROBERT A. DUKES
DEPT. O

VERIFIED COMPLAINT

1   NOW COMES the Plaintiff TITO AGUIRRE ("Plaintiff"), complaining of the Defendants, and

2   each of them, for the following:

3                                          I.

4                                  **INTRODUCTION**

5       1.      This is an action filed for misconduct related to Defendants' wrongful acts and

6   omissions during the loan servicing and foreclosure process on the note and all riders and

7   addendums thereto secured by deed of trust to Plaintiff's primary residence.

8       2.      As described below, Defendants are engaged in unauthorized foreclosure

9   proceedings and have mishandled Plaintiff's applications for loss mitigation assistance. Each of

10  the allegations regarding Defendants contained herein applies to instances in which one or

11  more, and in some cases all, of the Defendants engaged in the conduct alleged herein.

12                                         II.

13                                  **THE PARTIES**

14      3.      Plaintiff TITO AGUIRRE ("Plaintiff") is, and at all times herein mentioned was,

15  a resident of the State of California, County of Los Angeles.  Plaintiff, at all times relevant to

16  this Complaint, was the owner of her primary residence commonly known as 638 Molinar

17  Avenue, La Puente, California 91744 ("Subject Property").[1]

18      4.      WELLS FARGO BANK, NATIONAL ASSOCIATION, a National Bank

19  ("Wells Fargo"), was and is a Commercial Bank whose charter is approved by the Office of the

20  Comptroller of the Currency rather than by a State Banking Department, and is qualified to do

21  business in the state of California as a residential home loan servicer and is the current servicer

22  of the note secured by deed of trust that is the subject of this litigation.  Wells Fargo is the

23  successor-in-interest to Plaintiff's original lender, World Savings Bank, FSB, a Federal Savings

24  Bank ("World Savings"), which Wachovia Corporation ("Wachovia") acquired in October

25

26

27  [1]  Legal Description: Lot 34 of Tract No. 19348, in the City of La Puente, County of Los Angeles, State of
    California, as per map recorded in Book 538, page(s) 32 to 35 inclusive of Maps, in the office of the County
28  recorder of said County.

    APN: 8251-021-020

---

CONSUMER LITIGATION LAW CENTER, APC

2

**VERIFIED COMPLAINT**

2006, which Wells Fargo acquired in turn in October 2008. Plaintiff is also informed, believes, and thereon alleges that Wells Fargo is the current beneficiary of the note and deed of trust that is the subject of this litigation and is also Plaintiff's loan servicer. A true and correct loan statement dated November 17, 2014 identifying Wells Fargo as Plaintiff's servicer is attached hereto as Exhibit "A".

5.     NDEX WEST, LLC, a Texas Limited Liability Company ("NDEX West"), was and is a Texas Limited Liability Company doing business in the state of California and is the current foreclosure trustee of record under the deed of trust that is the subject of this litigation. A true and correct copy of a substitution of trustee recorded on February 25, 2013 replacing Golden West Savings Association Service Co. with NDEX West as the trustee under the deed of trust that is the subject of this litigation is attached hereto as Exhibit "B".

6.     Plaintiff is informed, believes, and thereon alleges that at all times material hereto, all Defendants operated through a common plan and scheme designed to conceal the material facts set forth below from Plaintiff, from the California public, and from regulators, either directly or as successors-in-interest or affiliates of other Defendants. The concealment was completed, ratified and/or confirmed by each Defendant herein, directly or as successor, agent, assignee or affiliate to another Defendant. Each Defendant was a perpetrator of the tortious acts set forth herein for its own monetary gain and as a part of a common plan developed and carried out with the other Defendants, or was a successor-in-interest to a Defendant or entity that did the foregoing.

7.     The Defendants that knowingly participated in the scheme are jointly and severally liable for their acts in devising, directing, knowingly benefitting from and ratifying the wrongful acts of the knowing participants.

8.     Plaintiff is informed, believes, and thereon alleges that Wells Fargo aided and abetted all acts and omissions alleged herein that were committed by NDEX West and by World Savings and Wachovia.

///
///

CONSUMER LITIGATION LAW CENTER, APC

9.      Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 25, inclusive ("Does") and, therefore, sues these Defendants by such fictitious names. Plaintiff will amend his Complaint to allege these Defendants' true names and capacities when ascertained. Plaintiff is informed, believes, and thereon alleges that each of the fictitiously named Defendants are responsible in some manner for the injuries to Plaintiff alleged herein and that such injuries were proximately caused by such Defendants.

### III.

### TENDER IS NOT REQUIRED

10.     Tender of the full outstanding debt is not required. There is no bright-line rule requiring tender of the unpaid debt to set aside a sale. *Storm v. America's Servicing Company* (S.D.Cal. Nov. 6, 2009, No. 09CV1206-IEG (JMA)) 2009 WL 3756629 at *6 fn. 9. ". . . [T]ender is a "matter of discretion left up to the Court." *Id.* at *6. Even if tender were expressly required anywhere, there is no requirement that tender be pled because "at the procedural stage the Court only decides whether the plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly* (2007) 550 U.S. 544, 547.) Further, requiring Plaintiffs to allege tender would affirm the underlying debt and invalidate Plaintiff's claims. See *Onofrio v. Rice* (1997) 55 Cal. App. 4th 413, 424. Plaintiff's claims for fraud and unfair and deceptive acts challenge the underlying debt. In addition, the general equitable exception to the tender rule should be applied as such a requirement would evidence injustice and a hardship. *Humboldt Sav. Bank v. McCleverty* (1911) 161 Cal. 285, 291.

11.     As explained further below, Plaintiff is alleging that the outstanding debt is the product of unfair and deceptive business practices with respect to foreclosure under the deed of trust, and is therefore disputing the debt and need not tender or allege tender at this stage of litigation.

### IV.

### JURISDICTION AND VENUE

12.     This Court has personal jurisdiction over this matter pursuant to the California Constitution, Article XI, Section 10 and California *Code of Civil Procedure* section 410.10

CONSUMER LITIGATION LAW CENTER, APC

4

**VERIFIED COMPLAINT**

1  because Defendants transacted business in this District and committed the acts complained of
2  herein in California.

3      13.     Venue is proper in this District pursuant to California *Code of Civil Procedure*
4  section 395.5 because Defendants entered into the underlying contract with Plaintiff in the
5  above-referenced jurisdiction and the payment obligations are to be performed in the above-
6  referenced District.

7                                    **V.**

8                          **FACTUAL ALLEGATIONS**

9      14.     On or about May 12, 2006, Plaintiff executed a deed of trust and "Adjustable
10 Rate Mortgage Note Pick-A-Payment Loan" ("Loan Agreement").  The deed of trust was
11 recorded in Los Angeles County, California on May 23, 2006 and a true and correct copy of the
12 recorded deed of trust is attached hereto as Exhibit "C".  A true and correct copy of the
13 "Adjustable Rate Mortgage Note Pick-A-Payment Loan" is attached hereto as Exhibit "D".

14     15.     When Plaintiff was three months behind on his payments then due on the Loan
15 Agreement, plus any late fees and charges that had accrued at the time, Plaintiff contacted his
16 servicer Wells Fargo and obtained a quote of the exact dollar amount required to bring the loan
17 current again.

18     16.     Plaintiff had the required cash on hand to bring the loan current, but when he
19 called Wells Fargo again to inquire as to where and how to make the payment to bring the loan
20 current, a Wells Fargo representative told him that Wells Fargo refused to take his payment and
21 that he would have to "get a lawyer."

22     17.     Since then, Plaintiff has fallen further into default because he could not have
23 sufficient funds to bring the loan current when he was more than three months behind on the
24 Loan Agreement after Wells Fargo refused to accept Plaintiff's funds to bring the Loan
25 Agreement current from the amount past due.

26     18.     In the meantime, Wells Fargo has harassed Plaintiff with endless phone calls
27 attempting to collect the debt allegedly due on the Loan Agreement, despite the fact that Wells
28 Fargo in the past refused to let Plaintiff bring the loan current.

CONSUMER LITIGATION LAW CENTER, APC

5
**VERIFIED COMPLAINT**

EXHIBIT A to Notice of Removal
Page 17

19.    Wells Fargo, through NDEX West, recorded a notice of default on the Subject Property on March 13, 2013 ("NOD"). A true and correct copy of the NOD is attached hereto as Exhibit "E".

20.    Wells Fargo, through NDEX West, then recorded a notice of trustee's sale on the Subject Property on June 14, 2013 ("06/14/2013 NTS"). A true and correct copy of the 06/14/2013 NTS is attached hereto as Exhibit "F".

21.    Wells Fargo, through NDEX West, then recorded a notice of trustee's sale on the Subject Property on September 27, 2013 ("09/27/2013 NTS"). A true and correct copy of the 09/27/2013 NTS is attached hereto as Exhibit "G".

### FIRST CAUSE OF ACTION

### FRAUD IN LOAN SERVICING

### (Against Wells Fargo, NDEX West, and Does 1–25)

22.    Plaintiff hereby realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

23.    When Plaintiff was three months in arrears on his monthly payment obligations, he contacted Wells Fargo to inquire about the reinstatement of the subject loan.

24.    Defendants, through Wells Fargo, represented to Plaintiff that if Plaintiff made the full reinstatement amount to Wells Fargo, Plaintiff's account would be brought current.

25.    Plaintiff is informed, believes, and thereon alleges that Wells Fargo's representation was false because when Plaintiff produced the exact dollar amount to Wells Fargo within the operative timeframe in attempt to bring the loan current, Wells Fargo refused to accept Plaintiff's payment without justification and Plaintiff's account remained in default.

26.    Plaintiff is informed, believes, and thereon alleges that Wells Fargo did or had reason to know that the representation was false because Wells Fargo had no intention to accept Plaintiff's reinstatement payment or to reinstate the loan and wanted to instead foreclose on the Subject Property and profit thereby.

/ / /

/ / /

CONSUMER LITIGATION LAW CENTER, APC

6
**VERIFIED COMPLAINT**

27.    Plaintiff is informed, believes, and thereon alleges that, Wells Fargo intended for Plaintiff to rely on their representation made as the loan servicer that Plaintiff's default would be corrected if Plaintiff made the full reinstatement amount because Plaintiff has always made his payments under the Loan Agreement except those which he was excused from performing or prevented from performing based on the acts and omissions of Wells Fargo.

28.    Plaintiff reasonably relied on Wells Fargo's representation as the loan servicer because Plaintiff offered the full reinstatement payment to Wells Fargo.

29.    Plaintiff was injured in his reliance on Wells Fargo's knowingly false representations because Plaintiff is losing his home through foreclosure in reliance on Wells Fargo's representations that Plaintiff would be able to correct the default by making the required reinstatement amount.

30.    As a result of Plaintiff's reliance on Wells Fargo's misrepresentations, Plaintiff has suffered and continues to suffer pecuniary damages due to excessively high mortgage payments, an increasing principal balance, threatened loss of the Subject Property, mounting fees, costs and penalties.

31.    Plaintiff is entitled to actual damages in an amount to be proven at time of trial but not less than the jurisdictional minimum of this Court.

32.    Plaintiff is further entitled to punitive damages to punish and deter Defendants from such outrageous, reckless conduct, and to deter other lenders, servicers, and originators who are likely to commit similarly reckless acts and omissions in the future.

33.    Plaintiff is therefore entitled to such relief as is set forth in this Cause of Action and to such further relief set forth below in the section captioned Prayer for Relief which is by this reference incorporated herein.

/ / /

/ / /

/ / /

/ / /

/ / /

7

**VERIFIED COMPLAINT**

CONSUMER LITIGATION LAW CENTER, APC

## SECOND CAUSE OF ACTION

### FAILURE TO ENGAGE IN LOSS MITIGATION

#### (Cal. *Civ. Code* § 2923.5)

#### (Against Wells Fargo, NDEX West, and Does 1–25)

34.    Plaintiff hereby realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

35.    A mortgage servicer, mortgagee, beneficiary, or authorized agent may not record a notice of default until thirty days after contacting the borrower to discuss loss mitigation options, including advising the borrower of his right to request a subsequent meeting, conducting the subsequent meeting within fourteen days of the request, and providing the borrower with a toll-free number to contact a United States Department of Housing and Urban Development ("HUD") certified counseling agency. Cal. *Civ. Code* § 2923.5(b)(2).

36.    Furthermore, if unable to contact the borrower to discuss the loss mitigation options mentioned above, alternatively, the loan servicer must satisfy various due diligence requirements by providing contact information for a HUD-certified counseling agency, following up by phone three times at different hours and on different days, and following up two weeks later with a certified letter, return receipt requested that also contains the contact information for a HUD-certified counseling agency. Cal. *Civ. Code* § 2923.5(f)(1)–(3). The servicer must also provide a means for the borrower to contact a live representative of the servicer by phone, must post a link on its website with options to avoid foreclosure, must provide a toll-free phone number on its website that the borrower can call to discuss options to avoid foreclosure, and provide a phone number for a HUD-certified housing counseling agency on its website. Cal. *Civ. Code* § 2923.5(f)(4)–(5).

37.    In addition, the servicer may only conduct a trustee's sale after providing the borrower with a statement that the borrower may request counseling at particular agencies if the borrower is a service member or dependent thereof, and after providing the borrower a statement that the borrower may request certain documents related to the borrower's note, deed of trust, and payment history. Cal. *Civ. Code* § 2924.5(b)(1).

8

**VERIFIED COMPLAINT**

EXHIBIT A to Notice of Removal
Page 20

CONSUMER LITIGATION LAW CENTER, APC

38.     Plaintiff is informed, believes, and thereon alleges that he never received a written statement regarding counseling and options to avoid foreclosures for service members or their dependents from Wells Fargo.

39.     Plaintiff is informed, believes, and thereon alleges that he never received a written statement that he could request documents related to his loan, deed of trust, and payment history from Wells Fargo.

40.     Plaintiff is informed, believes, and thereon alleges that Wells Fargo never contacted him by phone to discuss options to avoid foreclosure and never informed him of his right to request any subsequent meeting.

41.     Plaintiff is informed, believes, and thereon alleges that he never received any follow up phone call from Wells Fargo—let alone on three different days.

42.     Plaintiff is therefore entitled to injunctive relief under *Civil Code* section 2924.12 (a) enjoin any trustee's sale scheduled on the Subject Property pending unresolved issues addressed herein, entitled to the greater of treble damages or statutory damages of fifty thousand dollars ($50,000.00) under *Civil Code* section 2924.12(b) should defendants actually sell the Subject Property at a trustee's sale, and such further relief as set forth in the section captioned Prayer for Relief which is by this reference incorporated herein in an amount no less than the jurisdictional minimum of this Court.

### THIRD CAUSE OF ACTION

### MISAPPLICATION OF LATE FEES DURING A LOAN MODIFICATION REVIEW

### (Cal. *Civ. Code* § 2924.11)

### (Against Wells Fargo, NDEX West, and Does 1–25)

43.     Plaintiff hereby realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

44.     The mortgage servicer is strictly prohibited to collect any late fees for periods during which a complete first lien loan modification application is under consideration or a foreclosure prevention alternative is being evaluated or exercised under *Civil Code* section 2924.11(f).

CONSUMER LITIGATION LAW CENTER, APC

9

**VERIFIED COMPLAINT**

45.     As stated in Defendants' own records, the subject loan had been under review for loss mitigation options from July 29, 2010 through August 22, 2014.  Plaintiff is therefore informed, believes, and thereon alleges that Defendants improperly charged Plaintiff for the statutorily forbidden late fees accrued during the periods of loss mitigation attempts, and such late fees were added onto Plaintiff's unpaid principal balance.

46.     Plaintiff is therefore entitled to a removal of the charges of misapplied late fees from his unpaid principal balance.

47.     Plaintiff is further entitled to injunctive relief under *Civil Code* section 2924.12 to (a) enjoin any trustee's sale scheduled on the Subject Property pending unresolved issues addressed herein, entitled to the greater of treble damages or statutory damages of fifty thousand dollars ($50,000.00) under *Civil Code* section 2924.12(b) should defendants actually sell the Subject Property at a trustee's sale, and such further relief as set forth in the section captioned Prayer for Relief which is by this reference incorporated herein in an amount no less than the jurisdictional minimum of this Court.

## FOURTH CAUSE OF ACTION

### BREACH OF CONTRACT

### (Against Wells Fargo, NDEX West, and Does 1–25)

48.     Plaintiff hereby realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

49.     Plaintiff and Defendants entered into a contract, the Deed of Trust, on May 12, 2006.  A true and correct copy of the "Deed of Trust dated May 12, 2006" is attached hereto as Exhibit "C".

50.     Pursuant to Covenants III of the Deed of Trust, Defendants must apply each of Plaintiff's payments to pay the amounts due, principal due, or late charges due under the Loan Agreement.

51.     Plaintiff requested a reinstatement quote from Defendants when he was three month behind in payments.

/ / /

**VERIFIED COMPLAINT**

CONSUMER LITIGATION LAW CENTER, APC

CONSUMER LITIGATION LAW CENTER, APC

52.     Plaintiff is informed, believes, and thereon alleges that Defendants supplied the requested reinstatement amount to Plaintiff.

53.     Plaintiff prepared the exact required funds and offered timely to Defendants in attempt to correct the default.

54.     Plaintiff is informed, believes, and thereon alleges that Defendants refused to accept Plaintiff's timely reinstatement payment.

55.     Plaintiff has substantially performed his obligations in accordance with the Deed of Trust until he experienced temporary financial stress by missing three payments. However, he immediately attempted to remedy the default in good faith by requesting to reinstate the loan with the full required amount.

56.     In contrast, Defendants provided Plaintiff with a reinstatement quote knowing Plaintiff intended to make the required payment and bring the loan current, yet failed to accept Plaintiff's reinstatement payment with no good cause.

57.     Plaintiff was unable to make the reinstatement payment, thereby excused him from performing pursuant to the Deed of Trust, when Defendants refused to take the payment, requiring the loan to go further into default.

58.     No notice of default was recorded at the time Plaintiff offered the full reinstatement payment.

59.     Plaintiff is informed, believes, and thereon alleges that no foreclosure action was initiated by Defendants at the time when Defendants refused to take Plaintiff's payment to reinstate the loan.

60.     In accordance with the explicit terms of the Deed of Trust, Defendants were obligated to accept each payment made by Plaintiff and further apply such payment onto the subject loan for the purpose of paying off the underlying debt.

61.     Plaintiff is therefore informed, believes, and thereon alleges that Defendants' failure to accept Plaintiff's payment in 2012 without justification and further apply the amounts due, principal due, and late charges in order to bring the loan current is a direct breach of contract.

62. Due to Defendants' breach, Plaintiff has suffered and continues to suffer pecuniary damages due to excessively high mortgage payments, an increasing principal balance, threatened loss of the Subject Property, mounting fees, costs and penalties.

63. Plaintiff is entitled to general and special damages in an amount to be proven at time of trial but not less than the jurisdictional minimum of this Court.

64. Plaintiff is further entitled to such relief as is set forth in this Cause of Action and to such further relief set forth below in the section captioned Prayer for Relief which is by this reference incorporated herein.

## FIFTH CAUSE OF ACTION

## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

### (Against Wells Fargo, NDEX West, and Does 1–25)

65. Plaintiff hereby realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

66. Plaintiff and Defendants entered into a deed of trust on May 12, 2006.

67. California law implies a covenant of good faith and fair dealing beyond the express terms of a written agreement in all contracts.

68. The covenant provides that the parties to a contract are bound not only by the express covenants of the agreement, but also by the implied covenant of good faith and fair dealing. The covenant of good faith and fair dealing is further implied in every contract to prevent one party from unfairly frustrating the other party's rights to the benefits of the agreement.

69. At all times, Plaintiff acted in good faith in attempt to bring the Loan Agreement current when he approached Defendants requesting for a reinstatement quote.

70. At all times, Plaintiff was able, ready, and willing to make the reinstatement payment in full when he was merely three months behind.

71. Plaintiff is informed, believes, and thereon alleges that Defendants failed to accept Plaintiff's payment in good faith when Plaintiff produced the required amount to reinstate the loan.

EXHIBIT A to Notice of Removal
Page 24

72.     Plaintiff is informed, believes, and thereon alleges that Defendants further continued to fail to act in good faith as it proceeded with foreclosure of the Subject Property when the loan could have been brought current had Defendants accepted Plaintiff's reinstatement payment in 2012.

73.     As a result of the actions of Defendants set forth hereinabove, Plaintiff is entitled to general and special damages in an amount to be proven at time of trial but not less than the jurisdictional minimum of this Court.

74.     Plaintiff is further entitled to such relief as is set forth in this Cause of Action and to such further relief set forth below in the section captioned Prayer for Relief which is by this reference incorporated herein.

## SIXTH CAUSE OF ACTION

### PROMISSORY ESTOPPEL

### (Against Wells Fargo, NDEX West, and Does 1–25)

75.     Plaintiff hereby realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

76.     In 2012, when Plaintiff was merely three months in arrears, Plaintiff requested from Defendants, through Wells Fargo, a reinstatement quote that would bring the Loan Agreement current.

77.     Plaintiff is informed, believes, and thereon alleges that Wells Fargo in turn responded to Plaintiff with a reinstatement amount providing that once Plaintiff made the full amount required within the applicable period Defendants would take the account out of default status.

78.     Wells Fargo's representation was clear and unambiguous that the subject loan would be brought current if Plaintiff made the required reinstatement amount.

79.     In reliance on Wells Fargo's representation, Plaintiff made the exact amount required for a reinstatement.  However, Wells Fargo refused to take the payment and further refuse to reinstate the loan.

/ / /

13

**VERIFIED COMPLAINT**

CONSUMER LITIGATION LAW CENTER, APC

80.    Plaintiff reasonably relied on Wells Fargo's promise because he wanted to correct the default and keep his home.  Plaintiff's reliance was also foreseeable because Defendants are Plaintiff's loan servicer.

81.    Plaintiff is informed, believes, and thereon alleges that Wells Fargo breached that promise by refusing to accept Plaintiff's payment and further failing to apply the payment onto the amount due.

82.    As a direct and proximate result of Wells Fargo's failure to perform according to their representation, Plaintiff has been damaged in that the loan is further in default due to accrued interests and late fees.  He is also now facing loss of his home through foreclosure that he would not be facing had Wells Fargo honored their promise.

83.    Plaintiff is entitled to injunctive relief enjoining any trustee's sale scheduled on the Subject Property to avoid injustice, to general and special damages a result of Wells Fargo's breach of its promise, and such relief as is set forth in this Cause of Action and to such further relief set forth below in the section captioned Prayer for Relief which is by this reference incorporated herein.

## SEVENTH CAUSE OF ACTION

### NEGLIGENCE IN LOAN SERVICING

#### (Against Wells Fargo, NDEX West, and Does 1–25)

84.    Plaintiff hereby realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

85.    Plaintiff is informed, believes, and thereon alleges that Wells Fargo and NDex West had a contractual duty to exercise reasonable care and skill as the servicers and foreclosure trustees of the Loan Agreement or the successors thereto.

86.    Defendants breached their duty to Plaintiff when Defendants failed to accept Plaintiff's timely payment for a reinstatement.

87.    Defendants breached their duty when they improperly applied late fees during a loan modification review.

/ / /

14

**VERIFIED COMPLAINT**

CONSUMER LITIGATION LAW CENTER, APC

88.     The harm that Plaintiff suffered was reasonably foreseeable to Defendants in that their failure to accept the reinstatement payment from Plaintiff in avoidance of the eventual foreclosure directly resulted in Plaintiff's loss of his home.

89.     The acts and omissions of Defendants were both the actual and proximate cause of Plaintiff's injury because, but for Defendants wrongfully refusing to accept Plaintiff's timely reinstatement payment, Plaintiff would have been able to correct the default, bring the account current.  Moreover, Plaintiff would not have suffered the extreme emotional distress of facing loss of his home.

90.     Plaintiff is therefore entitled to general and special damages in an amount to be proven at time of trial, but in any event no less than the jurisdictional minimum of this Court.

91.     Plaintiff is further entitled to such relief as is set forth in this Cause of Action and to such further relief set forth below in the section captioned Prayer for Relief which is by this reference incorporated herein.

## EIGHTH CAUSE OF ACTION

## VIOLATION OF *BUS. & PROF. CODE* §§ 17200, ET ESQ. IN LOAN SERVICING

### (Against Wells Fargo, NDEX West, and Does 1–25)

92.     Plaintiff hereby realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

93.     California *Business & Professions Code* section 17200, California's Unfair Competition Law ("UCL"), prohibits "any unlawful, unfair or fraudulent business act or practice." Cal. *Bus. & Prof. Code* § 17200 (emphasis added). The code section is written in the disjunctive, and thus requires that only one prong is satisfied in order to find liability. *Cel-Tech Comm., Inc. v. Los Angeles Cellular Tel. Co.* (1999) 20 Cal.4th 163, 180.

94.     **Unlawful:** "The 'unlawful' practices prohibited by section 17200 are any practices forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made." *Saunders v. Superior Court* (1994) 27 Cal.App.4th 832, 838–39 (emphasis added).  These predicate unlawful business acts and practices include, but are not limited to, *Civil Code* section 1710 (negligent misrepresentation) and 15 U. S. *Code* section

EXHIBIT A to Notice of Removal
Page 27

CONSUMER LITIGATION LAW CENTER, APC

1962d (unlawful debt collection practices). A violation of any of these underlying laws is a *per se* violation of section 17200.

95.     Plaintiff is informed, believes, and thereon alleges that Defendants, and each of them, made a misleading and false representation to Plaintiff associated with the reinstatement of the Loan Agreement.

96.     Plaintiff is further informed, believes, and thereon alleges that Defendants, and each of them, failed to accept Plaintiff's reinstatement payment timely and ultimately resulted in Plaintiff's predicament of losing his home.

97.     Plaintiff is further informed, believes, and thereon alleges that Defendants, and each of them, repeatedly and continuously made harassing phone calls to Plaintiff to collect the debt after Defendants failed to honor to reinstate the loan.

98.     Plaintiff is further informed, believes, and thereon alleges that Defendants, and each of them, improperly applied late fees onto Plaintiff's loan during loan modification review(s) as prohibited by *Civil Code* section 2924.11(f).

99.     Plaintiff is further informed, believes, and thereon alleges that Defendants, and each of them, violated their duty of care to Plaintiff as they did not act in good faith in relation to Plaintiff's loan servicing.

100.    Finally, because Defendants wrongfully and unlawfully deceived Plaintiff into changing position to his financial detriment, Plaintiff is now in the process of a foreclosure sale.

101.    **Unfair:** "[A]n unfair business practice occurs when it offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to the consumer." *People v. Casa Blanca Convalescent Homes Inc.* (1984) 159 Cal.App.3d 509, 530. Furthermore, the "unfair" standard is intentionally broad and allows courts maximum discretion to prohibit new schemes to defraud. *Motors, Inc. v. Times Mirror Co.* (1980) 102 Cal.App.3d 735, 740. Finally, because section 17200 is disjunctive, practices that may be lawful may nevertheless be unfair. *Id.*

/ / /

/ / /

16

**VERIFIED COMPLAINT**

102.   Defendants, and each of them, engaged in unfair business practices by refusing to accept Plaintiff's reinstatement payment in a timely manner and thus resulted in the eventual foreclosure of the Subject Property.

103.   As alleged hereinabove, when Plaintiff had an opportunity to correct his default, Defendants did nothing to relieve Plaintiff, refused to take the full back payments, and now refuse to postpone a pending trustee's sale even though Plaintiff was able, ready and willing to bring the loan current in 2012. Therefore, a trustee's sale cannot take place at this time.

104.   Instead of engaging in good faith loss mitigation assistance as required by law, Defendants have still maintained foreclosure proceedings on the Subject Property and wrongfully refused to postpone the trustee's sale. Defendants' unfair practices further include:

    a.   charging excessive or improper fees for default-related services;

    b.   unreasonably making incessant phone calls to Plaintiff to collect a debt with intent to harass the Plaintiff;

    c.   failing to bring the Loan Agreement current when Plaintiff offered the full reinstatement payment amount;

    d.   failing to work with Plaintiff in good faith so that Defendants could bring the loan current and ultimately avoid the foreclosure of the Subject Property.

105.   Defendants' unfair practices in servicing Plaintiff's loan violate public policy favoring home preservation of the borrowers.

106.   **Fraudulent**:  A business practice is fraudulent under *Business and Professions Code* section 17200 if "members of the public are likely to be deceived." *Committee on Children's Television v. General Foods Corp.* (2002) 35 Cal.3d 197, 211. Furthermore, even lawful contract terms presented in a deceptive manner are fraudulent under section 17200. *Boschma v. Home Loan Ctr., Inc.* (2011) 198 Cal.App.4th 230, 253. Such fraudulent practices do not require the plaintiff show actual deception, reliance, or damages. *Committee on Children's Television v. General Foods Corp., supra*, 35 Cal.3d at 211. Defendants' acts and

EXHIBIT A to Notice of Removal
Page 29

1    omissions, as alleged herein, were likely to deceive members of the public and, in fact, did

2    deceive Plaintiff.

3         107.    Defendants' fraudulent business practices included, but were not limited to:

4              a.    providing false or misleading information in response to inquiries;

5              b.    providing false or misleading information to Plaintiff;

6              c.    refusing to accept the reinstatement payment from Plaintiff when the

7                    amount was full and accurate;

8              d.    continuing with foreclosure proceedings while Plaintiff was in good faith

9                    actively pursuing a loss mitigation alternative offered by Defendants.

10        108.    Defendants' unlawful, unfair, and fraudulent business practices present a

11   continuing threat of deception to both Plaintiff and members of the public at large as alleged

12   herein. Plaintiff and other members of the general public have no other adequate remedy at law

13   that will prevent Defendants' misconduct as alleged herein from occurring, and reoccurring, in

14   the future to both Plaintiff and members of the general public.

15        109.    As a direct and proximate result of Defendants' unlawful, unfair, and fraudulent

16   business practices alleged herein, Plaintiff has suffered extensive pecuniary damages as alleged

17   herein as well as threatened loss of the Subject Property.

18        110.    As a result of Plaintiff's reliance on Defendants' misrepresentations, Plaintiff has

19   suffered and continues to suffer pecuniary damages due to excessively high mortgage payments,

20   fees, and costs, and loss of all value and equity in the Subject Property, in an amount to be

21   proven at time of trial but no less than the jurisdictional minimum of this Court.

22        111.    Plaintiff is therefore entitled to restitution of sums paid into the Loan Agreement.

23        112.    Plaintiff is further entitled to enjoin any trustee's sale scheduled on the Subject

24   Property, and such further relief as is set forth in this Cause of Action and to such further relief

25   set forth below in the section captioned Prayer for Relief which is by this reference incorporated

26   herein.

27   / / /

28   / / /

CONSUMER LITIGATION LAW CENTER, APC

18

**VERIFIED COMPLAINT**

## NINTH CAUSE OF ACTION

### VIOLATION OF TRUTH IN LENDING ACT

### (12 C.F.R. § 1026.36(c))

#### (Against Wells Fargo, NDEX West, and Does 1–25)

113. Plaintiff hereby realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

114. Under the Truth in Lending Act ("TILA") as codified at 12 C.F.R. 1026.36(c), a loan servicer must not fail to credit a payment to a consumer's loan account as of the date of receipt and must not impose a late fee on a consumer in connection with a payment with the payment is a fully payment for the applicable period and is paid on its due date or within any applicable grace period.

115. Defendants failed to timely apply the reinstatement amount that Plaintiff attempted to pay to Defendants so that Plaintiff was unable to reinstate the Loan Agreement and bring his loan account out of default.

116. Plaintiff is informed, believes, and thereon alleges that Defendants imposed improper late fees during the period when Plaintiff was under review for one or more loan modifications.

117. Plaintiff is therefore informed, believes, and thereon alleges that Defendants' imposition of late fees during the period when a loan modification review was undertaken is a direct violation of 12 C.F.R. 1026.36(c).

118. Defendants are liable to Plaintiff under Truth in Lending Act, 15 U. S. C. § 1640 for actual damages.

119. Defendants are liable to Plaintiff under Truth in Lending Act, 15 U. S. C. § 1640 for statutory damages, not less than $200 or greater than $2000.

120. Defendants are liable to Plaintiff under Truth in Lending Act, 15 U. S. C. § 1640 for court costs and attorney's fees.

/ / /

/ / /

EXHIBIT A to Notice of Removal
Page 31

## TENTH CAUSE OF ACTION

### VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

### (15 U. S. *Code* § 1692d)

### (Against Wells Fargo, NDEX West, and Does 1–25)

121.   Plaintiff hereby realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

122.   Plaintiff is a "consumer" within the meaning of 15 U. S. *Code* section 1962a(3) and bring this cause of action pursuant to 15 U. S. *Code* section 1962d.

123.   Defendants is a "debt collector" within the meaning of 15 U. S. *Code* section 1692a(6)(A).

124.   Pursuant to 15 U. S. *Code* section 1692d (5), a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

125.   Plaintiff is informed, believes, and thereon alleges that Defendants' repeated and continuous calls to the Plaintiff to collect the debt with intent to annoy, abuse, or harass Plaintiff subsequent to Defendants' unreasonable refusal to allow Plaintiff to correct his default is a direct violation of 15 U. S. *Code* section 1692d(5).

126.   Defendants are liable to Plaintiff under Fair Debt Collection Practices Act, 15 U. S. C. § 1692k for actual damages.

127.   Defendants are liable to Plaintiff under Fair Debt Collection Practices Act, 15 U. S. C. § 1692k for statutory damages up to $1,000.00 per violation of FDCPA.

128.   Defendants are liable to Plaintiff under Fair Debt Collection Practices Act, 15 U. S. C. § 1692k for reasonable costs and attorney's fees.

/ / /

/ / /

/ / /

/ / /

/ / /

20
**VERIFIED COMPLAINT**

CONSUMER LITIGATION LAW CENTER, APC

### ELEVENTH CAUSE OF ACTION

### QUIET TITLE

### (Cal. *Code Civ. Proc.* § 760.020)

### (Against Wells Fargo, NDEX West, and All Persons Unknown, Claiming

### Any Legal Or Equitable Right, Title, Estate, Lien, Or Interest In The

### Property Described In The Complaint Adverse To Plaintiff's Title Or Any

### Cloud On Plaintiff's Title Thereto, and Does 1–25)

129. Plaintiff hereby realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

130. Plaintiff is the legal owners of the Subject Property that is commonly known as 638 Molinar Avenue, La Puente, California 91744[2] ("Subject Property").

131. Plaintiff seeks to quiet title as of March 13, 2013, the date the NOD was recorded on the Subject Property.

132. Plaintiff seeks to quiet title against the claims of all Defendants named in this Complaint and anyone else claiming interest in the Subject Property. Defendants and any successors or assignees have no right to title or interest in the Subject Property and no right to entertain any such rights of ownership including the right of possession.

133. Plaintiff seeks a judicial declaration that the title to the Subject Property is vested in Plaintiff alone as the title owner of the Subject Property, and that Defendants and each of them be declared to have no estate, right, title, or interest in the Subject Property, and that Defendants, their agents, and assigns, be forever enjoined from asserting any estate, right, title or interest in the Subject Property.

---

[2] Legal Description: Lot 34 of Tract No. 19348, in the City of La Puente, County of Los Angeles, State of California, as per map recorded in Book 538, page(s) 32 to 35 inclusive of Maps, in the office of the County recorder of said County.

APN: 8251-021-020

---

21

**VERIFIED COMPLAINT**

*CONSUMER LITIGATION LAW CENTER, APC*

134.     As Defendants do not have any legal ownership or interest in the Subject Property to conduct any sale through foreclosure on the Subject Property.  Therefore, Plaintiff still has title to the Subject Property and title should be vested in Plaintiff's name alone.

135.     Tender of the full outstanding debt is not required.  There is no bright-line rule requiring tender of the unpaid debt to set aside a sale. *Storm* v. *America's Servicing Company* (S.D.Cal. Nov. 6, 2009, No. 09CV1206-IEG (JMA)) 2009 WL 3756629 at *6 fn. 9.  ". . . [T]ender is a "matter of discretion left up to the Court." *Id.*; at *6.  Even if tender were expressly required anywhere, there is no requirement that tender be pled because "at the procedural stage the Court only decides whether the plaintiff has pleaded "enough facts to state a claim to relief that is plausible on its face." *Id.*; (quoting *Bell Atl. Corp.* v. *Twombly* (2007) 550 U.S. 544, 547).  Further, requiring Plaintiff to allege tender would affirm the underlying debt and invalidate Plaintiff's claims. *See Onofrio v. Rice* (1997) 55 Cal. App. 4th 413, 424.  Plaintiff's claims for fraud and unfair and deceptive acts challenge the underlying debt.  In addition, the general equitable exception to the tender rule should be applied as such a requirement would evidence injustice and a hardship. *Humboldt Sav. Bank v. McCleverty* (1911) 161 Cal. 285, 291.

136.     A borrower is also not required to allege tender because it would be a financial bar to most borrower's claims. *Multani v. Witkin & Neal*, 215 Cal.App.4th 1428, 1454–1455 (2013).  Tender is also not required where, as here, the borrower is attacking the validity of the foreclosure sale as void. *Pfeifer v. Countrywide Home Loans* (2012) 211 Cal.App.4th 1250, 1280.  Finally, tender is also not required where a borrower is attacking the validity of a foreclosure sale **before** it has occurred. *Barrionuevo v. Chase Bank* (N.D. Cal. 2012) 885 F.Supp.2d 964, 969 (applying California law).

137.     Accordingly, the Court should rule that title to the Subject Property be vested in Plaintiff's name alone and award consequential damages in an amount to be proven at trial.

/ / /

/ / /

/ / /

EXHIBIT A to Notice of Removal
Page 34

CONSUMER LITIGATION LAW CENTER, APC

**TWELFTH CAUSE OF ACTION**

**DECLARATORY RELIEF**

**(Cal. *Code Civ. Proc.* § 1060)**

**((Against Wells Fargo, NDEX West, and Does 1–25)**

138. Plaintiff hereby realleges and incorporates by reference all preceding paragraphs as though fully set forth herein.

139. An actual controversy has arisen and now exists between Plaintiff and Defendants concerning their respective rights and duties regarding Defendants' authority to foreclosure on the Subject Property.

140. These disputes concern, but are not limited to, the ownership rights to the Subject Property, the validity of the foreclosure process, and the validity of the trustee's sale.

141. Plaintiff is informed, believes, and thereon alleges that Defendants dispute Plaintiff's position as alleged herein and take the contrary position that they do in fact have the legal right and authority to foreclose on the Subject Property at this time.

142. As a result of said dispute, Plaintiff requests a judicial determination of the rights, obligations, and interest of the parties as to the Subject Property, the foreclosure process, and the trustee's sale, and such determination is necessary and appropriate at this time, and under these circumstances, so that all parties may ascertain and know their rights, obligations, and interest in the Subject Property.

143. As a result of Defendants' wrongful foreclosure proceedings and refusal to postpone the trustee's sale now set on the Subject Property, Plaintiff has sustained great and irreparable injury through threatened loss of the Subject Property. Plaintiff cannot obtain adequate relief from money damages because real property is unique; thus, Plaintiff lacks an adequate remedy at law.

/ / /

/ / /

/ / /

/ / /

**VERIFIED COMPLAINT**

EXHIBIT A to Notice of Removal
Page 35

CONSUMER LITIGATION LAW CENTER, APC

## VI.

### PRAYER FOR RELIEF

WHEREFORE. Plaintiff prays for judgment against the Defendants. and each of them. as follows:

1. To enjoin any trustee's sale of the Subject Property scheduled while the instant litigation is pending;

2. For injunctive refliel;

3. For compensatory damages awarded according to proof;

4. For special damages according to proof;

5. For punitive damages sufficient to punish the Defendants and act as a deterrent to others;

6. For all applicable statutory damages;

7. For attorney's fees and costs of suit incurred herein;

8. For pre- and post-judgment interest thereon; and

9. For such other and further relief as the court deems just and proper.

Dated: January 28. 2015

CONSUMER LITIGATION LAW CENTER, APC

By: _____

September J. Katje. Esq.
Jeffrey J. Ogopek. Esq.
Attorneys for Plaintiff.
TITO AGUIRRE

**VERIFIED COMPLAINT**

EXHIBIT A to Notice of Removal
Page 36

## VERIFICATION

I, Tito Aguirre, am the Plaintiff in this action. I have read the Verified Complaint and the facts and allegations contained therein are true to the best of my knowledge, except as to those matters stated on information and belief, and, as to those matters, I believe them also to be true.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed at La Puente, California on January 28, 2015.

_____
Tito Aguirre

CONSUMER LITIGATION LAW CENTER, APC

25
**VERIFIED COMPLAINT**

Page 1 of 4

**Loan Statement**

WELLS FARGO HOME MORTGAGE

Your loan has been referred to foreclosure. The amount to bring it current may vary daily; prior to sending funds, call us for a reinstatement or payoff quote. This does not change a sale date that may be scheduled.

**Customer Service**

| | |
|---|---|
| Telephone: | 1-800-282-3458 |
| Hours of operation: | Monday - Friday 7am - 8pm CST |
| | Saturday 8am - 5pm CST |
| Online: | wellsfargo.com |

| | |
|---|---|
| Property address: | 638 MOLINAR AVE |
| | LA PUENTE    CA 91746-4046 |
| Loan number: | 0042956367 |
| Payment due date: | 12/01/14 |
| Statement date: | 11/17/14 |

MGDLLSDTYV 012427

#CONSUMER LITIGATION LAW GROUP
100 N CITRUS ST STE 460
WEST COVINA    CA 91791

## 1. Payment options

Select your option on the payment coupon below. Please see choosing your payment options on reverse side for explanation.

**PAYMENT OPTIONS DO NOT APPLY**

## 2. Current payment explanation

| Payment options | |
|---|---|
| Interest due | 1,220.31 |
| Deferred interest+ | 0.00 |
| Principal paid | 182.96 |
| Escrow | 225.76 |
| Optional product(s) | 0.00 |
| Current payment | 1,629.03 |
| Total past due | 41,482.19 |
| **Total payment** | **43,111.22** |

| Past due amount | Late charges/ fees due | Total past due | Total outstanding deferred interest+ | Current interest rate |
|---|---|---|---|---|
| 40,725.75 | 756.44 | 41,482.19 | | 5.900 |

+See explanation of deferred interest on reverse side under *choosing your payment options.*

## 3. Year-to-date

| Total received* | | Escrow disbursements | |
|---|---|---|---|
| | 274.62 | Taxes | |
| Principal | | | 1,082.50 |
| | 0.00 | Additional assessments | |
| Interest | | | 0.00 |
| | 0.00 | Homeowners insurance | |
| Late charges/ fees | | | 379.00 |
| | 0.00 | | |
| Escrow | | | |
| | 274.62 | | |
| Optional products | | | |
| | 0.00 | | |
| Advance | | | |
| | 0.00 | | |

*This total may include the Unapplied funds balance from the balance summary displayed below.

## 4. Transaction activity

| Date | Description | Total | Principal | Interest paid | Escrow | Optional insurance | Late charges/ other fees | Unapplied funds |
|---|---|---|---|---|---|---|---|---|

## 5. Important messages

| | | |
|---|---|---|
| Unpaid principal bal   252,493.40 | Unpaid second principal bal   5,266.66 | |
| Escrow bal  -3,883.52 | Unapplied funds bal   0.00 | Unpaid adv bal   3,304.75 |

**wellsfargo.com**

Maturity date 08/2049

Your loan is 025 payment(s) past due. Your oldest payment was due 11/01/12.
********If you are having difficulties making your mortgage payments, we encourage you to contact Wells Fargo at 1-888-345-1354. Some of our payment plans may pleasantly surprise you. If your payment has already been made, please disregard this message.

*Please detach and return with your payment.*

0000042956367000162903004311122004318138000000000000000000000000000000124277

| | |
|---|---|
| Loan number:  0042956367 | |
| Name: TITO AGUIRRE | |

Payment due date:    12/01/14

- Minimum payment    $43,111.22

Payment amount: _____

Additional amount to go to principal/deferred interest: _____

Total amount enclosed: _____

**WELLS FARGO HOME MORTGAGE**
PO Box 60505
City of Industry CA 91716-0505

For change of address or phone number, check the box and enter new information on reverse side.

Page 2 of 4

### Make Wells Fargo your first choice

**Thinking of buying a new home or refinancing your mortgage?**

Stop by the Wells Fargo Home Mortgage
Store in your area or call                           1-888-261-5490

**Wells Fargo also offers**

| | |
|---|---|
| Checking, savings, CDs | 1-800-869-3557 |
| Home Rebate Credit Card | 1-800-932-6736 |
| Home equity loans and lines of credit | 1-888-237-0186 |
| Homeowners insurance | 1-866-444-0479 |
| Disaster recovery plan insurance | 1-800-234-7354 |
| Home warranty | 1-888-247-4777 |
| Student loans | 1-888-511-7304 |
| Past-due payment arrangements | 1-800-282-3451 |
| Identity theft protection | 1-877-247-9912 |

### Correspondence address

P.O. Box 10335
Des Moines, IA 50306
Fax: 1-855-519-3481

### Important information

If you send your payment to any other location, it may cause a processing delay. When you provide a check as payment, you authorize us either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction. When we use information from your check to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day we receive your payment, and you will not receive your check back from your financial institution. If your mortgage check does not clear upon initial presentment, your bank may charge a fee and we may attempt to withdraw funds from your account electronically up to a maximum of three times. If we are not able to successfully collect these funds, the check amount will be reversed from your loan.

### Choosing your payment options

This section explains the payment options listed on your billing statement.[a] These options provide you with flexibility in managing your monthly expenses.

1)  **Minimum payment:** Covers the minimum amount due monthly[1].

2)  **Interest only:** Pays your interest but does not reduce your loan balance. Covers only the minimum payment plus all regular monthly interest due.

3)  **Scheduled principal and interest:** Reduces your loan balance and saves you money on taxes, because the interest you pay can be tax deductible (Consult your tax advisor). Includes interest and principal to pay off your loan within its scheduled term.

4)  **15-year payment plan:** Includes all interest due and enough principal to pay off your loan within a 15-year term.

[1] **Deferred interest:** with many of our loans, when you choose to pay the minimum amount, your payment may not cover the total interest due. The unpaid portion — called deferred interest — is added to your loan balance and incurs interest at the same rate as your loan. You can avoid deferred interest by choosing payment option 2, 3, or 4 above. You can pay any portion of your outstanding deferred interest (shown in section 2 on the reverse side) at any time.

[a] **Please note:** Certain options may not appear on your statement if:
- Your minimum payment is larger than the interest only option or equal to the scheduled principal and interest option.
- You have past-due payments.

### Fee schedule

Fees for assumptions, partial releases, and other services will be quoted upon request. Allowable fees for checks and drafts that are not honored by your bank vary by state and will be assessed automatically. States with fixed fees are as follows: ME, NM, RI, VT-$0; FL, LA, MI, OK-$25, AR, GA, HI, KS, MN, MT, WY-$30; PA-$50. Fees are subject to change without notice.

### Disputing account information reported to credit bureaus

Wells Fargo Bank, N.A. may furnish information about your account to consumer reporting agencies. You have the right to dispute the accuracy of information that we have reported by writing to us at the correspondence address and describing the specific information that is inaccurate or in dispute and the basis for your dispute, along with any documentation. In the case of information that you believe relates to an identity theft, you will need to provide us with an identity theft report.

For those customers who reside in the state of New York, the debtor may file complaints about the servicer and obtain further information from the New York Banking Department by calling the department's Consumer Help Unit at 1-800-342-3736 or by visiting the department's website at **www.banking.state.ny.us**.

For those customers who reside in the state of Texas, Wells Fargo Home Mortgage will not recognize **3rd party property tax lien transfers or property tax deferrals.** These programs create a lien on your property which takes priority over your mortgage. A change in lien position violates your mortgage agreement and Wells Fargo will take the necessary steps needed to ensure the mortgage lien is not at risk.

**Servicemembers Civil Relief Act** — The Servicemembers Civil Relief Act (SCRA) may offer protection or relief to members of the military who have been called to active duty. If either you have been called to active duty, or you are the spouse, registered domestic partner, partner in a civil union, or financial dependent of a person who has been called to active duty, and you have not yet made us aware of your status, please contact our Military Customer Service Center at 1-800-642-0257 or fax your Active Duty Orders to 1-877-658-4585, attention: Special Loans/SCRA.

### Important bankruptcy notice

If you are presently seeking relief (or have previously been granted relief) under the United States Bankruptcy Code, this statement is being sent to you for informational purposes only. It is provided to you as a courtesy should you voluntarily decide to make payments on your account. Notwithstanding any language contained in this statement, we want to assure you that we:

- Are not providing this information to you in an attempt to collect a debt from you or in any way violate any provision of the United States Bankruptcy Code
- Will not seek collection of any amount owing on your account that will be (or has been) discharged in connection with your bankruptcy case, except any amount that may be payable to us as a result of filing a proof of claim in your bankruptcy case; and
- Will only file a proof of claim for any amount owing on your account in your bankruptcy case if and when it is appropriate to do so.

In addition, if you filed a Chapter 7 bankruptcy case and received a discharge, but you did not reaffirm this debt, then please be advised that we are not sending this statement to you in an attempt to collect this debt from you personally and we can only exercise our rights against the property securing this debt.

### Contact us

If you'd like to request information, notify us of an error, or share any concerns you may have about the servicing of your loan, please contact us at P.O. Box 10335, Des Moines, IA 50306.

### Housing counselor information

If you would like counseling or assistance, for a list of homeownership counselors or counseling organizations in your area, you can contact the following:
- U.S. Department of Housing and Urban Development (HUD),
  go to **http://www.hud.gov/offices/hsg/sfh/hcc/hcs.cfm**
  or call 1-800-569-4287.

Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N.A.

© 2014 Wells Fargo Bank, N.A. Member FDIC.  All rights reserved. NMLSR ID 399801




---

### Change of information
Print your information in the spaces provided. Please check the box on the front side of this coupon. Your signature is required for all changes.

New mailing address

City                                                         State            Zip

Home phone number                     Work phone number

Email address

Borrower signature            Date            Co-borrower signature            Date

Page 3 of 4
Loan Statement

## Past Due Account Status

**As of the date of this statement, you are 746 days delinquent on your account.** Failure to bring your loan current may result in fees, the acceleration of your repayment terms (or request for repayment of your balance in full), or the possibility of loss of your home through foreclosure.

The delinquent amount due on your account is $43,111.22.

### Recent Account History

| Statement Payment Date | Statement Payment Amount | Payment Amount Outstanding * |
|---|---|---|
| 11/01/14 | $1,629.03 | $1,629.03 |
| 10/01/14 | $1,629.03 | $1,629.03 |
| 09/01/14 | $1,629.03 | $1,629.03 |
| 08/01/14 | $1,629.03 | $1,629.03 |
| 07/01/14 | $1,629.03 | $1,629.03 |
| 06/01/14 | $1,629.03 | $1,629.03 |

*This amount does not include unapplied funds.

**As of the date of this statement, Wells Fargo HAS filed an acceleration notice in connection with a foreclosure proceeding as required by applicable state law.**

Branch :LA,User :AD17          Order: 0000000  Title Officer: 00  Comment:          Station Id :PT6X



**This page is part of your document - DO NOT DISCARD**





## 20130284073

Pages:
0002

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**02/25/13 AT 08:00AM**

| | |
|---|---|
| FEES: | 18.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 18.00 |



L E A D S H E E T



201302250160018

00007292384



004671823

SEQ:
05

DAR - Title Company  (Hard Copy)



**THIS FORM IS NOT TO BE DUPLICATED**          t35

Branch :1LA,User :AD17          Order: 0000000  Title Officer: 00  Comment:          Station Id :PT6X

Recording requested by:
LSI Title Company

When Recorded Mail To:
NDEx West, L.L.C.
15000 Surveyor Boulevard, Suite 500
Addison, Texas 75001-9013

APN #: 8251-021-020
Property Address:
638 MOLINAR AVE
LA PUENTE, CALIFORNIA 91744



SUB20130015000535



*20130284073*

Space above this line for Recorder's use only

Trustee Sale No.: 20130015000535 Title Order No.: 130036458

## SUBSTITUTION OF TRUSTEE

WHEREAS, **TITO AGUIRRE** was the original Trustor, **GOLDEN WEST SAVINGS ASSOCIATION SERVICE CO.** was the original Trustee, and **WORLD SAVINGS BANK, FSB** was the original Beneficiary Recorded on 05/23/2006 as Instrument No. 06 1129992 of official records in the Office of the Recorder of Los Angeles County, California, as more fully described on said Deed of Trust ; and WHEREAS, the undersigned is the present Beneficiary under said Deed of Trust, and WHEREAS, the undersigned desires to substitute a new Trustee under said Deed of Trust in place and instead of said prior Trustee.

NOW, THEREFORE, the undersigned hereby substitutes, **NDEx West, L.L.C., WHOSE ADDRESS IS: 15000 Surveyor Boulevard, Suite 500, Addison, Texas 75001-9013,** as Trustee under said Deed of Trust.

Whenever the context hereof so requires, the masculine gender includes the feminine and/or neuter, and the singular number includes the plural.

DATED:

FEB 1 9 2013

State of  TEXAS }
County of  DALLAS }

WELLS FARGO BANK, N.A. SUCCESSOR BY MERGER TO WELLS FARGO BANK SOUTHWEST, N.A. F/K/A WACHOVIA MORTGAGE FSB F/K/A WORLD SAVINGS BANK FSB By NDeX West, LLC
It's Attorney in Fact

Ric Juarez -- Assistant Vice President/Foreclosure Operations Manager

On _____ FEB 1 9 2013 _____ before me, _____ F. Alva _____ , Notary Public, personally appeared Ric Juarez who is known to me to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature: _____ (Seal)

My commission expires: _____

F. ALVA
Notary Public, State of Texas
My Commission Expires
11/14/2015

FCUS_SubstituteOfTrustee_M rpt - 03/12/2010 - Ver 15

Page 1 of 1

EXHIBIT A to Notice of Removal
Page 42

Branch :ILA,User :AD17          Order: 0000000  Title Officer: 00  Comment:          Station Id :PT6X

**This page is part of your document - DO NOT DISCARD**



**06 1129992**

**RECORDED/FILED IN OFFICIAL RECORDS**
**RECORDER'S OFFICE**
**LOS ANGELES COUNTY**
**CALIFORNIA**
**05/23/06 AT 08:00am**

## TITLE(S) :



L E A D   S H E E T

**FEE**                                                        D.T.T.





FEE $ 68  M
DAF $ 4
CODE 20

CODE
20

CODE
19

CODE
9___

NOTIFICATION SENT-$4

**Assessor's Identification Number (AIN)**
**To be completed by Examiner OR Title Company in black ink.**     **Number of AIN's Shown**

**THIS FORM IS NOT TO BE DUPLICATED**

LOS ANGELES,CA                          Page 1 of 20                    Printed on 9/15/2014 12:19:50 PM
Document: TD 2006.1129992

EXHIBIT A to Notice of Removal
Page 43

Branch :ILA,User :AD17     Order: 0000000  Title Officer: 00  Comment:          Station Id :PT6X

COMMONWEALTH LAND TITLE CO.
506 1618
RECORDING REQUESTED BY:
WORLD SAVINGS BANK

WHEN RECORDED MAIL TO:                               06  1129992
WORLD SAVINGS BANK
FINAL DOCUMENTATION
CLOSING DEPARTMENT
P.O. BOX 659548
SAN ANTONIO, TX 78265-9548

LOAN NUMBER: 0042956367

NOTE AMOUNT: $301,000.00

ASSESSOR'S IDENTIFICATION #-

                                                    FOR RECORDER'S USE ONLY

## DEED OF TRUST

THIS IS A FIRST DEED OF TRUST WHICH SECURES A NOTE WHICH CONTAINS
PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE, FREQUENCY AND
AMOUNT OF PAYMENTS AND PRINCIPAL BALANCE (INCLUDING FUTURE ADVANCES
AND DEFERRED INTEREST). AT LENDER'S OPTION THE SECURED NOTE MAY BE
RENEWED OR RENEGOTIATED. THE SECURED NOTE PROVIDES FOR MONTHLY
PAYMENTS OF PRINCIPAL AND INTEREST.

THE MAXIMUM AGGREGATE PRINCIPAL BALANCE SECURED BY THIS DEED OF TRUST IS
$376,250.00 WHICH IS 125% OF THE ORIGINAL PRINCIPAL NOTE AMOUNT.

I.      DEFINITIONS OF WORDS USED IN THIS DEED OF TRUST
        (A)  Security Instrument. This Deed of Trust, which is dated May 12, 2006, will be called the
"Security Instrument."

        (B)  Borrower. TITO AGUIRRE, A MARRIED MAN  sometimes will be called "Borrower" and
sometimes simply "I" or "me."

        (C)  Lender. WORLD SAVINGS BANK, FSB, ITS SUCCESSORS AND/OR ASSIGNEES, will be
called "Lender." Lender is a FEDERAL SAVINGS BANK, which is organized and exists under the laws of
the United States Lender's address is 1901 Harrison Street, Oakland, CA 94612

05/23/06



0  0  3

SD001A (2004-03-2)              DEED OF TRUST-ADJUSTABLE        CA      LENDER'S USE ONLY
DEFERRED INTEREST                    Page 1

EXHIBIT A to Notice of Removal
Page 44

Branch :ILA,User :AD17          Order: 0000000  Title Officer: 00  Comment:                    Station Id :PT6X

0042956367

(D) **Note.** The note signed by Borrower and having the same date as this Security Instrument, including all extensions, renewals, substitutions and modifications thereof, will be called the "Note." The Note shows that I owe Lender the original principal amount of U S **$301,000.00**, plus accrued and deferred interest and such other amounts as stated in the Note  I have promised to pay this debt in regularly scheduled periodic payments as provided in the Note and to pay the debt in full by June 15, 2036 ("Maturity Date")

(E) **Property.** The property that is described below in Section III entitled "Description of the Property" will be called the "Property."

(F) **Sums Secured.** The amounts described below in Section II entitled "Borrower's Transfer of Rights in the Property" sometimes will be called the "Sums Secured."

(G) **Person.** Any person, organization, governmental authority or other party will be called "Person."

(H) **Trustor, Beneficiary, Trustee.** Borrower is the "Trustor," Lender is the "Beneficiary" and **Golden West Savings Association Service Co., A California Corporation** is the "Trustee."

**II.     BORROWER'S TRANSFER OF RIGHTS IN THE PROPERTY**

I irrevocably grant and convey the Property to the Trustee, in trust for Lender, with a power of sale subject to the terms of this Security Instrument  This means that, by signing this Security Instrument, I am giving Lender and Trustee those rights that are stated in this Security Instrument and also rights that the law gives to lenders who are beneficiaries of a deed of trust and to trustees of a deed of trust  I am giving Lender and Trustee these rights to protect Lender from possible losses that might result if I fail to

(i)     pay all amounts owed to Lender under the Note and all other notes secured by this Security Instrument, called the "Secured Notes," including future advances made by Lender and any changes to the Secured Notes made with the written consent of Lender,

(ii)     pay, with interest, any amounts that Lender spends under Paragraphs 2 and 7 below to protect the value of the Property and Lender's rights in the Property, and

(iii)     keep all of my other promises and agreements under this Security Instrument, the Secured Notes and any changes to the Secured Notes made with the written consent of Lender

**III.     DESCRIPTION OF THE PROPERTY**

I give Trustee rights in the Property described below

(i)     The Property which is located at **638 MOLINAR AVE, LA PUENTE, CA  91744-4028** The legal description of the Property is attached as Exhibit "A" which is made a part of this Security Instrument  This Property is called the "Described Property."

(ii)     All buildings and other improvements that are located on the Described Property,

SD001B (2004-03-2)                         DEED-OF TRUST-ADJUSTABLE                              CA
DEFERRED INTEREST                               Page 2

**06  1129992**

EXHIBIT A to Notice of Removal
Page 45

Branch :ILA,User :AD17          Order: 0000000  Title Officer: 00  Comment:                    Station id :PT6X

0042956367

(iii)    All rights in other property that I have as owner of the Described Property  These rights are known as easements, rights and appurtenances attached to the Property,

(iv)    All rents or royalties and other income from the Described Property,

(v)    All mineral, oil and gas rights and profits, water rights and stock that are part of the Described Property,

(vi)    All rights that I have in the land which lies in the streets or roads in front of, behind or next to, the Described Property,

(vii)    All fixtures that are now or in the future will be on the Described Property or on the property described in subsection (ii) of this Section,

(viii)    All of the rights and property described in subsections (ii) through (vii) of this Section that I acquire in the future,

(ix)    All replacements of or additions to the property described in subsections (ii) through (viii) of this Section, and

(x)    All of the amounts that I pay to Lender under Paragraph 2 below

**IV.    BORROWER'S RIGHT TO GRANT A SECURITY INTEREST IN THE PROPERTY AND BORROWER'S OBLIGATION TO DEFEND OWNERSHIP OF THE PROPERTY**

I promise that (i) I lawfully own the Property, (ii) I have the right to grant and convey the Property to Trustee, and (iii) there are no outstanding claims, charges, liens or encumbrances against the Property, except for those which are of public record

I give a general warranty of title to Lender  This means that I will be fully responsible for any losses which Lender suffers because someone other than myself and the Trustee has some of the rights in the Property which I promise that I have  I promise that I will defend my ownership of the Property against any claims of such rights

## COVENANTS

I promise and I agree with Lender as follows

**1.    BORROWER'S PROMISE TO PAY**

I will pay to Lender, on time, all principal and interest due under the Secured Notes and any prepayment and late charges due under the Secured Notes

**2.    PAYMENTS FOR TAXES AND INSURANCE**

**(A)    Borrower's Obligations**

I will pay all amounts necessary to pay taxes and hazard insurance premiums on the Property as well as assessments, leasehold payments, ground rents or mortgage insurance premiums (if any)

SD001C (2004-03-2)                    DEED OF TRUST-ADJUSTABLE                        CA
                                           Page 3

06  1129992

EXHIBIT A to Notice of Removal
Page 46

Branch :ILA,User :AD17          Order: 0000000  Title Officer: 00  Comment:                    Station Id :PT6X

0042956367

**(B)     Escrow Accounts**

         Subject to applicable law, no escrow shall be required except upon written demand by Lender, in which case, I shall pay to Lender on the day payments are due under the Note, until the Note is paid in full, a sum ("Funds") for (a) yearly taxes, penalties and assessments which may attain priority over this Security Instrument as a lien on the Property, (b) yearly leasehold payments or ground rents on the Property, if any, (c) yearly hazard or property insurance premiums, (d) yearly flood insurance premiums, if any, and (e) yearly mortgage insurance premiums, if any  These items are called "Escrow Items " Lender may, at any time, collect and hold Funds in an amount not to exceed the maximum amount a lender for a federally related mortgage loan may require for an escrow account under the federal Real Estate Settlement Procedures Act of 1974 as amended from time to time, 12 U S C  § 2601 et seq  ("RESPA"), unless another law that applies to the Funds sets a lesser amount  If so, Lender may, at any time, collect and hold Funds in an amount not to exceed the lesser amount  Lender may estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items in accordance with applicable law

         The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is such an institution) or in any Federal Home Loan Bank  Lender shall apply the Funds to pay the Escrow Items  Lender may not charge me for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays me interest on the Funds and/or applicable law permits Lender to make such a charge  However, Lender may require me to pay a one-time charge for an independent real estate tax reporting service used by Lender in connection with this loan, unless applicable law provides otherwise  Unless an agreement is made or applicable law requires interest to be paid, Lender shall not be required to pay me any interest or earnings on the Funds  Lender shall give to me, without charge, an annual accounting of the Funds, showing credits and debits to the Funds and the purpose for which each debit to the Funds was made  The Funds are pledged as additional security for all sums secured by this Security Instrument

         If the Funds held by Lender exceed the amounts permitted to be held by applicable law, Lender shall account to me for the excess Funds in accordance with the requirements of applicable law  If the amount of the Funds held by Lender at any time is not sufficient to pay the Escrow Items when due, Lender may so notify me in writing, and, in such case I shall pay to Lender the amount necessary to make up the deficiency or shortage  I shall make up the deficiency or shortage in accordance with the requirements of the Lender, at its sole discretion, in the manner and times prescribed by RESPA

         Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to me any Funds held by Lender  If, under Paragraph 28, Lender shall acquire or sell the Property, Lender, prior to the acquisition or sale of the Property, shall apply any Funds held by Lender at the time of acquisition or sale as a credit against the sums secured by this Security Instrument

SD001D (2004-03-2)                    DEED OF TRUST-ADJUSTABLE                              **CA**
                                                Page 4

**06  1129992**

Branch :1LA,User :AD17          Order: 0000000  Title Officer: 00  Comment:                    Station Id :PT6X

0042956367

**3.    APPLICATION OF BORROWER'S PAYMENTS**
Unless applicable law requires otherwise, Lender will apply each of my payments under the Secured Notes and under Paragraphs 1 and 2 above in the following order and for the following purposes

First, to pay prepayment charges due under the Secured Notes,

Second, to pay any advances due to Lender under this Security Instrument,

Third, to pay the amounts due to Lender under Paragraph 2 above,

Fourth, to pay interest due under the Secured Notes,

Fifth, to pay deferred interest due under the Secured Notes,

Sixth, to pay principal due under the Secured Notes,

Last, to pay late charges due under the Secured Notes

**4.    BORROWER'S OBLIGATION TO PAY CHARGES, ASSESSMENTS AND CLAIMS**
I will pay all taxes, assessments and any other charges and fines that may be imposed on the Property and that may be superior to this Security Instrument

I will also make payments due under my lease if I am a tenant on the Property and I will pay ground rents (if any) due on the Property  I will pay these amounts either by making the payments to Lender that are described in Paragraph 2 above or by making the payments on time to the Person owed them

Any claim, demand or charge that is made against property because an obligation has not been fulfilled is known as a lien. I will promptly pay or satisfy all liens against the Property that may be superior to this Security Instrument  However, this Security Instrument does not require me to satisfy a superior lien if (A) I agree, in writing, to pay the obligation which gave rise to the superior lien and Lender approves in writing the way in which I agree to pay that obligation, or (B) in good faith, I argue or defend against the superior lien in a lawsuit so that, during the lawsuit, the superior lien may not be enforced and no part of the Property must be given up, or (C) I secure from the holder of that other lien an agreement, approved in writing by Lender, that the lien of this Security Instrument is superior to the lien held by that Person  If Lender determines that any part of the Property is subject to a superior lien, Lender may give to me a notice identifying the superior lien  I will pay or satisfy the superior lien or take one or more of the actions set forth above within 10 days of the giving of notice

**5.    BORROWER'S OBLIGATION TO MAINTAIN INSURANCE**
At my sole cost and expense, I will obtain and maintain hazard insurance to cover all buildings and other improvements that now are or in the future will be located on the Property  The insurance must cover loss or damage caused by fire, hazards normally covered by "extended coverage" hazard insurance policies and other hazards for which Lender requires coverage  The insurance must be in the amounts and for the periods of time required by Lender  I may choose the insurance company but my choice is subject to Lender's approval  Lender may not refuse to approve my choice unless the refusal is reasonable  All of these insurance policies and renewals of the policies must include what is known as a **Standard Mortgagee Clause** to protect Lender  The form of all policies and renewals must be acceptable to Lender  Lender will have the right to hold the policies and renewals  If Lender requires, I will promptly give Lender all receipts of paid premiums and renewal notices that I receive

SD001E (2004-03-2)                          DEED OF TRUST-ADJUSTABLE                          CA
                                                    Page 5

06 1129992

EXHIBIT A to Notice of Removal
Page 48

Branch :1LA,User :AD17          Order: 0000000  Title Officer: 00  Comment:                    Station Id :PT6X

0042956367

If I obtain earthquake insurance, any other hazard insurance, credit life and/or disability insurance, or any other insurance on or relating to the Property or the Secured Notes and which are not specifically required by Lender, I will name Lender as loss payee of any proceeds

If there is a loss or damage to the Property, I will promptly notify the proper insurance company and Lender  If I do not promptly prove to the insurance company that the loss or damage occurred, then Lender may do so

The amount paid by the insurance company is called "Proceeds " Any Proceeds received will be applied first to reimburse Lender for costs and expenses incurred in connection with obtaining the Proceeds, and then, at Lender's option and in the order and proportion as Lender may determine in its sole and absolute discretion, regardless of any impairment or lack of impairment of security, as follows  (A) to the extent allowed by applicable law, to the Sums Secured in a manner that Lender determines and/or (B) to the payment of costs and expenses of necessary repairs or to the restoration of the Property to a condition satisfactory to Lender, such application to be made in the manner and at the times as determined by Lender

If I abandon the Property or if I do not answer, within 30 days, a notice from Lender or the insurance company stating that the insurance company has offered to settle a claim, Lender may collect the Proceeds  I will notify Lender immediately of any offer to settle a claim I receive from the insurance company  I will immediately deliver any Proceeds I receive from any insurer or other persons to Lender  Lender may use the Proceeds to repair or restore the Property or to pay the Sums Secured  The 30-day period will begin when the notice is given

If any Proceeds are used to reduce the amount of the outstanding balance of the Sums Secured, that use will not delay the due date or change the amount of any of my regularly scheduled payments under the Secured Notes and under Paragraphs 1 and 2 above  However, Lender and I may agree in writing to delays or changes

If Lender acquires the Property under Paragraph 28 below, all of my rights in the insurance policies will belong to Lender  Also, all of my rights in any Proceeds which are paid because of damage that occurred before the Property is acquired by Lender or sold will belong to Lender  However, Lender's rights in those Proceeds will not be greater than the total amount of the Sums Secured immediately before the Property is acquired by Lender or sold

If I am required by Lender to pay premiums for mortgage insurance, I will pay the premiums until the requirement for mortgage insurance ends according to my written agreement with Lender or according to law

6.    **BORROWER'S OBLIGATION TO MAINTAIN THE PROPERTY AND TO FULFILL ANY LEASE OBLIGATIONS**

I will keep the Property in good repair including, but not limited to, keeping the Property free from debris, mold, termites, dry rot and other damaging pests and infestations  I will not destroy or substantially change the Property and I will not allow the Property to deteriorate  I will keep and maintain the Property in compliance with any state or federal health and safety laws, and hazardous materials and hazardous waste laws  I will not use, generate, manufacture or store any hazardous materials or hazardous waste on, under or about the Property  I will indemnify, defend and hold harmless Lender and its employees, officers and directors and their successors from any claims, damages or costs for required or necessary repair or the removal of mold, termites, dry rot, other damaging pests and infestations and hazardous waste or any other hazardous materials claim  If I do not own but am a tenant on the Property, I will fulfill my obligations under my lease  I also agree that, if I acquire the fee title to the Property, my lease interest and the fee title will not merge unless Lender agrees to the merger in writing

SD001F (2004-03-2)                          DEED OF TRUST-ADJUSTABLE                              CA
                                                     Page 6

**06  1129992**

EXHIBIT A to Notice of Removal
Page 49

Branch :ILA,User :AD17          Order: 0000000   Title Officer: 00   Comment:                                         Station Id :PT6X

0042956367

7.      **LENDER'S RIGHT TO PROTECT ITS RIGHTS IN THE PROPERTY**

If (A) I do not keep my promises and agreements made in this Security Instrument, or (B) someone, including me, begins a legal proceeding that may significantly affect Lender's rights in the Property (including but not limited to any manner of legal proceeding in bankruptcy, in probate, for condemnation or to enforce laws or regulations), then Lender may do and pay for whatever it deems reasonable or appropriate to protect the Lender's rights in the Property  Lender's actions may include, without limitation, appearing in court, paying reasonable attorneys' fees, purchasing insurance required under Paragraph 5, above (such insurance may cost more and provide less coverage than the insurance I might purchase), and entering on the Property to make repairs  Lender must give me notice before Lender may take any of these actions  Although Lender may take action under this Paragraph 7, Lender does not have to do so  Any action taken by Lender under this Paragraph 7, will not release me from my obligations under this Security Instrument

I will pay to Lender any amounts which Lender advances under this Paragraph 7 with interest, at the interest rate in effect under the Secured Notes  I will pay those amounts to Lender when Lender sends me a notice requesting that I do so  Interest on each amount will begin to accrue on the date that the amount is advanced by Lender  However, Lender and I may agree in writing to terms that are different from those in this Paragraph 7  This Security Instrument will protect Lender in case I do not keep this promise to pay those amounts with interest

8.      **LENDER'S RIGHT TO INSPECT THE PROPERTY**

Lender, and others authorized by Lender, may enter upon and inspect the Property  They must do so in a reasonable manner and at reasonable times  Before or at the time an inspection is made, Lender must give me notice stating a reasonable purpose for the inspection

9.      **AGREEMENTS ABOUT GOVERNMENTAL TAKING OF THE PROPERTY**

I assign to Lender all my rights  (A) to proceeds of all awards or claims for damages resulting from condemnation, eminent domain or other governmental taking of all or any part of the Property, and (B) to proceeds from a sale of all or any part of the Property that is made to avoid condemnation, eminent domain or other governmental taking of the Property  All of those proceeds will be paid to Lender  If I receive any such proceeds, I will immediately deliver them to Lender

If all of the Property is taken, the proceeds will be used to reduce the Sums Secured  If any of the proceeds remain after the Sums Secured have been paid in full, the remaining proceeds will be paid to me  Unless Lender and I agree otherwise in writing, if only a part of the Property is taken, Sums Secured will be reduced only by the amount of proceeds multiplied by the following fraction  (A) the total amount of the Sums Secured immediately before the taking, divided by (B) the fair market value of the Property immediately before the taking  The remainder of the proceeds will be paid to me

If I abandon the Property or if I do not answer, within 30 days, a notice from Lender stating that a governmental authority has offered to make a payment or to settle a claim for damages, Lender has the authority to collect the proceeds and settle the claim  Lender may then use the proceeds to reduce the Sums Secured  The 30-day period will begin when the notice is given

If any proceeds are used to reduce the amount of the outstanding principal of the Secured Notes, that use will not delay the due date or change the amount of any of my regularly scheduled payments under the Secured Notes and under Paragraphs 1 and 2 above  However, Lender and I may agree in writing to delays or changes

05/23/06

SD001G (2004-03-2)                          DEED OF TRUST-ADJUSTABLE                                         CA
                                                     Page 7

                                              **06  1129992**

EXHIBIT A to Notice of Removal
Page 50

0042956367

**10.   CONTINUATION OF BORROWER'S OBLIGATIONS AND OF LENDER'S RIGHTS**

**(A)    Borrower's Obligations**

Lender may allow a Person who takes over my rights and obligations subject to this Security Instrument to delay or to change the amount of the payments of principal and interest due under the Secured Notes or under this Security Instrument  Even if Lender does this, however, that Person and I will both still be fully obligated under the Secured Notes and under this Security Instrument

Lender may allow those delays or changes for a Person who takes over my rights and obligations, even if Lender is requested not to do so  Lender will not be required to bring a lawsuit against such a Person for not fulfilling obligations under the Secured Notes or under this Security Instrument, even if Lender is requested to do so

**(B)    Lender's Rights**

Even if Lender does not exercise or enforce any of its rights under this Security Instrument or under the law, Lender will still have all of those rights and may exercise and enforce them in the future  Even if Lender obtains insurance, pays taxes, or pays other claims, charges or liens against the Property, Lender will have the right under Paragraph 28 below to demand that I make immediate payment in full of the Sums Secured

**11.   OBLIGATIONS OF BORROWER, CO-SIGNORS AND OF PERSONS TAKING OVER BORROWER'S RIGHTS OR OBLIGATIONS**

Except as provided below, if more than one Person signs this Security Instrument as Borrower, each of us is fully obligated to keep all of Borrower's promises and obligations contained in this Security Instrument  Lender may enforce Lender's rights under this Security Instrument against each of us individually or against all of us together  This means that any one of us may be required to pay all of the Sums Secured

Any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signor") (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signor's interest in the Property under the terms of this Security Instrument, (b) is not personally obligated to pay the sums secured by this Security Instrument, and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signor's consent

Any Person who takes over my rights or obligations under this Security Instrument will have all of my rights and will be obligated to keep all of my promises and agreements made in this Security Instrument  Similarly, any Person who takes over Lender's rights or obligations under this Security Instrument will have all of Lender's rights and will be obligated to keep all of Lender's agreements made in this Security Instrument

**12.   MAXIMUM LOAN CHARGES**

If the loan secured by this Security Instrument is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the loan exceed permitted limits, then (A) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limits and (B) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower  Lender may choose to make this refund by reducing the outstanding principal balance of the Secured Notes or by making a direct payment to Borrower  If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge under the Secured Notes

SD001H (2004-03-2)                    DEED OF TRUST-ADJUSTABLE                         CA
                                            Page 8

**06  1129992**

EXHIBIT A to Notice of Removal
Page 51

Branch :ILA,User :AD17          Order: 0000000  Title Officer: 00  Comment:                    Station Id :PT6X

0042956367

**13.    LEGISLATION AFFECTING LENDER'S RIGHTS**

If a change in applicable law would make any provision of the Secured Notes or this Security Instrument unenforceable, Lender may require that I make immediate payment in full of all Sums Secured by this Security Instrument

**14.    NOTICES REQUIRED UNDER THIS SECURITY INSTRUMENT**

Any notice that must be given to me under this Security Instrument will be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method  The notice will be addressed to me at 638 MOLINAR AVE, LA PUENTE, CA  91744-4028  A notice will be given to me at an alternative address if I give Lender notice of my alternative address  I may give notice to Lender of my alternative address in writing or by calling Lender's customer service telephone number provided on my billing statement  I may designate only one mailing address at a time for notification purposes  Except as permitted above for changes of address, any notice that must be given to Lender under this Security Instrument will be given by mailing it by first class mail to Lender's address stated in Section I (C) above entitled, "Definitions of Words Used In This Deed of Trust," unless Lender gives me notice of a different address  Any notice required by this Security Instrument is given when it is mailed or when it is delivered according to the requirements of this Paragraph 14 or of applicable law

**15.    GOVERNING LAW; SEVERABILITY**

This Security Instrument and the Secured Notes shall be governed by and construed under federal law and federal rules and regulations, including those for federally chartered savings institutions ("Federal Law") and, to the extent Federal Law does not apply, by the law of the jurisdiction in which the Property is located.  In the event that any of the terms or provisions of this Security Instrument or the Secured Notes are interpreted or construed by a court of competent jurisdiction to be void, invalid or unenforceable, such decision shall affect only those provisions so construed or interpreted and shall not affect the remaining provisions of this Security Instrument or the Secured Notes

**16.    BORROWER'S COPY**

I acknowledge the receipt of one conformed copy of the Secured Notes and of this Security Instrument

**17.    LENDER'S RIGHTS TO RENTAL PAYMENTS AND TO TAKE POSSESSION OF THE PROPERTY**

If Lender requires immediate payment in full or if I abandon the Property, then Lender, Persons authorized by Lender, or a receiver appointed by a court at Lender's request may  (A) collect the rental payments, including overdue rental payments, directly from the tenants, (B) enter upon and take possession of the Property, (C) manage the Property, and (D) sign, cancel and change rental agreements and leases  If Lender notifies the tenants that Lender has the right to collect rental payments directly from them under this Paragraph 17, I agree that the tenants may make those rental payments to Lender without having to ask (i) Lender whether I have failed to keep my promises and agreements under this Security Instrument, or (ii) me for my permission to do so

If Lender acts to have the Property sold after a Breach of Duty as defined in Paragraph 28, I understand and agree that (A) my right to occupy the Property ceases at the time the Property is sold, (B) I shall have no right to occupy the Property after such sale without the written consent of the new owner of the Property, and (C) my wrongful and unlawful possession of the Property may subject me to monetary damages, including the loss of reasonable rent and the cost of eviction  All rental payments collected by

SD001I (2004-03-2)                    DEED OF TRUST-ADJUSTABLE                                CA
                                              Page 9

**06  1129992**

EXHIBIT A to Notice of Removal
Page 52



0042956367

Lender or by a receiver, other than the rent paid by me under this Paragraph 17, will be used first to pay the costs of collecting rental payments and of managing the Property  If any part of the rental payments remains after those costs have been paid in full, the remaining part will be used to reduce the Sums Secured  The costs of managing the Property may include the receiver's fees, reasonable attorneys' fees and the costs of any necessary bonds

**18.     INJURY TO PROPERTY; ASSIGNMENT OF RIGHTS**
An assignment is a transfer of rights to another  I may have rights to bring legal action against persons, other than Lender, for injury or damage to the Property or in connection with the loan made to me by Lender and which arose or will arise before or after the date of this Security Instrument  These rights to bring legal action may include but are not limited to an action for breach of contract, fraud, concealment of a material fact, or for intentional or negligent acts  I assign these rights, and any and all proceeds arising from these rights, as permitted by applicable law, to Lender  Lender may, at its option, enforce these rights in its own name and may apply any proceeds resulting from this assignment to the Sum Secured and this Security Instrument after deducting any expenses, including attorneys' fees, incurred in enforcing these rights  At the request of Lender, I will sign any further assignments or other documents that may be necessary to enforce this assignment  I will notify Lender immediately if I believe I have the right to bring any such legal action against any persons, and will notify Lender immediately if I assert any claim or demand against or commence any legal action against any such person  If I receive any proceeds from any persons besides Lender in connection with any such claim, demand or legal action, I will immediately deliver such proceeds to Lender

**19.     CLERICAL ERRORS**
In the event Lender at any time discovers that this Security Instrument, the Secured Notes or any other document related to this loan, called collectively the "Loan Documents," contains an error which was caused by a clerical mistake, calculation error, computer error, printing error or similar error, I agree, upon notice from Lender, to execute such documentation as Lender deems necessary to correct any such error(s) and I also agree that I will not hold Lender responsible for any damage to me which may result from any such error

**20.     LOST, STOLEN OR MUTILATED DOCUMENTS**
If any of the Loan Documents are lost, stolen, mutilated or destroyed and Lender delivers to me an indemnification in my favor, signed by Lender, then I will sign and deliver to Lender a Loan Document identical in form and content which will have the effect of the original for all purposes

**21.     WAIVER OF STATUTE OF LIMITATIONS**
I will waive, within applicable law, the pleading of the statute of limitations as a defense to enforce this Security Instrument, including any obligations referred to in this Security Instrument or Secured Notes

**22.     CAPTIONS**
The captions and headings at the beginning of each paragraph of this Security Instrument are for reference only and will not be used in the interpretation of any provision of this Security Instrument

**23.     MODIFICATION**
This Security Instrument may be modified or amended only by an agreement in writing signed by Borrower and Lender

**24.     CONDOMINIUM, COOPERATIVE AND PLANNED UNIT DEVELOPMENT OBLIGATIONS**
If the Property is a unit in a condominium, cooperative or planned unit development, each of which shall be called the "Project," and I have an interest in the common elements of the Project, then Lender and I agree that

**(A)**     If an owners association or other entity, called "Owners Association," holds title to Property for the benefit or use of the Project and its members or shareholders, the Property also includes my interest in the Owners Association and the uses, proceeds and benefits of my interest

05/23/06

SD001J (2004-03-2)                          DEED OF TRUST-ADJUSTABLE                          CA
                                                    Page 10

**06  1129992**

0042956367



(B)     The following are called the "Constituent Documents." (i) The declaration or any other document which created the Project, (ii) By-laws of the Owners Association, (iii) Code of regulations for the Project, (iv) Articles of incorporation, trust instrument or equivalent document which creates the Owners Association, (v) The Project's covenants, conditions and restrictions, (vi) Other equivalent documents.

                I shall perform all of my obligations under the Constituent Documents, including my obligation to pay, when due, all dues and assessments. If I do not pay the dues and assessments when due, Lender may, at its option, pay them. I will pay to Lender any amounts which Lender advances under this Paragraph 24 according to the terms described in Paragraph 7 above.

(C)     If the Owners Association maintains, with an insurance company reasonably acceptable to Lender, a **master** or **blanket** policy on the Project which is satisfactory to Lender and which provides insurance coverage on the terms, in the amounts, for the periods, and against the hazards Lender requires, including fire and hazards included within the term "extended coverage," and Lender is provided with evidence of such master or blanket policy, then (i) Lender waives the provision in Paragraph 2(B) above for the payment to Lender of the estimated yearly premium installments for hazard insurance on the Property, and (ii) hazard insurance coverage on the Property as required by Paragraph 5 above is deemed to be satisfied to the extent that the required coverage is provided by the Owners Association policy. I shall give Lender prompt notice of any lapse in the required hazard insurance coverage. I shall provide a copy of such **master** or **blanket** policy to Lender annually.

                In the event of a distribution of any hazard insurance proceeds, including without limitation any earthquake or special hazards insurance whether or not such coverage was required by Lender, in lieu of restoration or repair following a loss to the Property, whether to the unit or to common elements, any proceeds payable to me are hereby assigned and shall be paid to Lender for application to the Sums Secured by this Security Instrument, with any excess paid to me. If I receive any such proceeds, I will immediately deliver them to Lender or otherwise apply them as set forth above.

                I shall take such actions as may be reasonable to insure that the Owners Association maintains a public liability insurance policy acceptable to Lender in form, amount and extent of coverage.

(D)     I shall not, except after notice to Lender and with Lender's prior written consent, either partition or subdivide the Property or consent to (i) the abandonment or termination of the Project, except for abandonment or termination required by law in the case of substantial destruction by fire or other casualty or in the case of condemnation, eminent domain or other governmental taking, (ii) any amendment to any provision of Constituent Documents unless the provision is for the express benefit of Lender or of lenders generally, (iii) termination of professional management and assumption of self-management of the Owners Association, or (iv) any action which would have the effect of rendering the **master** or **blanket** hazard insurance policy and/or the public liability insurance coverage maintained by the Owners Association unacceptable to Lender.

**25.     FUTURE ADVANCES**
        At Borrower's request, Lender, at its option (but before release of this Security Instrument or the full reconveyance of the Property described in the Security Instrument) may lend future advances, with interest, to Borrower. Such future advances, with interest, will then be additional Sums Secured under this Security Instrument.

SD001K (2004-03-2)                         DEED OF TRUST-ADJUSTABLE                              **CA**
                                                    Page 11

                                                                        **06  1129992**

Branch :ILA,User :AD17                 Order: 0000000  Title Officer: 00  Comment:                    Station Id :PT6X

0042956367

**26.    AGREEMENTS ABOUT LENDER'S RIGHTS IF THE PROPERTY IS SOLD OR TRANSFERRED**

13

<u>Acceleration of Payment of Sums Secured.</u> Lender may, at its option, require immediate payment in full of all Sums Secured by this Security Instrument if all or any part of the Property, or if any right in the Property, is sold or transferred without Lender's prior written permission  Lender also may, at its option, require immediate payment in full if Borrower is not a natural Person and a beneficial interest in Borrower is sold or transferred without Lender's prior written permission  However, Lender shall not require immediate payment in full if this is prohibited by Federal Law in effect on the date of the Security Instrument

If Lender exercises the option to require immediate payment in full, Lender will give me notice of acceleration  If I fail to pay all Sums Secured by this Security Instrument immediately, Lender may then or thereafter invoke any remedies permitted by this Security Instrument without further notice to or demand on me

<u>Exception to Acceleration of Payment of Sums Secured.</u> If the sale or transfer of all or any part of the Property, or of a beneficial interest in Borrower, if Borrower is not a natural Person, is the first one to occur after the date of this Security Instrument, Lender will not exercise the option to accelerate payment in full of all Sums Secured and the loan may be assumed if

(i)    Lender receives a completed written application from transferee to evaluate the creditworthiness of transferee as if a new loan were being made to the transferee by Lender;

(ii)    Lender approves the creditworthiness of the transferee in writing,

(iii)    transferee makes a cash downpayment sufficient to meet Lender's then current underwriting standards,

(iv)    an assumption fee, in an amount to be determined by Lender (but not to exceed 1% of the then outstanding balance of Principal and interest under the Secured Notes at the time of sale or transfer of the Property or of the interest in the Borrower) is paid to Lender, and

(v)    the transferee executes an assumption agreement which is satisfactory to Lender  Such assumption agreement may provide, if required by Lender, that the transferee open a deposit account with Lender or with a bank or other depository institution approved by Lender, to facilitate direct payments if direct payments are required in the Note

The loan may be assumed under its then existing terms and conditions with one exception, the Lifetime Rate Cap may be changed  The Lifetime Rate Cap shall be changed to an interest rate which is the sum of the interest rate in effect on the date of a sale or transfer of the Property or beneficial interest in Borrower plus 5 percentage points, if that sum exceeds the Lifetime Rate Cap stated in the Secured Notes

**27.    SUBSTITUTION OF TRUSTEE**
I agree that Lender may at any time appoint a successor trustee and that Person shall become the Trustee under this Security Instrument as if originally named as Trustee

05/23/06

SD001L (2^04-03-2)                      DEED OF TRUST-ADJUSTABLE                      CA
                                        Page 12

06  1129992

EXHIBIT A to Notice of Removal
Page 55

Branch :ILA,User :AD17                    Order: 0000000  Title Officer: 00  Comment:                    Station Id :PT6X

0042956367

**28.   RIGHTS OF THE LENDER IF THERE IS A BREACH OF DUTY**

It will be called a "Breach of Duty" if (i) I do not pay the full amount of each regularly scheduled payment on the date it is due, or (ii) I fail to perform any of my promises or agreements under the Note or this Security Instrument, or (iii) any statement made in my application for this loan was materially false or misleading or if any statement in my application for this loan was materially false or misleading by reason of my omission of certain facts, or (iv) I have made any other statement to Lender in connection with this loan that is materially false or misleading  If there is a Breach of Duty by me, Lender may demand an immediate payment of all sums secured

If there is a Breach of Duty by me, Lender may exercise the power of sale, take action to have the Property sold under applicable law, and invoke such other remedies as may be permitted under any applicable law

Lender does not have to give me notice of a Breach of Duty  If Lender does not make a demand for full payment of the Sums Secured upon a Breach of Duty, Lender may make a demand for full payment of the Sums Secured upon any other Breach of Duty

If there is a Breach of Duty, Lender may also take action to have a receiver appointed to collect rents from any tenants on the Property and to manage the Property  The action to appoint a receiver may be taken without prior notice to me and regardless of the value of the Property

The sale of the Property may be postponed by or at the direction of Lender  If the Property is sold, I agree that it may be sold in one parcel  I also agree that Lender may add to the amount that I owe to Lender all legal fees, costs, allowances, and disbursements incurred as a result of the action to sell the Property

Lender will apply the proceeds from the sale of the Property in the following order  (A) to all fees, expenses and costs incurred in connection with the sale, including but not limited to trustees' and attorneys' fees, if any, (B) to all Sums Secured by this Security Instrument, and (C) any excess to the Person or Persons legally entitled to it

**29.   RECONVEYANCE**

Upon payment of all Sums Secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all Secured Notes to Trustee  Trustee shall reconvey the Property without warranty to Borrower  Lender may charge Borrower a reasonable fee for reconveying the Property, but only if the fee is paid to a third party (including the Trustee) for services rendered and the charging of the fee is permitted, whether expressly or by lack of express prohibition, under applicable law  If the fee charged does not exceed any maximum fee set by applicable law, the fee is conclusively presumed to be reasonable

**30.   STATEMENT OF OBLIGATION**

Lender may collect a fee of $60 00, or such greater maximum amount as may from time to time be allowed by law, for furnishing any statement of obligation with respect to this Security Instrument or the Secured Notes

05/23/06

SD001M (2004-03-2)                      DEED OF TRUST-ADJUSTABLE                              CA
                                             Page 13

**06  1129992**

EXHIBIT A to Notice of Removal
Page 56

0042956367



**31.    ( X )   QUICK QUALIFYING LOAN PROGRAM**
    I have qualified for this loan by making statements of fact which were relied upon by Lender to approve the loan rapidly  This loan is called a "Quick Qualifying Loan " I have stated and I confirm that  (A) I do not have any other Quick Qualifying Loans with Lender, (B) I have agreed to not further encumber the Property and do not intend to further encumber the Property for at least six months after the date of the Secured Notes and this Security Instrument, and (C) If I am purchasing the Property, all of the terms of the purchase agreement submitted to Lender are true and the entire down payment is cash from my own funds

    If any of the statements of fact that I have made are materially false or misleading, I will be in default under the Secured Notes and this Security Instrument  If I am in such default, Lender may, at its option, increase the interest rate and margin subject to the Lifetime Rate Cap stated in the Secured Notes

**32    ( X )   OWNER OCCUPANCY**
    Lender has relied upon statements of fact which I have made to qualify for this loan  I have stated and confirm that  (A) the Property is my personal and primary residence, (B) I will occupy the Property not later than 30 days after this Security Instrument is recorded, and (C) I will use the Property as my residence for at least 12 months from the date this Security Instrument is recorded

    If any of the statements of fact that I have made are materially false or misleading, I will be in default under the Secured Notes and this Security Instrument  If I am in such default, Lender may, at its option, increase the interest rate and margin, subject to the Lifetime Rate Cap stated in the Secured Notes

**( X )   VALUE INDICATES THAT THE PARAGRAPH APPLIES.**

**THIS SPACE INTENTIONALLY LEFT BLANK; SIGNATURE PAGE FOLLOWS.**

SD001N (2004-03-2)                    DEED OF TRUST-ADJUSTABLE                    CA
                                              Page 14

06  1129992

EXHIBIT A to Notice of Removal
Page 57

Branch :1LA,User :AD17          Order: 0000000  Title Officer: 00  Comment:                    Station Id :PT6X

0042956367

**BY SIGNING BELOW,** I accept and agree to the promises and agreements contained in this Security Instrument and in any rider(s) signed by me and recorded in proper official records

### (PLEASE SIGN YOUR NAME EXACTLY AS IT APPEARS BELOW)

#### BORROWER(S):

_____     (Seal)
TITO AGUIRRE

_____     (Seal)

_____     (Seal)

_____     (Seal)

### ATTACH INDIVIDUAL NOTARY ACKNOWLEDGEMENT

SD001 (2004-03-1)     [AF1 (2004-03-1)]     Page 15                    CA
                      [AL1 (2004-03-1)]

06 1129992

EXHIBIT A to Notice of Removal
Page 58

0042956367

*17*

**BORROWER(S)' SPOUSE(S):** The undersigned hereby joins in this Security Instrument for the sole purpose of encumbering, subordinating, conveying and/or waiving any current or potential interest in the Property  By signing below, the undersigned encumbers, subordinates, conveys and/or waives any and all rights, interests or claims in the Property, including, but not limited to, homestead, dower, marital or joint-occupancy rights  No personal liability under the Note is hereby incurred by the undersigned joining spouse

### (PLEASE SIGN YOUR NAME EXACTLY AS IT APPEARS BELOW)

#### BORROWER(S)' SPOUSE(S):

_____ **(Seal)**

_____ **(Seal)**

_____ **(Seal)**

#### ATTACH INDIVIDUAL NOTARY ACKNOWLEDGEMENT

05/23/06

SD001 (2004-03-1)                                        Page 16                              CA

[AL1 (2004-03-1)]

**06  1129992**

Branch :1LA,User :AD17          Order: 0000000   Title Officer: 00   Comment:          Station Id :PT6X

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

18

State of California

County of Los Angeles          }  ss

On May 16 2006 before me, WDuarte Notary Public
     Date                         Name and Title of Officer (e.g. "Jane Doe, Notary Public")

personally appeared Tito Aguirre
                         Name(s) of Signer(s)

☐ personally known to me
☒ proved to me on the basis of satisfactory
evidence

**W. DUARTE**
Commission # 1446068
Notary Public - California
San Bernardino County
My Comm. Expires Oct 19, 2007

to be the person(s) whose name(s) is/are
subscribed to the within instrument and
acknowledged to me that he/she/they executed
the same in his/her/their authorized
capacity(ies), and that by his/her/their
signature(s) on the instrument the person(s), or
the entity upon behalf of which the person(s)
acted, executed the instrument

WITNESS my hand and official seal

WDuarte
          Signature of Notary Public

——————— **OPTIONAL** ———————

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document*

### Description of Attached Document

Title or Type of Document _____

Document Date _____ Number of Pages _____

Signer(s) Other Than Named Above _____

### Capacity(ies) Claimed by Signer

Signer's Name _____

☐ Individual
☐ Corporate Officer — Title(s) _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney-in-Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other _____

Signer Is Representing _____

RIGHT THUMBPRINT
OF SIGNER
Top of thumb here

© 1999 National Notary Association · 9350 De Soto Ave., P.O. Box 2402 · Chatsworth, CA 91313-2402 · www.nationalnotary.org   Prod. No. 5907   Reorder: Call Toll-Free 1-800-876-6827

05/23/06

**06  1129992**

LOS ANGELES,CA                    Page 18 of 20              Printed on 9/15/2014 12:19:53 PM
Document: TD 2006.1129992

Branch :1LA,User :AD17          Order: 0000000   Title Officer: 00   Comment:                Station Id :PT6X

WORLD SAVINGS BANK, FSB

# E X H I B I T "A"
## LEGAL DESCRIPTION

**LOAN NO. 0042956367**

ALL THAT CERTAIN REAL PROPERTY SITUATED IN THE COUNTY OF **LOS ANGELES** STATE
OF **CALIFORNIA**, DESCRIBED AS FOLLOWS

TAPE __ONLY__ THE LEGAL DESCRIPTION TO THIS PAGE.

SD001 (2003-03-1)          Page 17 of 17          CA

**06 1129992**

Branch :1LA,User :AD17         Order: 0000000   Title Officer: 00   Comment:          Station Id :PT6X

# EXHIBIT "A"

All that certain real property situated in the County of Los Angeles, State of California, described as follows:

Lot 34 of Tract No. 19348, in the City of La Puente, County of Los Angeles, State of California, as per map recorded in Book 538, page(s) 32 to 35 inclusive of Maps, in the office of the County recorder of said County.

APN-8251-021-020

05/23/06

**06 1129992**

WORLD SAVINGS BANK, FSB

# ADJUSTABLE RATE MORTGAGE NOTE

## PICK-A-PAYMENT LOAN

### GDW AVERAGE DEPOSIT ACCOUNT RATE (COST OF SAVINGS) INDEX

THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE, MY MONTHLY PAYMENT
AND MY UNPAID PRINCIPAL BALANCE. MY MONTHLY PAYMENT INCREASES, MY INTEREST RATE INCREASES
AND MY PRINCIPAL BALANCE INCREASES ARE LIMITED. THIS NOTE IS SECURED BY A SECURITY INSTRUMENT
OF THE SAME DATE.

LOAN NUMBER: 0042956367                          DATE: May 12, 2006

BORROWER(S): TITO AGUIRRE, A MARRIED MAN   sometimes called "Borrower" and sometimes simply called "I" or "me."

PROPERTY ADDRESS: 638 MOLINAR AVE, LA PUENTE, CA 91744-4028

### 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $301,000.00, called "Principal," plus interest, to the order of the
Lender. The Lender is WORLD SAVINGS BANK, FSB, a FEDERAL SAVINGS BANK,, ITS SUCCESSORS AND/OR
ASSIGNEES, or anyone to whom this Note is transferred.

### 2. INTEREST

**(A)  Interest Rate**
Interest will be charged on unpaid Principal until the full amount of Principal has been paid. I will pay interest at the yearly rate of
7.010%. The interest rate I will pay may change as described in this Section 2. Interest will be charged on the basis of a twelve
month year and a thirty day month.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 7(B) of
this Note.

**(B)  Interest Change Dates**
The interest rate I will pay may change on the 15th day of July, 2006 and on the same day every month thereafter. Each date
on which my interest rate could change is called an "Interest Change Date." The new rate of interest will become effective on each
Interest Change Date.

**(C)  Interest Rate Limit**
My lifetime maximum interest rate limit is 11.950%, called "Lifetime Rate Cap."

0042956367

**(D)   Index**

Beginning with the first Interest Change Date, my interest rate will be based on an "Index." The Index is the weighted average of the interest rates in effect as of the last day of each calendar month on the deposit accounts of the federally insured depository institution subsidiaries ("Subsidiaries") of Golden West Financial Corporation ("GDW"), as made available by GDW. Included in the deposit accounts for purposes of the index calculation are all of the items and adjustments that GDW uses to calculate the line item currently called "cost of deposits" that appears in its quarterly and annual reports to shareholders as well as in other financial reports publicly distributed by GDW. The Index does not include deposit accounts owned by GDW or its Subsidiaries or other affiliates. The calculation of the Index includes adjustments for the effects of financial instruments related to the deposit accounts and other adjustments determined by GDW in its sole discretion as appropriate to accurately reflect the weighted average of interest rates on the deposit accounts. If an index is substituted as described in Section 2(F) of this Note, the alternative index will become the Index. The most recent Index figure available on each Interest Change Date is called the "Current Index."

**(E)   Calculation of Interest Rate Changes**

Lender will calculate my new interest rate by adding **3.450** percentage points, called the "Margin," to the Current Index. Subject to the limit stated in Section 2(C) above, the result of this calculation will be my new interest rate until the next Interest Change Date.

If Lender fails to utilize the entire interest rate increase to which it is entitled under this Note on any Interest Change Date by failing to add all or part of the allowable Margin to the Current Index, then Lender may add any such allowable Margin to the Current Index on any future Interest Change Date. Lender may not, at a later date, "carryover" or add interest to which it is not entitled under this Note on any Interest Change Date.

**(F)   Alternative Index**

The Lender may choose an alternative index to be the Index if the Index is no longer available. For purposes of this Section 2(F), the Index is not "available" if: (a) the Index is for any reason no longer published; or (b) the Lender, in its sole discretion, determines that the Index is calculated in a substantially different manner or based on substantially different information than at the time the Index became applicable to this Note, or (c) applicable laws or regulations prevent the Lender from using the Index to calculate interest under this Note. The selection of the alternative index shall be at Lender's sole discretion. The alternative index may be a national or regional index or another type of index approved by the Lender's primary regulator. The Lender will give me notice of the alternative index.

**3.   PAYMENTS**

**(A)   Time and Place of Payments**

I will pay Principal and interest by making payments every month.

I will make my monthly payments on the **15th** day of each month beginning on **July 15, 2006.** I will make these payments every month until I have paid (i) all the Principal and interest; and (ii) any other charges described below that I may owe under this Note, and (iii) any charges that may be due under the Security Instrument. If, on **June 15, 2036**, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at **1901 HARRISON STREET, OAKLAND, CALIFORNIA 94612** or at a different place if required by notice from the Lender.

**(B)   Amount of My Initial Monthly Payments**

Each of my initial monthly payments will be in the amount of U.S. **$ 1,105.05**. This amount will change as described in Sections 3(C) and 3(D) below. My initial monthly payment amount was selected by me from a range of initial payment amounts approved by Lender and may not be sufficient to pay the entire amount of interest accruing on the unpaid Principal balance.

**(C)   Payment Change Dates**

My monthly payment will change as required by Section 3(D) below beginning on the **15th** day of **July, 2007** and on that day every **12th** month thereafter. Each of these dates is called a "Payment Change Date." My monthly payment will also change at any time Section 3(F) or 3(G) below requires me to pay a different amount.

0042956367

(E)   Deferred Interest; Additions to My Unpaid Principal

From time to time, my monthly payments may be insufficient to pay the total amount of monthly interest that is due. If this occurs, the amount of interest that is not paid each month, called "Deferred Interest," will be added to my Principal and will accrue interest at the same rate as the Principal.

(F)   Limit on My Unpaid Principal; Increased Monthly Payment

My unpaid principal balance can never exceed **125%** of the Principal I originally borrowed, called "Principal Balance Cap." If, as a result of the addition of deferred interest to my unpaid principal balance, the Principal Balance Cap limitation would be exceeded on the date that my monthly payment is due, I will instead pay a new monthly payment. Notwithstanding Sections 3(C) and 3(D) above, I will pay a new monthly payment which is equal to an amount that will be sufficient to repay my then unpaid principal balance in full on the Maturity Date at the interest rate then in effect, in substantially equal payments.

(G)   Payment Cap Limitation; Exceptions

Beginning with the **10th** Payment Change Date and every 5th Payment Change Date thereafter, my monthly payment will be calculated as described in Section 3(D) above except that the Payment Cap limitation will not apply. Additionally, the Payment Cap limitation will not apply on the final Payment Change Date.

(H)   Notice of Payment Changes

The Lender will deliver or mail to me a notice of any changes in the amount of my monthly payment, called "Payment Change Notice," before each Payment Change Date. The Payment Change Notice will include information required by law.

4.   FAILURE TO MAKE ADJUSTMENTS

If for any reason Lender fails to make an adjustment to the interest rate or payment amount as described in this Note, regardless of any notice requirement, I agree that Lender may, upon discovery of such failure, then make the adjustments as if they had been made on time. I also agree not to hold Lender responsible for any damages to me which may result from Lender's failure to make the adjustment and to let the Lender, at its option, apply any excess monies which I may have paid to partial prepayment of unpaid Principal.

5.   BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due.  A payment of Principal before it is due is called a "Prepayment". When I make a Prepayment, I will tell the Lender in writing that I am doing so.  The Lender may require that any partial Prepayments be made on the date my regularly scheduled payments are due. If I make a partial Prepayment, there will be no changes in the due dates or amount of my regularly scheduled payments unless the Lender agrees to those changes in writing. I may pay deferred interest on this Note at any time without charge and such payment will not be considered a "Prepayment" of Principal.  During the first 3 years of the loan term if I make one or more Prepayments that, in the aggregate, exceed $5,000 in any calendar month, I must pay a prepayment charge equal to 2% of the amount such Prepayments exceed $5,000 in that calendar month. After the first 3 years of the loan term, I may make a full or partial Prepayment without paying any prepayment charge.

6.   MAXIMUM LOAN CHARGES

0042956367

**(B)   Default**

I will be in default if (i) I do not pay the full amount of each monthly payment on the date it is due; or (ii) I fail to perform any of my promises or agreements under this Note or the Security Instrument; or (iii) any statement made in my application for this loan was materially false or misleading or if any statement in my application for this loan was materially false or misleading by reason of my omission of certain facts; or (iv) I have made any other statement to Lender in connection with this loan that is materially false or misleading.

**(C)   Notice of Default**

If I am in default, the Lender may send me a written notice, called "Notice of Default," telling me that if I do not pay the overdue amount by a certain date, the Lender may require me to pay immediately the amount of Principal which has not been paid and all the interest I owe on that amount, plus any other amounts due under the Security Instrument.

**(D)   No Waiver by Lender**

Even if, at a time when I am in default, the Lender does not require me to pay immediately in full as described above, the Lender will still have the right to do so if I am in default at a later time.

**(E)   Payment of Lender's Costs and Expenses**

The Lender will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses may include, for example, reasonable attorneys' fees and court costs.

**8.   GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me or any Borrower at **638 MOLINAR AVE, LA PUENTE, CA  91744-4026**, or at a single alternative address if I give the Lender notice of my alternative address. I may give notice to Lender of a change in my address in writing or by calling Lender's customer service telephone number provided on my billing statement. I may designate only one mailing address at a time for notification purposes.

Except as permitted above for changes of address, any notice that must be given to the Lender under this Note will be given by mailing it by first class mail to the Lender at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**9.   OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who takes over these obligations is also obligated to keep all of the promises made in this Note. The Lender may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**10.   WAIVERS**

I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Lender to demand payment of amounts due. "Notice of Dishonor" means the right to require the Lender to give notice to other persons that amounts due have not been paid.

**11.   SECURED NOTE - ACCELERATION**

In addition to the protections given to the Lender under this Note, the Security Instrument dated the same date as this Note gives the Lender security against which it may proceed if I do not keep the promises which I made in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note and includes the following Paragraph **26**:

**AGREEMENTS ABOUT LENDER'S RIGHTS IF THE PROPERTY IS SOLD OR TRANSFERRED**

<u>Acceleration of Payment of Sums Secured.</u> Lender may, at its option, require immediate payment in full of all Sums Secured by this Security Instrument if all or any part of the Property, or if any right in the Property, is sold or transferred

0042956367

**Exception to Acceleration of Payment of Sums Secured.** If the sale or transfer of all or any part of the Property, or of a beneficial interest in Borrower, if Borrower is not a natural Person, is the first one to occur after the date of this Security Instrument, Lender will not exercise the option to accelerate payment in full of all Sums Secured and the loan may be assumed if

(i)    Lender receives a completed written application from transferee to evaluate the creditworthiness of transferee as if a new loan were being made to the transferee by Lender;

(ii)   Lender approves the creditworthiness of the transferee in writing,

(iii)  transferee makes a cash downpayment sufficient to meet Lender's then current underwriting standards;

(iv)  an assumption fee, in an amount to be determined by Lender (but not to exceed 1% of the balance of Principal and Interest due under the Secured Notes at the time of sale or transfer of the Property or of the interest in the Borrower) is paid to Lender; and

(v)   the transferee executes an assumption agreement which is satisfactory to Lender

The loan may be assumed under its then existing terms and conditions with one exception; the Lifetime Rate Cap may be changed. The Lifetime Rate Cap shall be changed to an interest rate which is the sum of the interest rate in effect on the date of a sale or transfer of the Property or beneficial interest in Borrower plus 5 percentage points, if that sum exceeds the Lifetime Rate Cap stated in the Secured Notes.

## 12.  GOVERNING LAW; SEVERABILITY

This Note shall be governed by and construed under federal law and federal rules and regulations including those for federally chartered savings institutions, called "Federal Law." In the event that any of the terms or provisions of this Note are interpreted or construed by a court of competent jurisdiction to be void, invalid or unenforceable, such decision shall affect only those provisions so construed or interpreted and shall not affect the remaining provisions of this Note.

## 13.  CLERICAL ERRORS

In the event the Lender at any time discovers that this Note or the Security Instrument or any other document related to this loan, called collectively the "Loan Documents," contains an error which was caused by a clerical mistake, calculation error, computer error, printing error or similar error, I agree, upon notice from the Lender, to reexecute any Loan Documents that are necessary to correct any such error(s) and I also agree that I will not hold the Lender responsible for any damage to me which may result from any such error.

## 14.  LOST, STOLEN OR MUTILATED DOCUMENTS

If any of the Loan Documents are lost, stolen, mutilated or destroyed and the Lender delivers to me an indemnification in my favor signed by the Lender, then I will sign and deliver to the Lender a Loan Document identical in form and content which will have the effect of the original for all purposes.

THIS SPACE INTENTIONALLY LEFT BLANK; SIGNATURE PAGE FOLLOWS.

0042955367

SIGNATURE PAGE

NOTICE TO BORROWER(S):

BY SIGNING THIS NOTE YOU AGREE TO PAY A PREPAYMENT CHARGE IN CERTAIN CIRCUMSTANCES. PLEASE CAREFULLY READ THIS ENTIRE NOTE (INCLUDING THE PREPAYMENT PROVISION) BEFORE YOU SIGN IT.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED

(PLEASE SIGN YOUR NAME EXACTLY AS IT APPEARS BELOW)

BORROWER(S):

_____ (Seal)

TITO AGUIRRE

Branch :ILA,User :AD17          Order: 0000000   Title Officer: 00   Comment:          Station Id :PT6X



This page is part of your document • DO NOT DISCARD



## 20130374891



Pages:
0006

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**03/13/13 AT 08:00AM**

| | |
|---|---|
| FEES: | 27.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 27.00 |



LEADSHEET



201303138120001

00007379484



004710322

SEQ:
09

DAR - Title Company (Hard Copy)



THIS FORM IS NOT TO BE DUPLICATED          t35

LOS ANGELES,CA                    Page 1 of 5          Printed on 9/15/2014 12:19:54 PM
Document: ND 2013.374891

Recording requested by:
**LSI Title Company**

When Recorded Mail To:
**NDEx West, L.L.C.**
**15000 Surveyor Boulevard, Suite 500**
**Addison, Texas 75001-9013**

APN #: 8251-021-020
Property Address:
**638 MOLINAR AVE**
**LA PUENTE, CALIFORNIA 91744**

DFF20130015000535



Space above this line for Recorder's use only

Trustee Sale No. : 20130015000535          Title Order No.: 130036458

## IMPORTANT NOTICE
## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER
## DEED OF TRUST

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT ACTION, and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until approximately 90 days from the date this Notice of Default may be recorded (which date of recordation appears on this notice).**

This amount is $8,571.47 as of 03/11/2013 and will increase until your account becomes current. While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition of reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than three months after this notice of default is recorded) to, among other things. (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor

FCUS_NoticeOfDefault.rpt - Record - (10/31/2012) - Ver-35                                    Page 1 of 2

EXHIBIT A to Notice of Removal
Page 70

Branch :1LA,User :AD17          Order: 0000000  Title Officer: 00  Comment:          Station Id :PT6X

3

**IMPORTANT NOTICE**
NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

Trustee Sale No. : 20130015000535          Title Order No.: 130036458

permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact:

**WELLS FARGO HOME MORTGAGE, A DIVISION OF WELLS FARGO BANK, N.A.**
c/o NDEX WEST, LLC
15000 Surveyor Boulevard, Suite 500
Addison, Texas 75001-9013
(866) 795-1852

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan.
Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure.

## REMEMBER, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

NOTICE IS HEREBY GIVEN THAT: NDEX WEST, LLC is the original Trustee, duly appointed Substituted Trustee, or acting as Agent for the Trustee or Beneficiary under a Deed of Trust dated 05/12/2006, executed by TITO AGUIRRE, as Trustor, to secure obligations in favor of WORLD SAVINGS BANK, FSB, as Beneficiary Recorded on 05/23/2006 as Instrument No. 06 1129992 of official records in the Office of the Recorder of LOS ANGELES County, California, as more fully described on said Deed of Trust.   Including a Note(s)/ Unconditional Guaranty which had a principal amount of $301,000.00 that the beneficial interest under said Deed of Trust and the obligations secured thereby are presently held by the Beneficiary; that a breach of, and default in, the obligations for which said Deed of Trust is security has occurred in that the payment has not been made of:

THE INSTALLMENT OF PRINCIPAL AND INTEREST WHICH BECAME DUE ON 11/1/2012 AND ALL SUBSEQUENT INSTALLMENTS, TOGETHER WITH LATE CHARGES AS SET FORTH IN SAID NOTE AND DEED OF TRUST, ADVANCES, ASSESSMENTS, FEES, AND/OR TRUSTEE FEES, IF ANY.

NOTHING IN THIS NOTICE SHALL BE CONSTRUED AS A WAIVER OF ANY FEES OWING TO THE BENEFICIARY UNDER THE DEED OF TRUST, PURSUANT TO THE TERMS OF THE LOAN DOCUMENTS.

That by reason thereof, the present beneficiary under said Deed of Trust and/or its loan servicer hereby declare(s) all obligations secured thereby immediately due and payable, invoke(s) the power of sale under said Deed of Trust, and elect(s) to sell the property described therein in satisfaction of those obligations without prejudice to any other default remedies permitted by applicable law.

FCUS_NoticeOfDefault.rpt - Record - (10/31/2012) - Ver-35                          Page 2 of 3

LOS ANGELES,CA                          Page 3 of 5          Printed on 9/15/2014 12:19:54 PM
Document: ND 2013.374891

EXHIBIT A to Notice of Removal
Page 71

Branch :1LA,User :AD17          Order: 0000000  Title Officer: 00   Comment:                    Station Id :PT6X

4

**IMPORTANT NOTICE**
**NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST**

Trustee Sale No. : 20130015000535          Title Order No.: 130036458

**DATED: 03/11/2013**

**NDEX WEST, LLC as Agent for Beneficiary**

_____
**By:**

Rachel Silverman

FCUS_NoticeOfDefault.rpt - Record - (10/31/2012) - Ver-35                    Page 3 of 3

LOS ANGELES,CA                      Page 4 of 5              Printed on 9/15/2014 12:19:54 PM
Document: ND 2013.374891

EXHIBIT A to Notice of Removal
Page 72

Branch :1LA.User :AD17                Order: 0000000  Title Officer: 00  Comment:                    Station Id :PT6X

(Page 2 of 2)                                                                                          5

# DECLARATION OF COMPLIANCE
*(California Civil Code Section 2923.55(c))*

Wells Fargo Bank, N.A.
3476 Stateview Blvd.
Fort Mill, SC 29715

Borrower(s): TITO AGUIRRE

Property Address: 638 MOLINAR AVE
                   LA PUENTE CA 91744

The undersigned, as an authorized agent or employee of the mortgage servicer named below, declares that:

1. ☒ The mortgage servicer has contacted the borrower pursuant to California Civil Code §2923.55(b)(2) to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure". Thirty (30) days, or more, have passed since the initial contact was made.

2. ☐ The mortgage servicer has exercised due diligence to contact the borrower pursuant to California Civil Code §2923.55(f) to "assess the borrower's financial situation and explore options for the borrower to avoid foreclosure". Thirty (30) days, or more, have passed since these due diligence efforts were satisfied.

3. ☐ No contact was required by the mortgage servicer because the individual(s) identified above did not meet the definition of "borrower" pursuant to subdivision (c) of California Civil Code §2920.5.

4. ☐ The requirements of California Civil Code §2923.55 do not apply because the loan is not secured by a first lien mortgage or deed of trust on "owner-occupied" residential real property as defined by California Civil Code §2924.15(a).

I certify that this declaration is accurate, complete and supported by competent and reliable evidence which the mortgage servicer has reviewed to substantiate the borrower's default and the right to foreclose, including the borrower's loan status and loan information.

Wells Fargo Bank, N.A.

By: *Micaela D Hayes*
Name:         Micaela D Hayes
Title:          VP of Loan Documentation
Date:         02/14/2013

053_CA_V3

LOS ANGELES,CA                           Page 5 of 5                    Printed on 9/15/2014 12:19:55 PM
Document: ND 2013.374891

Branch :ILA,User :AD17          Order: 0000000  Title Officer: 00   Comment:                          Station Id :PT6X



This page is part of your document - DO NOT DISCARD



# 20130893076

Pages:
0003

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**06/14/13 AT 08:00AM**

| FEES: | 21.00 |
|-------|-------|
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 21.00 |



LEADSHEET



201306140280005

00007869943



004936440

SEQ:
11

DAR - Title Company (Hard Copy)



THIS FORM IS NOT TO BE DUPLICATED          t35

LOS ANGELES,CA                    Page 1 of 3              Printed on 9/15/2014 12:19:55 PM
Document: NT 2013.893076

EXHIBIT A to Notice of Removal
Page 74

Branch :II.A.User :AD17          Order: 0000000  Title Officer: 00   Comment:                    Station Id :PT6X

2

Recording requested by:
**LSI Title Company**

When Recorded Mail To:
**NDEx West, L.L.C.**
**15000 Surveyor Boulevard, Suite 500**
**Addison, Texas 75001-9013**
**(866) 795-1852**

APN #: 8251-021-020
Property Address:
**638 MOLINAR AVE**
**LA PUENTE, CALIFORNIA 91744**




NOTS20130015000535

Space above this line for Recorder's use only

Trustee Sale No. : 20130015000535     Title Order No.: 130036458     FHA/VA/PMI No.:

## NOTICE OF TRUSTEE'S SALE

**ATTENTION RECORDER: THE FOLLOWING REFERENCE TO AN ATTACHED SUMMARY APPLIES ONLY TO COPIES PROVIDED TO THE TRUSTOR, NOT TO THIS RECORDED ORIGINAL NOTICE.**

### NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED

注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI
LIỆU NÀY

YOU ARE IN DEFAULT UNDER A DEED OF TRUST, DATED 05/12/2006. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.

**NDEx West, L.L.C.**, as duly appointed Trustee under and pursuant to Deed of Trust **Recorded on 05/23/2006 as Instrument No. 06 1129992** of official records in the office of the County Recorder of LOS ANGELES County, State of CALIFORNIA.
EXECUTED BY:        **TITO AGUIRRE**,
WILL SELL AT PUBLIC AUCTION TO HIGHEST BIDDER FOR CASH, CASHIER'S CHECK/CASH EQUIVALENT or other form of payment authorized by California Civil Code 2924h(b), (payable at time of sale in lawful money of the United States).
DATE OF SALE:    **07/17/2013**    TIME OF SALE:    **11:00 AM**
PLACE OF SALE:    **BY THE FOUNTAIN LOCATED AT 400 CIVIC CENTER PLAZA, POMONA, CA 91766.**
STREET ADDRESS and other common designation, if any, of the real property described above is purported to be:
                    **638 MOLINAR AVE, LA PUENTE, CALIFORNIA 91744**
APN#:        **8251-021-020**

The undersigned Trustee disclaims any liability for any incorrectness of the street address and other common designation, if any, shown herein. Said sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by said Deed of Trust, with interest thereon, as provided in said note(s), advances, under the terms of said Deed of Trust, fees, charges
FCUS NoticeOfTrusteeSale.rpt - Record - 05/29/2013 - Ver-38                                    **Page 1 of 2**

1 1

EXHIBIT A to Notice of Removal
Page 75

Branch :ILA,User :AD17       Order: 0000000  Title Officer: 00  Comment:        Station Id :PT6X

| Trustee Sale No.: 20130015000535 | Title Order No.: 130036458 | FHA/VA/PMI No.: |
|---|---|---|



and expenses of the Trustee and of the trusts created by said Deed of Trust. The total amount of the unpaid balance of the obligation secured by the property to be sold and reasonable estimated costs, expenses and advances at the time of the initial publication of the Notice of Sale is $272,454.73. The beneficiary under said Deed of Trust heretofore executed and delivered to the undersigned a written Declaration of Default and Demand for Sale, and a written Notice of Default and Election to Sell. The undersigned caused said Notice of Default and Election to Sell to be recorded in the county where the real property is located.

**NOTICE TO POTENTIAL BIDDERS:** If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on the property.

**NOTICE TO PROPERTY OWNER:** The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may call 714-730-2727 for information regarding the trustee's sale or visit this Internet Web site www.lpsasap.com for information regarding the sale of this property, using the file number assigned to this case 20130015000535. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale.

FOR TRUSTEE SALE INFORMATION PLEASE CALL:
**AGENCY SALES & POSTING 2**
**3210 EL CAMINO REAL, SUITE 200**
**IRVINE, CA 92602**
**714-730-2727**
**www.lpsasap.com**

NDEx West, L.L.C. MAY BE ACTING AS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

NDEx West, L.L.C. as Trustee

BY: Tanna Vazquez          Dated: 06/12/2013

LOS ANGELES,CA          Page 3 of 3         Printed on 9/15/2014 12:19:55 PM
Document: NT 2013.893076

Branch :I.LA.User :AD17                    Order: 0000000  Title Officer: 00  Comment:                    Station Id :PT6X



This page is part of your document - DO NOT DISCARD



# 20131403791

Pages:
0003

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**09/27/13 AT 08:00AM**

| | |
|---|---|
| FEES: | 21.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 21.00 |



**L E A D S H E E T**



201309271030002

00008360781



005800392

**SEQ:**
**12**

DAR - Title Company (Hard Copy)



**THIS FORM IS NOT TO BE DUPLICATED**          t35

LOS ANGELES,CA                    Page 1 of 3                    Printed on 9/15/2014 12:19:55 PM
Document: NT 2013.1403791

Branch :ILA,User :AD17        Order: 0000000  Title Officer: 00  Comment:        Station Id :PT6X

*2*

Recording requested by:
**LSI Title Company**

When Recorded Mail To:
**NDEx West, L.L.C.**
**15000 Surveyor Boulevard, Suite 500**
**Addison, Texas 75001-9013**
**(866) 795-1852**

APN #: 8251-021-020
Property Address:
**638 MOLINAR AVE**
**LA PUENTE, CALIFORNIA 91744**



09/27/2013

*20131403791*

NOTS20130015000535

Space above this line for Recorder's use only

Trustee Sale No. : 20130015000535        Title Order No.: 130036458        FHA/VA/PMI No.:

## NOTICE OF TRUSTEE'S SALE

**ATTENTION RECORDER:** THE FOLLOWING REFERENCE TO AN ATTACHED SUMMARY APPLIES ONLY TO COPIES PROVIDED TO THE TRUSTOR, NOT TO THIS RECORDED ORIGINAL NOTICE.

### NOTE: THERE IS A SUMMARY OF THE INFORMATION IN THIS DOCUMENT ATTACHED
注：本文件包含一个信息摘要
참고사항: 본 첨부 문서에 정보 요약서가 있습니다
### NOTA: SE ADJUNTA UN RESUMEN DE LA INFORMACIÓN DE ESTE DOCUMENTO
### TALA: MAYROONG BUOD NG IMPORMASYON SA DOKUMENTONG ITO NA NAKALAKIP
### LƯU Ý: KÈM THEO ĐÂY LÀ BẢN TRÌNH BÀY TÓM LƯỢC VỀ THÔNG TIN TRONG TÀI
### LIỆU NÀY

YOU ARE IN DEFAULT UNDER A DEED OF TRUST, DATED 05/12/2006. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.

NDEx West, L.L.C., as duly appointed Trustee under and pursuant to Deed of Trust **Recorded on 05/23/2006 as Instrument No. 06 1129992** of official records in the office of the County Recorder of LOS ANGELES County, State of CALIFORNIA.
**EXECUTED BY:        TITO AGUIRRE,**
WILL SELL AT PUBLIC AUCTION TO HIGHEST BIDDER FOR CASH, CASHIER'S CHECK/CASH EQUIVALENT or other form of payment authorized by California Civil Code 2924h(b), (payable at time of sale in lawful money of the United States).
**DATE OF SALE:        10/23/2013        TIME OF SALE:        11:00 AM**
**PLACE OF SALE:        BY THE FOUNTAIN LOCATED AT 400 CIVIC CENTER PLAZA, POMONA, CA 91766.**
**STREET ADDRESS** and other common designation, if any, of the real property described above is purported to be:
**638 MOLINAR AVE, LA PUENTE, CALIFORNIA 91744**
**APN#:        8251-021-020**

The undersigned Trustee disclaims any liability for any incorrectness of the street address and other common designation, if any, shown herein. Said sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to pay the remaining principal sum of the note(s) secured by said Deed of Trust, with interest thereon, as provided in said note(s), advances, under the terms of said Deed of Trust, fees, charges
FCUS_NoticeOfTrusteeSale.rpt - Record - 05/23/2013 - Ver-38

Page 1 of 2

*12*

EXHIBIT A to Notice of Removal
Page 78

Branch :ILA.User :AD17          Order: 0000000  Title Officer: 00  Comment:                    Station Id :PT6X

*3*

| Trustee Sale No. : 20130015000535 | Title Order No.: 130036458 | FHA/VA/PMI No.: |
|---|---|---|

and expenses of the Trustee and of  the trusts created by said Deed of Trust. The total amount of the unpaid balance of the obligation secured by the property to be sold and reasonable estimated costs, expenses and advances at the time of the initial publication of the Notice of Sale is **$276,083.79**. The beneficiary under said Deed of Trust heretofore executed and delivered to the undersigned a written Declaration of Default and Demand for Sale, and a written Notice of Default and Election to Sell. The undersigned caused said Notice of Default and Election to Sell to be recorded in the county where the real property is located.

**NOTICE TO POTENTIAL BIDDERS:** If you are considering bidding on this property lien, you should understand that there are risks involved in bidding at a trustee auction. You will be bidding on a lien, not on the property itself. Placing the highest bid at a trustee auction does not automatically entitle you to free and clear ownership of the property. You should also be aware that the lien being auctioned off may be a junior lien. If you are the highest bidder at the auction, you are or may be responsible for paying off all liens senior to the lien being auctioned off, before you can receive clear title to the property. You are encouraged to investigate the existence, priority, and size of outstanding liens that may exist on this property by contacting the county recorder's office or a title insurance company, either of which may charge you a fee for this information. If you consult either of these resources, you should be aware that the same lender may hold more than one mortgage or deed of trust on the property.

**NOTICE TO PROPERTY OWNER:** The sale date shown on this notice of sale may be postponed one or more times by the mortgagee, beneficiary, trustee, or a court, pursuant to Section 2924g of the California Civil Code. The law requires that information about trustee sale postponements be made available to you and to the public, as a courtesy to those not present at the sale. If you wish to learn whether your sale date has been postponed, and, if applicable, the rescheduled time and date for the sale of this property, you may call 714-730-2727 for information regarding the trustee's sale or visit this Internet Web site www.lpsasap.com for information regarding the sale of this property, using the file number assigned to this case 20130015000535. Information about postponements that are very short in duration or that occur close in time to the scheduled sale may not immediately be reflected in the telephone information or on the Internet Web site. The best way to verify postponement information is to attend the scheduled sale.

FOR TRUSTEE SALE INFORMATION PLEASE CALL:
**AGENCY SALES & POSTING 2**
**3210 EL CAMINO REAL, SUITE 200**
**IRVINE, CA 92602**
**714-730-2727**
www.lpsasap.com

NDEx West, L.L.C. as Trustee

BY: Ric Juarez          **Associate Director**

NDEx West, L.L.C. MAY BE ACTING AS A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT. ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

Dated: 09/25/2013

FCUS NoticeOfTrusteeSale.rpt - Record - 05/29/2013 - Ver-38

LOS ANGELES,CA                    Page 3 of 3                    Printed on 9/15/2014 12:19:55 PM
Document: NT 2013.1403791

EXHIBIT B

SUMMONS

SUM-100

**(CITACION JUDICIAL)**

NOTICE TO DEFENDANT:
*(AVISO AL DEMANDADO):*

WELLS FARGO BANK, NATIONAL ASSOCIATION a National
Bank; (Additional Party Summons Attached)

YOU ARE BEING SUED BY PLAINTIFF:
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

TITO AGUIRRE, an individual.

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JAN 28 2015

Sherri R. Carter, Executive Officer/Clerk
By Jacqueline Gonzalez, Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Los Angeles Superior Court<br><br>Pomona Courthouse<br>400 Civic Center Plaza, Pomona, CA 91766 | CASE NUMBER<br>*(Número del Caso)*<br><br>**KC067406** |

FEB 11 15  7:38AM

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
September J. Katje 100 N. Citrus Street Suite 408, West Covina, CA 91730  (800) 787-5616

| DATE: January 28, 2015<br>*(Fecha)* | SHERRI R. CARTER | Clerk, by<br>*(Secretario)* | J. GONZALEZ | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

NOTICE TO THE PERSON SERVED: You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):

3. ☒ on behalf of (specify): WELLS FARGO BANK

under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)   ☐ CCP 415.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other (specify):
4. ☐ by personal delivery on (date): 2/10/15

CASE ASSIGNED FOR
ALL PURPOSES TO
JUDGE ROBERT A. DUKES
DEPT. O

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | SUMMONS | Page 1 of 1<br>Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |

SUM-200(A)

| SHORT TITLE. | CASE NUMBER |
|---|---|
| Aguirre v. Wells Fargo Bank, National Association, et al. | |

## INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties
   Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff    ☑ Defendant    ☐ Cross-Complainant    ☐ Cross-Defendant

NDEX WEST, LLC, a Texas Limited Liability Company; and all persons or entities unknown claiming any
legal or equitable right, title, estate, lien or interest in the property described in this complaint adverse to
Plaintiff's title thereto; and DOES 1 through 25, inclusive.

Page __2__ of __2__

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| September J. Katje, Esq. (SBN 227896), Jeffrey J. Ogorek, Esq. (SBN 285927)<br>Consumer Litigation Law Center, APC<br>100 North Citrus Street, Suite 408<br>West Covina, CA 91791<br>TELEPHONE NO. (800) 787-5616     FAX NO. (888) 909-7947<br>ATTORNEY FOR *(Name):* Plaintiff Tito Aguirre | **CONFORMED COPY<br>ORIGINAL FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>JAN 28 2015<br><br>Sherri R. Carter, Executive Officer/Clerk<br><br>By Jacqueline Gonzalez, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 400 Civic Center Plaza
MAILING ADDRESS: Same
CITY AND ZIP CODE: Pomona, CA 91766
BRANCH NAME: Pomona Courthouse

CASE NAME:
Aguirre v. Wells Fargo Bank, National Association, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER |
|---|---|---|
| [✓] Unlimited     [ ] Limited<br>(Amount         (Amount<br>demanded        demanded is<br>exceeds $25,000)   $25,000 or less) | [ ] Counter     [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **KC067406**<br>JUDGE<br>DEPT |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03) |
| Other PI/PD/WD (Personal Injury/Property | [ ] Other collections (09) | [ ] Construction defect (10) |
| Damage/Wrongful Death) Tort | [ ] Insurance coverage (18) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [✓] Other contract (37) | [ ] Securities litigation (28) |
| [ ] Product liability (24) | Real Property | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | [ ] Eminent domain/Inverse | [ ] Insurance coverage claims arising from the |
| [ ] Other PI/PD/WD (23) | condemnation (14) | above listed provisionally complex case |
| Non-PI/PD/WD (Other) Tort | [ ] Wrongful eviction (33) | types (41) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | Enforcement of Judgment |
| [ ] Civil rights (08) | Unlawful Detainer | [ ] Enforcement of judgment (20) |
| [ ] Defamation (13) | [ ] Commercial (31) | Miscellaneous Civil Complaint |
| [ ] Fraud (16) | [ ] Residential (32) | [ ] RICO (27) |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Other complaint (*not specified above*) (42) |
| [ ] Professional negligence (25) | Judicial Review | Miscellaneous Civil Petition |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | [ ] Partnership and corporate governance (21) |
| Employment | [ ] Petition re: arbitration award (11) | [ ] Other petition (*not specified above*) (43) |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is   [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties          d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel      e. [ ] Coordination with related actions pending in one or more courts
          issues that will be time-consuming to resolve                  in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence             f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action (specify): 12
5. This case [ ] is   [✓] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. *(You may use form CM-015.)*

Date: January 28, 2015
Jeffrey J. Ogorek, Esq.
(TYPE OR PRINT NAME)                                              ▶ *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
      or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

| SHORT TITLE: TAguirre v. Wells Fargo Bank, National Association, et al. | CASE NUMBER KC067406 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

| This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court. |
|---|

Item I.  Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES    CLASS ACTION? ☐ YES  LIMITED CASE? ☐ YES  TIME ESTIMATED FOR TRIAL 3-4  ☐ HOURS/ ☑ DAYS

Item II. Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

Step 1: After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

Step 2: Check one Superior Court type of action in Column B below which best describes the nature of this case.

Step 3: In Column C, circle the reason for the court location choice that applies to the type of action you have checked.  For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

Step 4: Fill in the information requested on page 4 in Item III; complete Item IV.  Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons –<br>See Step 3 Above |
|---|---|---|---|
| Auto<br>Tort | Auto (22) | ☐  A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐  A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/ Property Damage/ Wrongful Death Tort | Asbestos (04) | ☐  A6070  Asbestos Property Damage | 2. |
| | | ☐  A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐  A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐  A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐  A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐  A7250  Premises Liability (e.g., slip and fall) | 1., 4 |
| | | ☐  A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐  A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐  A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

Local Rule 2.0
Page 1 of 4

| SHORT TITLE | TAguirre v. Wells Fargo Bank, National Association, et al. | CASE NUMBER | |
|---|---|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty<br>(06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☒ A6009  Contractual Fraud | 1., 2., 3., 5 |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5 |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8 |
| **Real Property** | Eminent Domain/Inverse<br>Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6 |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial<br>(31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential<br>(32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6 |
| | Unlawful Detainer-<br>Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

EXHIBIT B to Notice of Removal
Page 85

| SHORT TITLE: Aguirre v. Wells Fargo Bank, National Association, et al. | CASE NUMBER | |
|---|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2., 9. |
| | | ☐ A6160  Abstract of Judgment | 2., 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121  Civil Harassment | 2., 3., 9 |
| | | ☐ A6123  Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190  Election Contest | 2. |
| | | ☐ A6110  Petition for Change of Name | 2., 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2., 3., 4., 8 |
| | | ☐ A6100  Other Civil Petition | 2., 9 |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

EXHIBIT B to Notice of Removal
Page 86

| SHORT TITLE | CASE NUMBER |
|---|---|
| Aguirre v. Wells Fargo Bank, National Association, et al. | |

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3 on Page 1**, as the proper reason for filing in the court location you selected.

| | ADDRESS |
|---|---|
| **REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.**  ☐1. ☐2. ☑3. ☐4. ☑5. ☐6. ☐7. ☐8. ☐9. ☐10. | 638 Molinar Avenue |

| CITY | STATE | ZIP CODE |
|---|---|---|
| La Puente | CA | 91744 |

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Pomona___ courthouse in the ___East___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: ___January 28, 2015___

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1.  Original Complaint or Petition.

2.  If filing a Complaint, a completed Summons form for issuance by the Clerk.

3.  Civil Case Cover Sheet, Judicial Council form CM-010.

4.  Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5.  Payment in full of the filing fee, unless fees have been waived.

6.  A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7.  Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

EXHIBIT B to Notice of Removal
Page 87

NOTICE SENT TO:

KATJE, SEPTEMBER J.
100 N Citrus Street
Suite 408
Covina               CA   91791

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JAN 30 2015

Sherri R. Carter, Executive Officer/Clerk
By Lordie Olmos, Deputy

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | CASE NUMBER |
|---|---|---|
| TITO AGUIRE | Plaintiff(s), | KC067406 |
| VS. | | |
| WELLS FARGO BANK | Defendant(s). | **NOTICE OF CASE MANAGEMENT CONFERENCE** |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for <u>June 17, 2015</u> at <u>8:30 am</u> in <u>Dept. EA O</u> at 400 Civic Center Plaza, Pomona, California, 91766.

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least **15 calendar days** prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, section 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 7.13, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b), and California Rules of Court 2.2 et seq.

Date: <u>January 30, 2015</u>

Judicial Officer

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[  ] by depositing in the United States mail at the courthouse in Pomona, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[  ] by personally giving the party notice upon filing the complaint.
Date: <u>January 30, 2015</u>

Sherri R. Carter, Executive Officer/Clerk

by _____ Deputy Clerk

Cal. Rules of Court, rule 3.720-3.730

LACIV 132 (Rev. 09/07)

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
~~TIME STAMP~~

JAN 30 2015

Sherri R. Carter, Executive Officer/Clerk
By Londie Olmos, Deputy

NOTICE SENT TO:

KATJE, SEPTEMBER J.
100 N Citrus Street
Suite 408
Covina                 CA    91791

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| TITO AGUIRE | Plaintiff(s), | CASE NUMBER |
| VS. | | KC067406 |
| WELLS FARGO BANK | Defendant(s). | ORDER TO SHOW CAUSE HEARING |

To the party/attorney of record:

You are ordered to appear for an Order to Show Cause Hearing on May 7, 2015 at 8:30 am in Dept. EA O of this court, East District, 400 Civic Center Plaza, Pomona, California 91766, and show cause why sanctions should not be imposed for:

Failure to file Proof of Service of [ ] Petition [ ] Summons and [ ] Complaint [ ] Cross-Complaint pursuant to California Rules of Court, rule 3.110(b) and (c) as to:

Failure to comply or appear may result in sanctions, pursuant to one or more of the following: California Rules of Court, rule 2.30, and rule 3.1340; Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.310, 583.360, 583.410, 583.420, 583.430; and Government Code section 68608.

[ ] To avoid a mandatory appearance all required documents must be filed in [ ] this Dept [ ] Clerk's Office, Room _____ at least 5 court days prior to the date of the hearing.

[ ] The Court may infer from your failure to appear that possession of the premises is no longer at issue, and that your case is not entitled to preference in setting pursuant to Code of Civil Procedure section 1179a.

[ ] You are ordered to give notice of said hearing forthwith to any party served with summons and complaint prior to OSC Hearing and file a Proof of Service in this department or Clerk's Office at least 5 court days prior to the date of the hearing.

Dated: January 30. 2015

_____
Judicial Officer

### CERTIFICATE OF MAILING

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Order to Show Cause Hearing upon each party or counsel named above by depositing in the United States mail at the courthouse in Pomona, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown above with the postage thereon fully prepaid.

Date: January 30, 2015

Sherri R. Carter, EXECUTIVE OFFICER/CLERK

By_____ Deputy Clerk

ORDER TO SHOW CAUSE HEARING

LACIV 166-1 (Rev. 09/08)                                      LASC Local Rules, Chapter 7

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 02/02/15 | | DEPT. O |
|---|---|---|
| HONORABLE ROBERT A. DUKES   JUDGE | M. VASQUEZ | DEPUTY CLERK |
| HONORABLE   JUDGE PRO TEM<br>COURT ORDER<br>L. OLMOS, C.A.   Deputy Sheriff | ELECTRONIC RECORDING MONITOR<br><br>NONE   Reporter |

| 9:00 am | KC067406 | Plaintiff<br>Counsel | |
|---|---|---|---|
| | TITO AGUIRE<br>VS<br>WELLS FARGO BANK | Defendant<br>Counsel | No Appearances |
| | 01/28/15<br>*170.6 CCP JUDGE ROBERT A. DUKE | | |

**NATURE OF PROCEEDINGS:**

PEREMPTORY CHALLENGE;

A Peremptory Challenge under Section 170.6 of the Code of Civil Procedure was filed herein on 1/30/15 by Plaintiff's counsel, Jeffrey Ogorek, Esq.

The Court finds that it was timely filed, in proper format, and it is accepted.

Pursuant to the directive of the Supervising Judge of the East District, the case is ordered reassigned to Judge Dan T. Oki sitting in Department EA J for all purposes.

The Order to Show Cause RE: Failure to File Proof of Service date of May 7, 2015, and the Case Management Conference date of June 17, 2015, both set in Department EA O at 8:30 a.m., are advanced to this date and are now re-set for the same date and time, but will be heard in Department EA J instead.

The Court Clerk is directed to give notice to Plaintiff's counsel. Counsel for Plaintiff is directed, by copy of this minute order, to give notice to all other parties.

CLERK'S CERTIFICATE OF MAILING

Page   1 of   2   DEPT. O

MINUTES ENTERED
02/02/15
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| DATE: 02/02/15 | | DEPT. O | |
|---|---|---|---|
| HONORABLE ROBERT A. DUKES | JUDGE | M. VASQUEZ | DEPUTY CLERK |
| HONORABLE COURT ORDER | JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| L. OLMOS, C.A. | Deputy Sheriff | NONE | Reporter |

| 9:00 am | KC067406 | Plaintiff Counsel | |
|---|---|---|---|
| | TITO AGUIRE VS WELLS FARGO BANK | Defendant Counsel | No Appearances |
| | 01/28/15 *170.6 CCP JUDGE ROBERT A. DUKE | | |

**NATURE OF PROCEEDINGS:**

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the
PEREMPTORY CHALLENGE MINUTE ORDER
upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in POMONA,
California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Dated: FEBRUARY 2, 2015

Sherri R. Carter, Executive Officer/Clerk

By: _____
            M. VASQUEZ

CONSUMER LITIGATION LAW CENTER, APC
Attn: Jeffrey J. Ogorek, Esq.
100 North Citrus Ave., Suite 408
West Covina, California 91791

Page    2 of   2    DEPT. O

MINUTES ENTERED
02/02/15
COUNTY CLERK

1
EDWARD A. TREDER
State Bar No. 116307
2
JAMES T. LEE
State Bar No. 110838
3
BARRETT DAFFIN FRAPPIER
TREDER & WEISS, LLP
4
20955 Pathfinder Road, Suite 300
Diamond Bar, California 91765
5
(626) 915-5714 – Phone
(626) 915-0289 – Fax
6
JamesL@BDFGroup.com
File No. 5093893
7

Attorneys for Defendant NDeX West, LLC

8

9                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                       **FOR THE COUNTY OF LOS ANGELES**

11

| | |
|---|---|
| TITO AGUIRRE, an individual, | CASE NO. KC067406 |
| Plaintiff, | UNLIMITED CIVIL |
| vs. | ASSIGNED FOR ALL PURPOSES TO: |
| WELLS FARGO BANK, NATIONAL ASSOCIATION, a National Bank; NDEX WEST, LLC, a Texas Limited Liability Company; and all persons or entities unknown claiming any legal or equitable right, title | HON. RORBERT A. DUKES  DEPT. O |
| | **NOTICE OF FILING DECLARATION OF NON-MONETARY STATUS** |
| Defendants. | (Civ. Code § 2924l) |

20          TO: ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:

21          YOU ARE HEREBY NOTIFIED that Defendant NDeX West, LLC has filed a

22   Declaration of Non-Monetary Status in this action as authorized by Civ. Code § 2924l(a). A

23   true and correct copy of the Declaration of Non-Monetary Status is attached hereto as

24   Exhibit "1" and incorporated herein by this reference.

25          YOU ARE FURTHER NOTIFIED that, in accordance with Civ. Code § 2924l(c), any

26   parties who have appeared in this action shall have fifteen (15) days from the service of the

27   Declaration of Non-Monetary Status in which to file and serve written objections to the non-

28

1  monetary status of said defendant. Any written objections shall set forth the factual basis on

2  which the objections are based and shall be served upon the undersigned counsel for said

3  defendant. During the time for filing written objections, the time within which Defendant

4  NDeX, West, LLC is required to file a responsive pleading to plaintiff's Complaint shall be

5  tolled in accordance with the provisions of Civ. Code § 2924l(f).

6          YOU ARE FURTHER NOTIFIED that, in accordance with Civ. Code § 2924l(d), if no

7  timely written objections are filed and served, then NDeX West, LLC shall not be subject to

8  any monetary awards for damages, attorneys' fees or costs, shall be required to respond to

9  any discovery requests as a nonparty and shall be bound by any non-monetary orders or

10  judgment concerning the deed of trust that is the subject of the action.

11
                              BARRETT DAFFIN FRAPPIER
12                            TREDER & WEISS, LLP

13
    Dated:  March 5, 2015        By:
14
                              JAMES T. LEE, Attorneys for
15                            Defendant NDeX West, LLC

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1

EDWARD A. TREDER
State Bar No. 116307
JAMES T. LEE
State Bar No. 110838
BARRETT DAFFIN FRAPPIER
TREDER & WEISS, LLP
20955 Pathfinder Road, Suite 300
Diamond Bar, California 91765
(626) 915-5714 – Phone
(626) 915-0289 – Fax
JamesL@BDFGroup.com
File No. 5093893
Attorneys for Defendant NDeX West, LLC

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| TITO AGUIRRE, an individual, | CASE NO. KC067406 |
| Plaintiff, | UNLIMITED CIVIL |
| vs. | ASSIGNED FOR ALL PURPOSES TO: HON. RORBERT A. DUKES  DEPT. O |
| WELLS FARGO BANK, NATIONAL ASSOCIATION, a National Bank; NDEX WEST, LLC, a Texas Limited Liability Company; and all persons or entities unknown claiming any legal or equitable right, title | **DECLARATION OF NON-MONETARY STATUS** |
| | (Civ. Code § 2924l) |
| Defendants. | |

I, JAMES T. LEE, declare as follows:

1.     I am an attorney at law admitted to practice before all courts in the State of California. I am an attorney at Barrett Daffin Frappier Treder & Weiss, LLP, attorneys for Defendant NDeX West, LLC.

2.     By document recorded on February 25, 2013 as Instrument No. 20130284073 in the Office of the Los Angeles County Recorder, Defendant NDeX West, LLC was appointed as substitute trustee under that certain Deed of Trust executed by Tito Aguirre, a married man, in favor of World Savings Bank, FSB, its successors and assigns, to secure a debt in the original sum of $301,000.00, and recorded on May 23, 2006 as Instrument No. 061129992 in the Office of the Los Angeles County Recorder, conclusively establishing the substitute

1    trustee's authority under Civ. Code § 2934a(d). Said Deed of Trust created a first priority

2    security interest with power of sale against the real property described therein and

3    commonly known as 638 Molinar Ave., La Puente, California 91744.

4         3.   I have reviewed the claims alleged in plaintiff's Complaint and the relief

5    requested as to Defendant NDeX West, LLC. Based thereon, Defendant NDeX West, LLC

6    knows or maintains a reasonable belief that it has been named as a defendant solely in its

7    capacity as a substitute trustee under said Deed of Trust and that plaintiff does not assert

8    any legally viable claims for monetary relief against Defendant NDeX West, LLC. As a

9    matter of law, the mailing, publication and delivery of foreclosure notices and the execution

10   of statutory procedures are legally privileged under Civ. Code §§47(c)(1) and 2924(d). Thus,

11   a foreclosure trustee has *no* tort liability arising from performance of its duties without

12   alleging and proving specific facts to support a finding of malice. *Kachlon v. Markowitz*

13   (2008) 168 Cal.App.4th 316, 336 (affirming directed verdict on slander of title claim and

14   judgment notwithstanding the verdict on negligence claim).

15        4.   Defendant NDeX West, LLC reasonably believes that it has not been named as

16   a defendant due to any acts or omissions on its part in the performance of its limited duties

17   as substitute trustee because the facts alleged relate primarily to a loan origination, loan

18   servicing and/or loan modification dispute between plaintiff, their mortgage lender, and/or

19   loan servicer. Except for its handling of the non-judicial foreclosure, Defendant NDeX West,

20   LLC was not involved in originating or servicing of plaintiff's mortgage loan or processing

21   any loan modification request and served only in a limited capacity as substitute trustee to

22   process a non-judicial foreclosure in compliance with statutory procedures.

23        5.   Defendant NDeX West, LLC agrees to be bound by any non-monetary order

24   or judgment that may be issued by the court regarding said Deed of Trust.

25        6.   I have personal knowledge of the foregoing facts, and if called as a witness, I

26   would testify competently thereto.

27

28

1    I declare under penalty of perjury under the laws of the State of California that the

2    foregoing facts are true and correct.

3    Executed this 5TH day of March, 2015, at Diamond Bar, California.

4

5                                                    JAMES P. LEE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I, Roland Damasco, declare as follows:

I am employed in Los Angeles County at 20955 Pathfinder Road, Suite 300 Diamond Bar, California 91765. I am over the age of eighteen years and am not a party to this action.

On March 5, 2015, I served the attached document on the interested parties in this action, addressed as shown on the ATTACHED SERVICE LIST.

☐ BY MESSENGER, SAME DAY DELIVERY – By placing the document into an envelope addressed to each person shown on the service list and delivering the sealed envelope to a professional messenger service for personal, same day delivery.

☒ BY MAIL – By placing the document into an envelope and depositing the sealed envelope, with postage thereon fully prepaid, addressed to each person shown on the service list, for collection and mailing following ordinary business practices. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day in the ordinary course of business.

☐ BY EXPRESS MAIL – By placing the document into an envelope and depositing the sealed envelope, with Express Mail postage paid, addressed to each person shown on the service list, in a facility regularly maintained by the United States Postal Service for receipt of Express Mail.

☐ BY FEDERAL EXPRESS – By placing the document into an envelope and depositing the sealed envelope, with overnight delivery fees paid, addressed to each person shown on the service list, in a facility regularly maintained by Federal Express or delivering the same to a driver authorized by Federal Express to receive documents.

☐ BY FACSIMILE – By sending the document via facsimile from (626) 915-0289 to each person and facsimile number shown on the service list. The transmission was reported as complete and without error. A copy of the activity report(s) generated by the facsimile machine is attached hereto.

☐ BY EMAIL – By sending the document via email from RolandDa@BDFGroup.com to each person and email address shown on the service list

☒ STATE – I declare under penalty of perjury under the laws of the State of California that the foregoing facts are true and correct.

☐ FEDERAL – I declare under penalty of perjury under the laws of the United States of America that the foregoing facts are true and correct and that I am employed in the Office of a member of the Bar at whose direction the service was made.

Executed on March 5, 2015, at Diamond Bar, California.

ROLAND DAMASCO

1

**SERVICE LIST**
*Aguirre v. Wells Fargo Bank*
**Los Angeles County Superior Court Case No. KC067406**

2

3    CONSUMER LITIGATION LAW CENTER          Attorneys for Plaintiff

September J. Katje, Esq., SBN. 227896
4    Jeffrey J. Ogorek, Esq., SBN 285927
100 North Citrus Ave., Suite 408
5    West Covina, California 91791
Telephone:  (800) 787-5616
6    Fax:  (888) 909-7947
sk@consumerlitigationlawcenter
7    jjo@consumerlitigationlawcenter

8

9

10

11

12

13

·14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I, Roland Damasco, declare as follows:

     I am employed in Los Angeles County at 20955 Pathfinder Road, Suite 300 Diamond Bar, California 91765. I am over the age of eighteen years and am not a party to this action.

     On March 5, 2015, I served the attached document on the interested parties in this action, addressed as shown on the ATTACHED SERVICE LIST.

☐   BY MESSENGER, SAME DAY DELIVERY – By placing the document into an envelope addressed to each person shown on the service list and delivering the sealed envelope to a professional messenger service for personal, same day delivery.

☒   BY MAIL – By placing the document into an envelope and depositing the sealed envelope, with postage thereon fully prepaid, addressed to each person shown on the service list, for collection and mailing following ordinary business practices. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day in the ordinary course of business.

☐   BY EXPRESS MAIL – By placing the document into an envelope and depositing the sealed envelope, with Express Mail postage paid, addressed to each person shown on the service list, in a facility regularly maintained by the United States Postal Service for receipt of Express Mail.

☐   BY FEDERAL EXPRESS – By placing the document into an envelope and depositing the sealed envelope, with overnight delivery fees paid, addressed to each person shown on the service list, in a facility regularly maintained by Federal Express or delivering the same to a driver authorized by Federal Express to receive documents.

☐   BY FACSIMILE – By sending the document via facsimile from (626) 915-0289 to each person and facsimile number shown on the service list. The transmission was reported as complete and without error. A copy of the activity report(s) generated by the facsimile machine is attached hereto.

☐   BY EMAIL – By sending the document via email from RolandDa@BDFGroup.com to each person and email address shown on the service list

☒   STATE – I declare under penalty of perjury under the laws of the State of California that the foregoing facts are true and correct.

☐   FEDERAL – I declare under penalty of perjury under the laws of the United States of America that the foregoing facts are true and correct and that I am employed in the Office of a member of the Bar at whose direction the service was made.

     Executed on March 5, 2015, at Diamond Bar, California.

ROLAND DAMASCO

1

## SERVICE LIST
*Aguirre v. Wells Fargo Bank*

2

**Los Angeles County Superior Court Case No. KC067406**

3

CONSUMER LITIGATION LAW CENTER          Attorneys for Plaintiff

September J. Katje, Esq., SBN. 227896

4

Jeffrey J. Ogorek, Esq., SBN 285927

100 North Citrus Ave., Suite 408

5

West Covina, California 91791

Telephone:  (800) 787-5616

6

Fax:  (888) 909-7947

sk@consumerlitigationlawcenter

7

jjo@consumerlitigationlawcenter

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   EDWARD A. TREDER
      State Bar No. 116307
2   JAMES T. LEE
      State Bar No. 110838
3   BARRETT DAFFIN FRAPPIER
      TREDER & WEISS, LLP
4   20955 Pathfinder Road, Suite 300
      Diamond Bar, California 91765
5   (626) 915-5714 – Phone
      (626) 915-0289 – Fax
6   JamesL@BDFGroup.com
      File No. 5093893
7   Attorneys for Defendant NDeX West, LLC

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF LOS ANGELES**

| | |
|---|---|
| TITO AGUIRRE, an individual, | CASE NO. KC067406 |
| Plaintiff, | UNLIMITED CIVIL |
| vs. | ASSIGNED FOR ALL PURPOSES TO: HON. RORBERT A. DUKES DEPT. O |
| WELLS FARGO BANK, NATIONAL ASSOCIATION, a National Bank; NDEX WEST, LLC, a Texas Limited Liability Company; and all persons or entities unknown claiming any legal or equitable right, title | **DECLARATION OF NON-MONETARY STATUS** |
| Defendants. | (Civ. Code § 2924l) |

I, JAMES T. LEE, declare as follows:

1.    I am an attorney at law admitted to practice before all courts in the State of California. I am an attorney at Barrett Daffin Frappier Treder & Weiss, LLP, attorneys for Defendant NDeX West, LLC.

2.    By document recorded on February 25, 2013 as Instrument No. 20130284073 in the Office of the Los Angeles County Recorder, Defendant NDeX West, LLC was appointed as substitute trustee under that certain Deed of Trust executed by Tito Aguirre, a married man, in favor of World Savings Bank, FSB, its successors and assigns, to secure a debt in the original sum of $301,000.00, and recorded on May 23, 2006 as Instrument No. 061129992 in the Office of the Los Angeles County Recorder, conclusively establishing the substitute

1   trustee's authority under Civ. Code § 2934a(d).  Said Deed of Trust created a first priority

2   security interest with power of sale against the real property described therein and

3   commonly known as 638 Molinar Ave., La Puente, California 91744.

4       3.    I have reviewed the claims alleged in plaintiff's Complaint and the relief

5   requested as to Defendant NDeX West, LLC. Based thereon, Defendant NDeX West, LLC

6   knows or maintains a reasonable belief that it has been named as a defendant solely in its

7   capacity as a substitute trustee under said Deed of Trust and that plaintiff does not assert

8   any legally viable claims for monetary relief against Defendant NDeX West, LLC. As a

9   matter of law, the mailing, publication and delivery of foreclosure notices and the execution

10  of statutory procedures are legally privileged under Civ. Code §§47(c)(1) and 2924(d). Thus,

11  a foreclosure trustee has *no* tort liability arising from performance of its duties without

12  alleging and proving specific facts to support a finding of malice. *Kachlon v. Markowitz*

13  (2008) 168 Cal.App.4th 316, 336 (affirming directed verdict on slander of title claim and

14  judgment notwithstanding the verdict on negligence claim).

15      4.    Defendant NDeX West, LLC reasonably believes that it has not been named as

16  a defendant due to any acts or omissions on its part in the performance of its limited duties

17  as substitute trustee because the facts alleged relate primarily to a loan origination, loan

18  servicing and/or loan modification dispute between plaintiff, their mortgage lender, and/or

19  loan servicer. Except for its handling of the non-judicial foreclosure, Defendant NDeX West,

20  LLC was not involved in originating or servicing of plaintiff's mortgage loan or processing

21  any loan modification request and served only in a limited capacity as substitute trustee to

22  process a non-judicial foreclosure in compliance with statutory procedures.

23      5.    Defendant NDeX West, LLC agrees to be bound by any non-monetary order

24  or judgment that may be issued by the court regarding said Deed of Trust.

25      6.    I have personal knowledge of the foregoing facts, and if called as a witness, I

26  would testify competently thereto.

27

28

1    I declare under penalty of perjury under the laws of the State of California that the

2  foregoing facts are true and correct.

3    Executed this 5TH day of March, 2015, at Diamond Bar, California.

4

5                                              JAMES Y. LEE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF NON-MONETARY STATUS
-3-

## CERTIFICATE OF SERVICE

I, Roland Damasco, declare as follows:

I am employed in Los Angeles County at 20955 Pathfinder Road, Suite 300 Diamond Bar, California 91765. I am over the age of eighteen years and am not a party to this action.

On March 5, 2015, I served the attached document on the interested parties in this action, addressed as shown on the ATTACHED SERVICE LIST.

☐ BY MESSENGER, SAME DAY DELIVERY – By placing the document into an envelope addressed to each person shown on the service list and delivering the sealed envelope to a professional messenger service for personal, same day delivery.

☒ BY MAIL – By placing the document into an envelope and depositing the sealed envelope, with postage thereon fully prepaid, addressed to each person shown on the service list, for collection and mailing following ordinary business practices. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the United States Postal Service on that same day in the ordinary course of business.

☐ BY EXPRESS MAIL – By placing the document into an envelope and depositing the sealed envelope, with Express Mail postage paid, addressed to each person shown on the service list, in a facility regularly maintained by the United States Postal Service for receipt of Express Mail.

☐ BY FEDERAL EXPRESS – By placing the document into an envelope and depositing the sealed envelope, with overnight delivery fees paid, addressed to each person shown on the service list, in a facility regularly maintained by Federal Express or delivering the same to a driver authorized by Federal Express to receive documents.

☐ BY FACSIMILE – By sending the document via facsimile from (626) 915-0289 to each person and facsimile number shown on the service list. The transmission was reported as complete and without error. A copy of the activity report(s) generated by the facsimile machine is attached hereto.

☐ BY EMAIL – By sending the document via email from RolandDa@BDFGroup.com to each person and email address shown on the service list

☒ STATE – I declare under penalty of perjury under the laws of the State of California that the foregoing facts are true and correct.

☐ FEDERAL – I declare under penalty of perjury under the laws of the United States of America that the foregoing facts are true and correct and that I am employed in the Office of a member of the Bar at whose direction the service was made.

Executed on March 5, 2015, at Diamond Bar, California.

ROLAND DAMASCO

1

2

**SERVICE LIST**
*Aguirre v. Wells Fargo Bank*
Los Angeles County Superior Court Case No. KC067406

3

4

5

6

7

CONSUMER LITIGATION LAW CENTER
September J. Katje, Esq., SBN. 227896
Jeffrey J. Ogorek, Esq., SBN 285927
100 North Citrus Ave., Suite 408
West Covina, California 91791
Telephone:  (800) 787-5616
Fax:  (888) 909-7947
sk@consumerlitigationlawcenter
jjo@consumerlitigationlawcenter

Attorneys for Plaintiff

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT C

B1 (Official Form 1) (04/13)

| UNITED STATES BANKRUPTCY COURT<br>Central District of California | VOLUNTARY PETITION |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>Aguirre, Tito | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>Aguirre, Yolanda |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>x1755 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN<br>(if more than one, state all):<br>x2199 |
| Street Address of Debtor (No. and Street, City, and State):<br>638 N Molinar Ave<br>La Puente, CA      ZIP CODE 91744 | Street Address of Joint Debtor (No. and Street, City, and State):<br>638 N Molinar Ave<br>La Puente, CA      ZIP CODE 91744 |
| County of Residence or of the Principal Place of Business:<br>Los Angeles | County of Residence or of the Principal Place of Business:<br>Los Angeles |
| Mailing Address of Debtor (if different from street address):<br><br>ZIP CODE | Mailing Address of Joint Debtor (if different from street address):<br><br>ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):<br><br>ZIP CODE | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box.) | Nature of Business<br>(Check one box.) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box.) |
|---|---|---|
| ☑ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | ☑ Chapter 7   ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 9<br>☐ Chapter 11<br>☐ Chapter 12   ☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding<br>☐ Chapter 13 |

| Chapter 15 Debtors | Tax-Exempt Entity<br>(Check box, if applicable.) | Nature of Debts<br>(Check one box.) |
|---|---|---|
| Country of debtor's center of main interests:<br><br>Each country in which a foreign proceeding by, regarding, or against debtor is pending: | ☐ Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code). | ☑ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose."   ☐ Debts are primarily business debts. |

| Filing Fee (Check one box.) | Chapter 11 Debtors |
|---|---|
| ☑ Full Filing Fee attached.<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 *(amount subject to adjustment on 4/01/16 and every three years thereafter).*<br>- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>☑ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | Over 100,000 |

Estimated Assets

| ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ☑ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

EXHIBIT C to Notice of Removal<br>Page 107

B1 (Official Form 1) (04/13)                                                                                                              Page 2

| **Voluntary Petition** *(This page must be completed and filed in every case.)* | Name of Debtor(s): Tito Aguirre and Yolanda Aguirre | |
|---|---|---|
| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) | | |
| Location Where Filed: Central District of California | Case Number: 2:13-35717 | Date Filed: 10/22/2013 |
| Location Where Filed: | Case Number: | Date Filed: |
| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) | | |
| Name of Debtor: | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)  ☐  Exhibit A is attached and made a part of this petition. | **Exhibit B** (To be completed if debtor is an individual whose debts are primarily consumer debts.)  I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).  X  /s/ Terrence Fantauzzi    02/06/2014 Signature of Attorney for Debtor(s)    (Date) |
|---|---|

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐   Yes, and Exhibit C is attached and made a part of this petition.

☑   No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☑   Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☑   Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☑   Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐   There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐   Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐   Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____
(Name of landlord that obtained judgment)

_____
(Address of landlord)

☐   Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐   Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐   Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

EXHIBIT C to Notice of Removal Page 108

B1 (Official Form 1) (04/13)                                                                    Page 3

| Voluntary Petition *(This page must be completed and filed in every case.)* | Name of Debtor(s): Tito Aguirre and Yolanda Aguirre |
|---|---|

## Signatures

| Signature(s) of Debtor(s) (Individual/Joint) | Signature of a Foreign Representative |
|---|---|

**Signature(s) of Debtor(s) (Individual/Joint)**

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.
[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X  /s/ Tito Aguirre
   Signature of Debtor

X  /s/ Yolanda Aguirre
   Signature of Joint Debtor

   Telephone Number (if not represented by attorney)
   02/05/2014
   Date

**Signature of a Foreign Representative**

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only **one** box.)

☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.

☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

X _____
   (Signature of Foreign Representative)

   _____
   (Printed Name of Foreign Representative)

   _____
   Date

| Signature of Attorney* | Signature of Non-Attorney Bankruptcy Petition Preparer |
|---|---|

**Signature of Attorney***

X  /s/ Terrence Fantauzzi
   Signature of Attorney for Debtor(s)
   Terrence Fantauzzi
   Printed Name of Attorney for Debtor(s)
   Law office of Terrence Fantauzzi
   Firm Name

   9651 Business Center Drive Suite B
   Rancho Cucamonga, CA 91730
   Address
   310-933-2710
   Telephone Number
   02/06/2014
   Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

**Signature of Non-Attorney Bankruptcy Petition Preparer**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.)

**Signature of Debtor (Corporation/Partnership)**

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.

X _____
   Signature of Authorized Individual

   _____
   Printed Name of Authorized Individual

   _____
   Title of Authorized Individual

   _____
   Date

_____
Address

X _____
   Signature

   _____
   Date

Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.*

EXHIBIT C to Notice of Removal
Page 109

EXHIBIT D



**Office of Thrift Supervision**
Department of the Treasury

*Nicholas J. Dyer*
*Assistant Regional Director*

Pacific Plaza, 2001 Junipero Serra Boulevard, Suite 650, Daly City, CA  94014-1976
P.O. Box 7165, San Francisco, CA 94120-7165 • Telephone: (650) 746-7025 • Fax: (650) 746-7001

November 19, 2007

John A. Stoker, Esq.
Vice President and Assistant General Counsel
Wachovia Corporation
Legal Division – NC0630
One Wachovia Center
301 South Charlotte Street
Charlotte, NC 28288

Re:  World Savings Bank, FSB, Oakland, California
Notice of Amendment of Charter and Bylaws

Dear Mr. Stoker:

This is in response to your letter, dated November 8, 2007, with enclosures, which you filed with the Office of Thrift Supervision (OTS) on behalf of World Savings Bank, FSB to amend the savings bank's charter and bylaws to change its name to Wachovia Mortgage, FSB and reflect a change in the location of its home office.  The new home office address is 6825 Aliante Parkway, North Las Vegas, Nevada.

The institution met the requirements of 12 C.F.R. §§ 552.4(b) and 552.5(b)(2), and the proposed amendments will be effective December 31, 2007, as set forth in the Board of Directors' resolution adopting the changes to the charter and bylaws.  The filing also met the requirement of 12 C.F.R. § 545.91(b) that the savings bank notify the OTS if there is a change in the permanent address of its home office.

Please feel free to contact me at (650) 746-7025 if there are any questions.

Sincerely,

Nicholas J. Dyer
Assistant Regional Director

cc:  Robert Burns, FDIC - Atlanta

EXHIBIT E



Comptroller of the Currency
Administrator of National Banks

Large Bank Licensing

November 1, 2009

Mr. James E. Hanson
Vice President
Wells Fargo Bank, National Association
90 South Seventh Street
Minneapolis, MN 55479

Re:    Application to convert Wachovia Mortgage, FSB, North Las Vegas, Nevada to a national
       bank and application to merge the converted bank with and into Wells Fargo Bank,
       National Association, Sioux Falls, South Dakota
       Application Control Numbers:  2009-ML-01-0007 and 2009-ML-02-0010

Dear Mr. Hanson:

This letter is the official certification of the Comptroller of the Currency (OCC) of the
conversion of Wachovia Mortgage FSB, North Las Vegas, Nevada to a national bank with the
name Wells Fargo Bank Southwest, National Association, effective November 1, 2009.  This is
also the official certification to merge Wells Fargo Bank Southwest, National Association with
and into Wells Fargo Bank, National Association, Sioux Falls, South Dakota, effective
November 1, 2009.

If you have questions regarding this letter, please contact me at (202) 874-5294 or by email at:
Stephen.Lybarger@occ.treas.gov .  Please reference the application control number or numbers
in any correspondence.

Sincerely,

*Stephen A. Lybarger*

Stephen A. Lybarger
Large Bank Licensing Lead Expert

EXHIBIT F



Comptroller of the Currency
Administrator of National Banks

Washington, DC 20219

## CERTIFIED ARTICLES OF ASSOCIATION

I, John Walsh, Acting Comptroller of the Currency, do hereby certify that the document hereto attached is a true and correct copy, as recorded in the Office of the Comptroller of the Currency, of the currently effective Articles of Association for "Wells Fargo Bank, National Association," Sioux Falls, South Dakota (Charter No. 1).



IN TESTIMONY WHEREOF, today, March 27, 2012, I have hereunto subscribed my name and caused my seal of office to be affixed to these presents at the U.S. Department of the Treasury, in the City of Washington, District of Columbia.

*John Walsh*

_____

Acting Comptroller of the Currency

# ARTICLES OF ASSOCIATION
# OF
# WELLS FARGO BANK, NATIONAL ASSOCIATION

## ARTICLE I - NAME

The title of this Association shall be Wells Fargo Bank, National Association. The Association may also use the abbreviation Wells Fargo Bank, N.A.

## ARTICLE II - OFFICES

1. <u>Main Office</u>. The main office of this Association shall be in the City of Sioux Falls, County of Minnehaha, State of South Dakota. The Board of Directors shall have the power to change the location of the main office to any other place within the limits of the City of Sioux Falls, without the approval of the sharcholders but subject to the approval of the Comptroller of the Currency.

2. <u>Branch Offices</u>. The Board of Directors shall have the power to establish or change the location of any branch or branches of this Association to any other location, without the approval of the sharcholders but subject to the approval of the Comptroller of the Currency.

3. <u>Conduct of Business</u>. The general business of the Association shall be conducted at its main office and its branches.

## ARTICLE III - BOARD OF DIRECTORS

1. <u>Number</u>. The Board of Directors of this Association shall consist of not less than five nor more than twenty-five persons, the exact number to be fixed and determined from time to time by resolution of a majority of the full Board of Directors or by resolution of the shareholders at any annual or special meeting thereof.

2. <u>Qualification</u>. Each director, during the full term of his or her directorship, shall own a minimum of $1,000 par value of stock of this Association or an equivalent interest, as determined by the Comptroller of the Currency, in any company which has control over this Association within the meaning of Section 2 of the Bank Holding Company Act of 1956.

3. <u>Vacancy</u>. The Board of Directors, by the vote of a majority of the full Board, may, between annual meetings of shareholders, fill vacancies created by the death, incapacity or resignation of any director and by the vote of a majority of the full Board may also, between annual meetings of shareholders, increase the membership of the Board by not more than four members and by like vote appoint qualified persons to fill the vacancies created thereby; provided, however, that at no time shall there be more than twenty-five directors of this Association; and provided further, however, that not more than two members may be added to the Board of Directors in the event that the total number of directors last elected by shareholders was fifteen or less.

4. <u>Appointment of Officers</u>. The Board of Directors shall appoint one of its members President of this Association, who shall act as Chairman of the Board, unless the Board appoints another director to act as Chairman. In the event the Board of Directors shall appoint a President and a Chairman, the Board shall designate which person shall act as the chief executive officer of this Association. The Board of Directors shall have the power to appoint one or more Vice Presidents and to appoint a Cashier and such other officers and employees as may be required to transact the business of this Association.

5. <u>Powers</u>. The Board of Directors shall have the power to define the duties of the officers and employees of this Association; to fix the salaries to be paid to them; to dismiss them; to require bonds from them and to fix the penalty thereof; to regulate the manner in which the increase of the capital of this Association shall be made; to manage and administer the business and affairs of this Association; to make all Bylaws that it may be lawful for them to make; and generally to do and perform all acts that it may be legal for a Board of Directors to do and perform.

## ARTICLE IV - MEETINGS OF SHAREHOLDERS

1. <u>Annual Meeting</u>. The annual meeting of the shareholders for the election of directors and the transaction of whatever other business may be brought before said meeting shall be held at the main office, or such other place as the Board of Directors may designate, on the day of each year specified therefor in the Bylaws, but if no election is held on that day, it may be held on any subsequent day according to the provisions of law; and all elections shall be held according to such lawful regulations as may be prescribed by the Board of Directors.

2. <u>Special Meetings</u>. The Board of Directors, the Chairman, the President, or any one or more shareholders owning, in the aggregate, not less than 25 percent of the stock of this Association, may call a special meeting of shareholders at any time.

3. <u>Notice of Meetings</u>. Unless otherwise provided by the laws of the United States, a notice of the time, place, and purpose of every annual and special meeting of the shareholders shall be given by first-class mail, postage prepaid, mailed at least ten days prior to the date of such meeting to each shareholder of record at his or her address as shown upon the books of this Association.

4 <u>Written Consents</u>. Any action required or permitted to be taken at an annual or special meeting of the shareholders of the Association may be taken without prior written notice and without any meeting if such action is taken by written action, containing a waiver of notice, signed by all of the shareholders entitled to vote on that action.

## ARTICLE V - CAPITAL

1. <u>Capitalization</u>. The amount of authorized capital stock of this Association shall be $1,122,000,000, divided into 112,200,000 shares of common stock of the par value of Ten Dollars ($10.00) each; but said capital stock may be increased or decreased from time to time, in accordance with the provisions of the laws of the United States.

- 2 -

2. <u>Voting Rights</u>. Each holder of common stock of the Association shall be entitled to vote on all matters, one vote for each share of common stock held by such holder.  No holder of shares of the capital stock of any class of this Association shall have any pre-emptive or preferential right of subscription to any shares of any class of stock of this Association, whether now or hereafter authorized, or to any obligations convertible into stock of this Association, issued or sold, nor any right of subscription to any thereof other than such, if any, as the Board of Directors, in its discretion, may from time to time determine and at such price as the Board of Directors may from time to time fix.

3. <u>Debt Obligations</u>.  The Association, at any time and from time to time, may authorize and issue debt obligations, whether or nor subordinated, without the approval of the shareholders.

## ARTICLE VI - PERPETUAL EXISTENCE

The corporate existence of this Association shall continue until terminated in accordance with the laws of the United States.

## ARTICLE VII - INDEMNIFICATION

To the extent permitted by 12 CFR 7.2014 and consistent with the requirements of 12 USC 1828(k) and the implementing regulations thereunder:

(a) <u>Elimination of Certain Liability of Directors</u>.  A director of the Association shall not be personally liable to the Association or its shareholders for monetary damages for breach of fiduciary duty as a director, except for liability (i) for any breach of the director's duty of loyalty to the Association or its shareholders, (ii) for acts or omissions not in good faith or which involve intentional misconduct or a knowing violation of law, (iii) under Section 174 of the Delaware General Corporation Law, or (iv) for any transaction from which the director derived an improper personal benefit.

(b)(1) <u>Right to Indemnification</u>.  Each person who was or is made a party or is threatened to be made a party to or is involved in any action, suit or proceeding, whether civil, criminal, administrative or investigative (hereinafter a "proceeding"), by reason of the fact that he or she, or a person of whom he or she is the legal representative, is or was a director or officer of the Association or is or was serving at the request of the Association as a director, officer, employee or agent of another corporation or of a partnership, joint venture, trust or other enterprise, including service with respect to employee benefit plans, whether the basis of such proceeding is alleged action or inaction in an official capacity as a director, officer, employee, or agent or in any other capacity while serving as a director, officer, employee or agent, shall be indemnified and held harmless by the Association to the fullest extent authorized by the Delaware General Corporation Law, as the same exists or may hereafter be amended (but, in the case of any such amendment, only to the extent that such amendment permits the Association to provide broader indemnification rights than said law permitted the Association to provide prior to such amendment), against all expense, liability and loss (including attorneys' fees, judgments, fines, ERISA excise taxes or penalties and amounts paid or to be paid in settlement) reasonably incurred or suffered by such person in connection therewith and such indemnification shall

- 3 -

continue as to a person who has ceased to be a director, officer, employee or agent and shall inure to the benefit of his or her heirs, executors and administrators; provided, however, that the Association shall indemnify any such person seeking indemnification in connection with a proceeding (or part thereof) initiated by such person only if such proceeding (or part thereof) was authorized by the Board of Directors of the Association.  The right to indemnification conferred in this paragraph (b) shall be a contract right and shall include the right to be paid by the Association the expenses incurred in defending any such proceeding in advance of its final disposition; provided, however, that, if the Delaware General Corporation Law requires, the payment of such expenses incurred by a director of officer in his or her capacity as a director or officer (and not in any other capacity in which service was or is rendered by such person while a director or officer, including, without limitation, service to an employee benefit plan) in advance of the final disposition of a proceeding, shall be made only upon delivery to the Association of an undertaking, by or on behalf of such director or officer, to repay all amounts so advanced if it shall ultimately be determined that such director of officer is not entitled to be indemnified under this paragraph (b) or otherwise.  The Association may, by action of its Board of Directors, provide indemnification to employees and agents of the Association with the same scope and effect as the foregoing indemnification of directors and officers.

(2) Non-Exclusivity of Rights.  The right to indemnification and the payment of expenses incurred in defending a proceeding in advance of its final disposition conferred in this paragraph (b) shall not be exclusive of any other right which any person may have or hereafter acquire under any statute, provision of the Articles of Association, by-law, agreement, vote of shareholders or disinterested directors or otherwise.

(3) Insurance. The Association may maintain insurance, at its expense, to protect itself and any director, officer, employee or agent of the Association or another corporation, partnership, joint venture, trust or other enterprise against any such expense, liability or loss, whether or not the Association would have the power to indemnify such person against such expense, liability or loss under the Delaware General Corporation Law.

## ARTICLE VIII - AMENDMENT

These Articles of Association may be amended at any regular or special meeting of the shareholders by the affirmative vote of the holders of a majority of the stock of this Association, unless the vote of the holders of a greater amount of stock is required by law, and in that case by the vote of holders of such greater amount.

EXHIBIT F to Notice of Removal
Page 116

**Back to Search Bank Find**

History of Wells Fargo Bank North Dakota, National Association, Sioux Falls, North Dakota (FDIC Cert: 3922)
Note: This institution is currently part of Wells Fargo Bank, National Association, Sioux Falls, South Dakota (FDIC Cert: 3511)

|  | Date | Event |
|---|---|---|
| 1 | 1/1/1878 | Institution established. Original name: The First National Bank And Trust Company Of Fargo (3922) |
| 2 | 11/1/1979 | Changed name to **First National Bank Of Fargo (3922)**. |
| 3 | 5/1/1983 | Changed name to **Norwest Bank Fargo, National Association (3922)**. |
| 4 | 1/1/1988 | Acquired Norwest Bank Bismarck, National Association (3901) in Bismarck, North Dakota. |
| 5 | 1/1/1988 | Changed name to **Norwest Bank North Dakota, National Association (3922)**. |
| 6 | 1/1/1988 | Acquired Norwest Bank Grafton, National Association (3930) in Grafton, North Dakota. |
| 7 | 1/1/1988 | Acquired Norwest Bank Jamestown, National Association (3939) in Jamestown, North Dakota. |
| 8 | 1/1/1988 | Acquired Norwest Bank Mandan, National Association (3946) in Mandan, North Dakota. |
| 9 | 1/1/1988 | Acquired Norwest Bank Minot, National Association (3949) in Minot, North Dakota. |
| 10 | 1/1/1988 | Acquired Norwest Bank Valley City, National Association (3962) in Valley City, North Dakota. |
| 11 | 1/1/1988 | Acquired Norwest Bank Wahpeton, National Association (3963) in Wahpeton, North Dakota. |
| 12 | 1/1/1988 | Acquired Norwest Bank Hillsboro, National Association (15782) in Hillsboro, North Dakota. |
| 13 | 1/1/1988 | Acquired Norwest Capital Management & Trust Co. (90711) in Fargo, North Dakota. |
| 14 | 9/8/1995 | Acquired Liberty Bank And Trust, National Association (3916) in Dickinson, North Dakota. |
| 15 | 9/8/1995 | Acquired Norwest Bank Grand Forks, National Association (34025) in Grand Forks, North Dakota. |
| 16 | 10/24/1998 | Acquired First National Bank Of Valley City (3961) in Valley City, North Dakota. |
| 17 | 10/24/1998 | Acquired The First State Bank Of Casselton (11517) in Casselton, North Dakota. |
| 18 | 10/24/1998 | Acquired Litchville State Bank (13204) in Litchville, North Dakota. |
| 19 | 8/26/2000 | Changed name to **Wells Fargo Bank North Dakota, National Association (3922)**. |
| 20 | 2/20/2004 | **Merged into and subsequently operated as part of Wells Fargo Bank, National Association in Sioux Falls, South Dakota (3511)** |
| 21 | 4/24/2004 | Acquired Pacific Northwest Bank (30887) in Oak Harbor, Washington. |
| 22 | 9/24/2005 | Acquired First Community Bank, National Association (34049) in Houston, Texas. |
| 23 | 6/17/2006 | Acquired State Bank Of Rogers (9335) in Rogers, Minnesota. |
| 24 | 9/23/2006 | Acquired Fremont National Bank Of Canon City (3000) in Canon City, Colorado. |
| 25 | 9/23/2006 | Acquired Centennial Bank Of Pueblo (22301) in Pueblo, Colorado. |
| 26 | 9/22/2007 | Acquired Placer Sierra Bank (30307) in Auburn, California. |
| 27 | 3/15/2008 | Acquired Greater Bay Bank, National Association (27068) in Palo Alto, California. |
| 28 | 10/18/2008 | Acquired The Jackson State Bank (520) in Jackson, Wyoming. |
| 29 | 10/18/2008 | Acquired Shoshone First Bank (2214) in Cody, Wyoming. |
| 30 | 10/18/2008 | Acquired First State Bank Of Pinedale (18747) in Pinedale, Wyoming. |
| 31 | 10/18/2008 | Acquired Sheridan State Bank (25048) in Sheridan, Wyoming. |
| 32 | 1/1/2009 | Acquired Wells Fargo Bank Grand Junction-downtown, National Association (12863) in Grand Junction, Colorado. |
| 33 | 1/1/2009 | Acquired Wells Fargo Bank Grand Junction, National Association (19109) in Grand Junction, Colorado. |
| 34 | 2/2/2009 | Acquired Wells Fargo Financial Bank (26983) in Sioux Falls, South Dakota. |
| 35 | 4/25/2009 | Acquired Century Bank, National Association (3361) in Texarkana, Texas. |
| 36 | 11/1/2009 | Acquired Wells Fargo Bank Southwest, National Association (27076) in North Las Vegas, Nevada. |
| 37 | 11/7/2009 | Acquired Wachovia Bank Of Colorado, Interim National Association (59019) in Denver, Colorado. |
| 38 | 3/20/2010 | Acquired Wachovia Bank, National Association (33869) in Charlotte, North Carolina. |
| 39 | 3/20/2010 | Acquired Wachovia Bank Of Delaware, National Association (33931) in Wilmington, Delaware. |
| 40 | 4/10/2010 | Acquired Wachovia Card Services, National Association (58496) in Atlanta, Georgia. |
| 41 | 5/10/2010 | Acquired Wells Fargo Hsbc Trade Bank, National Association (34075) in San Francisco, California. |
| 42 | 11/1/2010 | Acquired Wells Fargo Alaska Trust Company, National Association (57755) in Anchorage, Alaska. |
| 43 | 3/31/2011 | Acquired Wells Fargo Central Bank (26839) in Calabasas, California. |

Back

EXHIBIT F to Notice of Removal
Page 117

1

**CERTIFICATE OF SERVICE**

2

3

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California 91101-2459.

4

5

On the date below, I served a copy of the foregoing document entitled:

6

**NOTICE OF REMOVAL BY DEFENDANT WELLS FARGO BANK, N.A., PURSUANT TO 28 U.S.C. 28 §§ 1441(b) & 1331 [FEDERAL QUESTION] AND, ALTERNATIVELY, § 1332 [DIVERSITY JURISDICTION]**

7

8

on the interested parties in said case as follows:

9

**Served By Means Other than Electronically Via the Court's CM/ECF System**

10

11

*Counsel for Plaintiff:*          *Counsel for Defendant*
*Tito Aguirre*                    *NDeX West*

12

13

September J. Katje, Esq.          Edward A. Treder, Esq.
Jeffrey J. Ogorek, Esq.          James T. Lee, Esq.

14

CONSUMER LITIGATION LAW           BARRETT DAFFIN FRAPPIER
CENTER, APC                       TREDER & WEISS, LLP

15

100 North Citrus Avenue, Suite 408   20955 Pathfinder Road, Suite 300
West Covina, CA 91791             Diamond Bar, CA 91765

16

17

T: (800) 787-5616 | F: (888) 909-7947   T: (626) 915-5714 | F: (909) 595-7640
Email:                            Email: edwardt@bdfgroup.com
sk@consumerlitigationlawcenter.com   Email: jamesl@bdfgroup.com

18

jjo@consumerlitigationlawcenter.com

19

☒   **BY MAIL:** I am readily familiar with the firm's practice of collection and

20

processing correspondence by mailing. Under that same practice it would be deposited with U.S. Postal Service on that same day with postage fully prepaid at Pasadena, California in the ordinary course of business. I am

21

aware that on motion of the party served, service is presumed invalid if

22

postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

23

24

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was

25

made. This declaration is executed in Pasadena, California on March 12, 2015.

26

Carol Goodwin                     */s/ Carol Goodwin*

27

(Type or Print Name)              (Signature of Declarant)

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP